Kevin: Realworldfare, *sui juris*
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
*non-domestic without* the United States
Email: team@walkernovagroup.com

*Plaintiff, Real Party In Interest, Injured Party*
*Secured Party, Executor, Heir*

**RECEIVED**
**Mailroom**

**OCT 24 2025**

Angela D. Caesar, Clerk of Clerk
U.S. District Court, District of Columbia

**Case: 1:25-cv-03780 JURY DEMAND**
**Assigned To : Friedrich, Dabney L.**
**Assign. Date : 10/24/2025**
**Description: Pro Se Gen. Civ. (F-DECK)**

**FILE ON DEMAND**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Case No.:

**Kevin: Realworldfare,**
*Plaintiff/Secured Party/ Real Party In Interest, Injured Party In Fact, Heir, Beneficial Title Holder*

*vs.*

**Sunshine Suzanne Sykes, Dolly Maizie Gee, Raquel A. Marquez, John Bailey, Therese Bailey, Naji Doumit, Mary Doumit, Daniel Doumit, MARINAJ PROPERTIES LLC, BAILEY LEGAL GROUP,** *Does 1-20, inclusive;*

*Each Defendant is sued in both their official and individual/private capacities as applicable, and held lawfully and commercially liable under underlined **verified** record and equity jurisdiction as set forth in Section IV of this **Verified** Complaint in equity.*

*Defendants.*

**VERIFIED COMPLAINT IN EQUITY FOR:**

1. Judicial Disqualification & Fraud on the Court — 28 U.S.C. §§ 144, 455
2. Violation of Self-Executing Recusal Duty — 28 U.S.C. § 455(a)–(b)
3. Deprivation of Rights Under Color of Law — 42 U.S.C. § 1983 / *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971)
4. Denial of Due Process & Equal Protection — U.S. Const. Amends. V & XIV
5. Retaliation & Defamation Under Color of Law — U.S. Const. Amend. I
6. Fraud, Abuse of Process & Civil Conspiracy — *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944); 42 U.S.C. § 1985
7. Fraud Upon the Court & Obstruction of Justice — 18 U.S.C. §§ 1503, 1512, 1519
8. Civil Conspiracy to Deprive Rights & Color-of-Law Extortion — 42 U.S.C. § 1985(3); 18 U.S.C. §§ 241–242, 1951 (Hobbs Act)
9. Attorney Misconduct, Bad-Faith Advocacy & Conflict of Interest — 28 U.S.C. § 1927; Fed. R. App. P. 46(c); Model Rules 1.7 & 3.3
10. Mandamus to Compel Statutory Duty — 28 U.S.C. §§ 1361 & 1651 (All Writs Act)
11. Declaratory & Injunctive Relief for Void Judicial Acts — 28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 57
12. Takings, Conversion & Fiduciary Breach — U.S. Const. Amend. V (Takings Clause); 28 U.S.C. § 1491 (Tucker Act); §§ 1346(b), 2671 et seq. (FTCA); Common Law Conversion & Trespass
13. Pattern of Racketeering Activity (Civil RICO) — 18 U.S.C. §§ 1961–1964
14. Simulated Legal Process, Coercion & Peonage Under Color of Law — 18 U.S.C. §§ 912, 1581, 1589, 1951 et seq.; 42 U.S.C. § 1983, 1994
15. Slander of Title & Fraudulent Conversion of Trust Assets — Common Law Tort & Equity Doctrine; U.C.C. §§ 3-505, 9-315
16. Unlawful Impairment of Contracts & Violation of Article I, § 10 — U.S. Const. Art. I § 10 (Obligation of Contracts); 28 U.S.C. § 2072(b) (Rules Enabling Act)
17. Equitable Enforcement of Verified Rights & Clearfield Doctrine — *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943); U.S. Const. Art. III § 2 (in Equity)
18. Private Right of Action for Ultra Vires Acts of Federal Officers — *Davis v. Passman*, 442 U.S. 228 (1979); *Tucker Act*, 28 U.S.C. § 1491; *Bivens*, 403 U.S. 388 (1971); 28 U.S.C. § 1346(a)(2)
19. Fraud, Coercion & Unconscionable Commercial Practices — U.C.C. §§ 1-103(b), 1-304, 2-302; 18 U.S.C. §§ 1341–1343
20. Constructive Trust & Equitable Restitution for Void Transactions — Restatement (Third) of Restitution §§ 43–55; Equity Maxims

(SPECIAL LIMITED APPEARANCE — EQUITY JURISDICTION PRESERVED)

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

This matter is brought in **equity**, under the **original judicial power and inherent equitable** jurisdiction of this Court as vested by **Article III, Section**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

1 of the Constitution for the United States of America, and as governed by the **Federal Rules of Civil Procedure** subject to the **Rules Enabling Act, 28 U.S.C. § 2072.** This Court sits as a **Court of Record in equity.**

Under 28 U.S.C. § 2072(b), the Rules "*shall* <u>not</u> **abridge, enlarge, or modify any substantive right.**" Substantive rights in equity, once established by verified record, cannot be denied or circumvented by procedural devices, judicial discretion, or statutory pretense. The Court is bound to adjudicate according to **equity, contract, trust, and constitutional guarantees**, not to extinguish rights by silence or administrative maneuver.

All statutory presumptions of voluntary jurisdiction are expressly denied, rebutted, and non-assumed. All rights are fully reserved without prejudice pursuant to **UCC §§ 1-308 and 3-402.**

**COMES NOW Kevin: of the Realworldfare Family (formerly Kevin: of the Walker Family)**, in his full private capacity as a natural born, sovereign, free-born man, proceeding *sui juris*, in equity with clean hands and in good faith, as *Real Party In Interest, Beneficial Title Holder, Secured Party, Injured Party In Fact, Executor, Creditor, Heir, and Equitable* Claimant, by *Special Limited Appearance* only and *Special Limited Visitation* only, **not** appearing as surety for any artificial entity or LEGAL FICTION, **not** as a 14th Amendment U.S. citizen, **not** as a corporate "person," **not** pro se, **not** pro per, and **not** through any fictitious legal construct — but as one of the P**eople**, standing upon the **land and soil jurisdiction** for the *De Jure* Texas Republic, *without* adhesion, contract, or submission to any foreign corporate entity posing as government.

**Rebuttal of Presumptions:**

1. Any presumption that the undersigned is a voluntary participant in a federal or state franchise is hereby expressly rebutted.

2.  Any presumption that the undersigned is a ward, subject, or surety for any all-caps entity, legal fiction, or ens legis is rebutted and denied *nunc pro tunc, ab initio*.

3.  Any presumption that appearance constitutes consent, waiver, or submission to jurisdiction is expressly rejected; all participation herein is by **special visitation**, for the sole purpose of demanding equitable remedy, correction of record, and redress of injury.

4.  Any presumption that "United States citizen" status attaches is rebutted as false, misleading, and unsupported by lawful contract or voluntary intent. The undersigned stands only as **a private American national, holder in due course, and beneficial title holder** under the principles of natural law, equity, and trust.

**Invocation of Jurisdiction:**

Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact hereby invokes this Court's **original jurisdiction in equity** and demand adjudication according to verified fact, sworn evidence, and the controlling principles of law, equity, contract, and trust.

This *special limited* appearance is entered **without waiver and without prejudice**, with full reservation of all rights under **U.C.C. §§ 1-308 and 1-103**, preserving every inherent, unalienable right recognized by the **Constitution for the United States of America (1789)**, the **Bill of Rights (1791)**, and the **Declaration of Independence (1776)** — including the rights to life, liberty, property, and access to remedy in law and in equity.

Plaintiff proceeds as **Real Party in Interest, Secured Party, Injured Party in Fact, Heir, and Master Beneficiary**, invoking this Court's original and inherent **Article III jurisdiction in equity**, which guarantees inviolate due process, protection of property, and restoration of remedy where law has failed.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

Government exists only as a trust. When its trustees act in fraud or bad faith, the beneficiaries are not compelled to endure usurpation. The **Declaration of Independence** affirms that "whenever any form of government becomes destructive of these ends, it is the Right of the People to alter or abolish it." Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact proceeds under **Common Law — the law of the land** — which recognizes that rights are antecedent to government and that no man may be deprived of property or liberty without lawful judgment of peers or due process. Equity acts upon the conscience to prevent **fraud, oppression, and unjust enrichment.**

Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact *specially* appears **not as a consenting corporate fiction**, but as a natural born living man invoking the full protections of **law and equity**, the **Constitution**, the **Bill of Rights**, the **Declaration of Independence**, and the **maxims of Common Law**, against simulated legal process, fraud, and color-of-law deprivation.

All immunities and rights are expressly reserved pursuant to:

- **U.C.C. § 1-308** – Reservation of rights
- **U.C.C. § 3-501** – Presentment and protest
- **Article I, § 10** – No law impairing the obligation of contract
- **42 U.S.C. § 1983** – Deprivation of rights under color of law
- and the organic law and **maxims of equity**.

There exists **no plain, speedy, or adequate remedy at law.** I have been deprived of private trust property, dispossessed without lawful jurisdiction, denied due process, and obstructed from every statutory avenue of redress. The law provides no substitute; statutory remedies are exhausted, and the fraud perpetrated under color of law can only be corrected in **equity**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

As the Supreme Court declared, *"Equity will not suffer a wrong without a remedy"* (**Marbury v. Madison**, 5 U.S. 137 (1803)). Where law fails, equity steps in to do justice.

Accordingly, this Court **sits in equity alone** with exclusive and unavoidable duty to restore possession, quiet title, vacate void acts, and grant full restitution. Any refusal to act would not merely deny justice — it would **ratify fraud, theft, and treason under color of law.**

**Equity alone remains. There is no alternate avenue.**

## I. VERIFICATION AND AFFIDAVIT OF TRUTH

**(Executed Pursuant to 28 U.S.C. § 1746 and Fed. R. Evid. 902(9))**

1. Plaintiff/Real Party In Interest/Injured Party In Fact/Secured Party/Heir/ Master Beneficiary, Kevin: of the Realworldfare Family (formerly Kevin: of the Walker Family), a living man appearing *sui juris* and in private capacity, hereby verifies that every statement, fact, and allegation contained within this **Verified Complaint in Equity and Law** is true, correct, and complete to the best of his knowledge, belief, and firsthand experience.

2. This **Verified** Complaint **is made under oath and penalty of perjury** pursuant to **28 U.S.C. § 1746**, and therefore constitutes a **Verified Affidavit of Truth** and **admissible evidence** under **Fed. R. Evid. 902(9)** and **Rule 56(c)(4)** of the Federal Rules of Civil Procedure.

3. Under controlling precedent, verified pleadings sworn under penalty of perjury are to be treated as affidavits for evidentiary purposes. — *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

4. Accordingly, this Verified Complaint stands not merely as a pleading but as *self-authenticating* **sworn evidence** under federal law, equity, and commerce. All unrebutted facts stated herein must be taken as true and admitted for all purposes of jurisdiction, adjudication, and summary judgment.

5.Failure by any Defendant to rebut these verified statements with a counter-affidavit of equal verity constitutes **tacit admission**, **default in commerce**, and **confession of judgment in equity**. — *Carmine v. Bowen*, 64 A. 932 (Pa. 1906); *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977).

## II. INTRODUCTION (Verified - 28 U.S.C. § 1746)

6. <u>Verified</u> **Complaint in Equity** is brought to restore the **rule of law**, enforce **mandatory judicial disqualification**, and redress a **coordinated, multi-docket enterprise of fraud, extortion, coercion, slander of title, fraudulent conversion, identity theft, simulated legal process, peonage, and racketeering**, executed under **color of law** but wholly outside lawful jurisdiction.

7.Plaintiff, **Kevin of the Realworldfare Family (formerly of the Walker Family)**, appearing *sui juris* and verified under 28 U.S.C. § 1746, proceeds as **Real Party in Interest, Injured Party in Fact, Executor, Beneficiary, Fiduciary, and Secured Party Creditor**, invoking this Court's **original jurisdiction in equity** pursuant to **Article III, Section 2** of the Constitution for the United States of America, the **All Writs Act (28 U.S.C. § 1651)**, and **federal-question jurisdiction** under 28 U.S.C. §§ 1331, 1343, 1361, 1491, and 2201–2202.

8.Plaintiff seeks **equitable, declaratory, and injunctive relief** to vacate all **void *ab initio* orders** issued by disqualified and *ultra vires* federal officers, compel mandatory compliance with **28 U.S.C. §§ 144 and 455**, and obtain **compensatory, punitive, and treble damages** under:

a.  **42 U.S.C. §§ 1983, 1985(3), 1986** — Civil Rights and Conspiracy;

b.  **18 U.S.C. §§ 241, 242, 1961–1964** — Criminal and Civil RICO;

c.  **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971);

d.  **18 U.S.C. §§ 1341, 1343, 1503, 1512, 1519, 1951** — Mail/Wire Fraud, Obstruction, and Extortion; and

e.  **U.S. Const. Amends. I, V, VII, XIII, and XIV.**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

## A. Enterprise and Pattern of Racketeering

**9.**The verified record across **Docket Nos. 5:25-cv-01450, 5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01900, and 5:25-cv-01918** establishes an unbroken chain of misconduct by **Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Magistrate Maria A. Audero, Attorney Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC**, acting jointly and severally as an **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**.

**10.**This enterprise operated through **simulated judicial proceedings, mail and wire fraud, color-of-law coercion, and commercial extortion** designed to **convert private trust property into corporate possession**, laundered through **falsified court records and fraudulent trustee's deeds**, in direct violation of **18 U.S.C. §§ 1341, 1343, 1503, and 1962(c)**.

## B. Ultra Vires Judicial Acts and Fraud on the Court

**11.Judge Sunshine Suzanne Sykes**, after verified notice of disqualification and bias under **28 U.S.C. §§ 144 and 455**, proceeded in total absence of jurisdiction — ruling on her own recusal *"like a thief judging their own guilt."*

**12.**Sykes issued multiple **void ab initio orders** across the following cases:

    a.**Case No. 5:25-cv-01450 (Removed Unlawful Detainer)** — ignored removal under **28 U.S.C. § 1443(1)**, reinstated void state proceedings, and violated **§ 1446(d)**;

    b.**Case No. 5:25-cv-01434 (Removed Quiet Title)** — unlawfully remanded post-disqualification, falsified docket status, and struck verified filings;

    c.**Case No. 5:25-cv-01357 (Federal Quiet Title & Civil Rights)** — obstructed verified summary-judgment proceedings, suppressed affidavits, and engaged in retaliatory docket tampering;

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS; CONSTITUTIONAL DEPRIVATIONS; AND RACKETEERING UNDER COLOR OF LAW

d. **Case No. 5:25-cv-01900 (Re-Removed Unlawful Detainer)** — re-assumed jurisdiction without authority, defied federal removal law, and perpetuated the same fraudulent acts; and

e. **Case No. 5:25-cv-01918 (Re-Removed Quiet Title)** — continued *ultra vires* rulings after verified disqualification, in direct defiance of **28 U.S.C. § 455(a)** and the **All Writs Act**.

13. These acts constitute **fraud upon the court**, **abuse of process**, **obstruction of justice**, and **judicial treason** against the separation of powers.

14. Under **Ex parte Virginia**, 100 U.S. 339 (1879), and **Bradley v. Fisher**, 80 U.S. 335 (1871), a judge acting without jurisdiction ceases to be a judge and becomes a **private trespasser in law**, personally liable for all resulting injuries.

15. By issuing unlawful "pre-filing orders," publishing defamatory statements, and colluding with BAR-member co-defendants to suppress verified evidence, Sykes engaged in **malicious prosecution**, **defamation**, **retaliation**, and **conspiracy under color of law**, actionable under **Bivens**, **42 U.S.C. §§ 1983–1985**, and the **Federal Tort Claims Act (28 U.S.C. §§ 2671 et seq.)**.

16. These actions further constitute **takings without just compensation** in violation of the **Fifth Amendment**, enforceable under the **Tucker Act (28 U.S.C. § 1491)** and FTCA **§ 1346(b)**.

## C. Private Defendants' Title Fraud, Conversion, and Extortion

17. **John Bailey**, **Therese Bailey**, and **Bailey Legal Group**, while acting simultaneously as both counsel and defendants, filed **fraudulent, unverified, and hearsay pleadings** to fabricate a false record, obstruct equitable relief, and defame Plaintiff, in direct violation of **Fed. R. Civ. P. 56(c)(4)** and **28 U.S.C. § 1746**.

18. Their dual role as **counsel and party** constitutes **self-dealing**, **fraudulent concealment**, **conflict of interest**, and **ethical treason**, violating **28 U.S.C. § 1927**, **Fed. R. App. P. 46(c)**, and **ABA Model Rules 1.7 & 3.3**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

19. **Trinsey v. Pagliaro**, 229 F. Supp. 647 (E.D. Pa. 1964), squarely holds that *"statements of counsel in brief or in argument are not facts before the court."*

Accordingly, every pleading submitted by the Baileys or their firm — absent verification, affidavit, or personal knowledge — is **inadmissible attorney hearsay**, **non-evidentiary**, and **legally void ab initio**.

20. The Baileys' conduct in submitting unsworn, fabricated pleadings to manufacture a false judicial record constitutes **fraud upon the court** under **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238 (1944), and **abuse of process** actionable under **42 U.S.C. § 1983, § 1985(3)**, and **18 U.S.C. §§ 1341, 1343, 1503**.

21. **Naji, Mary, and Daniel Doumit**, operating through **Marinaj Properties LLC**, engaged in **forgery, deed fraud, title clouding, fraudulent conversion, extortion, and slander of title**, all performed with full knowledge of Plaintiff's perfected **UCC-1 Financing Statements Nos. 2024385925-4 and 2024385935-1**, recorded security agreements, and verified affidavits.

22. Their dishonor is established by **Certificates of Dishonor and Default under U.C.C. § 3-505**, constituting unrebutted evidence of **commercial default and debt**.

23. These acts amount to **civil and criminal RICO violations**, **conversion**, and **involuntary servitude**, prohibited by **U.S. Const. Amend. XIII** and **42 U.S.C. § 1994**.

### D. Fraud, Peonage, and Coerced Performance Under Color of Law

24. Defendants' use of **falsified judicial orders and fabricated filings** to compel appearance, performance, or dispossession constitutes **criminal coercion, extortion**, and **peonage** under **18 U.S.C. §§ 241, 242, 1581, and 1951**, and violates **U.S. Const. Amend. XIII**.

25.By enforcing **simulated legal process** against a private trust corpus absent *corpus delicti*, Defendants engaged in **racketeering, fraud, conversion, and colorable slavery**, contrary to 18 U.S.C. § 912, 42 U.S.C. § 1983, and **42 U.S.C. § 1994**.

26.The record shows deliberate suppression of **verified affidavits**, UCC **filings**, and **evidence of lawful discharge**, constituting **obstruction of justice**, **evidence suppression**, and **commercial interference** in violation of **U.C.C. § 9-609** and 18 U.S.C. §§ 1503, 1512, and 1519.

## E. Violation of Appellate Jurisdiction and Ongoing Obstruction

27.**Judge Sykes and her co-conspirators** also obstructed active appellate proceedings in **Ninth Circuit Case Nos. 25-4877, 25-5113, and 25-5548**, directly violating **Griggs v. Provident Consumer Discount Co.**, 459 U.S. 56 (1982), which **divests a district court of jurisdiction upon filing of a notice of appeal**.

28.Such interference constitutes **fraud upon the appellate court**, **criminal obstruction**, and **contempt of Congress**, actionable under 18 U.S.C. § 1503 and 42 U.S.C. § 1983.

## F. Summary and Relief Sought

29.This **Verified** Action in equity demands:

   a. Vacatur of all void ab initio orders and declarations of judicial disqualification;

   b. Declaratory findings of fraud, conversion, slander of title, and deprivation of rights under color of law;

   c. Restitution and equitable restoration of property and rights unlawfully converted or withheld;

   d. Permanent injunctions prohibiting further simulated legal process or coercive actions;

e.  Compensatory, punitive, and treble damages under **civil RICO**, **FTCA**, and **federal civil-rights statutes**;

f.  Criminal referrals and sanctions for willful obstruction, fraud, and abuse of office; and

g.  All other equitable and lawful relief as justice demands.

30. As **Marbury v. Madison**, 5 U.S. 137 (1803), affirms:

> *"A government of laws, and not of men, will cease to deserve that high appellation if the laws furnish no remedy for the violation of a vested legal right."*

31. Here, the **wrongs are verified**, the **fraud is self-evident**, and **equity alone remains to deliver remedy**.

32. The **record stands unrebutted**, jurisdiction is **divested from all ultra vires actors**, and this **Court sits as the exclusive tribunal of equity** to enforce law, remedy injury, and dissolve the ongoing enterprise of **judicial fraud and commercial extortion**.

## III. JURISDICTION AND VENUE (Verified - 28 U.S.C. § 1746)

### A. Jurisdiction

33. This Court stands as the seat of federal power and a proper tribunal for redress of constitutional, statutory, and fiduciary violations committed by officers and agents of the United States acting under color of authority yet outside the scope of lawful jurisdiction.

34. Jurisdiction is invoked under:

(a) **28 U.S.C. § 1343(a)(3)** — Civil-rights jurisdiction, providing an independent basis for relief against persons acting under color of federal authority who deprive any citizen, national, or private American of rights, privileges, or immunities secured by the Constitution;

(b) **28 U.S.C. § 1361** — Mandamus jurisdiction compelling federal officers, judges, clerks, and administrative agents to perform duties owed to the Plaintiff and to the public;

(c) **28 U.S.C. § 1651(a)** — The All Writs Act, empowering this Court to issue all necessary writs to restrain ultra vires acts, preserve constitutional process, and enforce lawful jurisdiction;

(d) **28 U.S.C. §§ 1491 and 1346(a)(2)** — Tucker Act and Little Tucker Act jurisdiction for monetary and equitable claims arising under the Constitution, statutes, and contracts of the United States, limited to the extent concurrent with this Court's equitable authority; and

(e) **28 U.S.C. §§ 2201–2202** — Declaratory-Judgment authority permitting this Court to declare and enforce rights under federal law.

35.This Court's subject-matter jurisdiction attaches upon filing of a verified complaint demonstrating constitutional injury and ongoing deprivation of rights under color of federal authority.

36.No doctrine of sovereign immunity, comity, or judicial privilege shields any officer acting in the clear absence of jurisdiction; such conduct is private, not judicial, in nature. — *Ex parte Virginia*, 100 U.S. 339 (1879); *Bradley v. Fisher*, 80 U.S. 335 (1871); *United States v. Will*, 449 U.S. 200 (1980).

37.Under *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), when federal officers engage in administrative or commercial acts, they are subject to the same liabilities and standards of good-faith performance as any private corporation; immunity ceases where jurisdiction ceases.

38.Under *Marbury v. Madison*, 5 U.S. 137 (1803), this Court has a constitutional duty to provide a remedy for every right violated.

39.The Verified Complaint satisfies Article III, § 2 by presenting controversies arising under the Constitution and laws of the United States, involving federal officers and private rights in equity.

40.The Court may take judicial notice that the same operative facts implicate federal criminal statutes concerning fraud, obstruction, and extortion; however, jurisdiction here is civil and equitable, not invoked under 18 U.S.C. § 3231.

41.Jurisdiction is further grounded in the Court's inherent equitable powers to adjudicate fiduciary breach, fraud, abuse of process, deprivation of rights, and conversion of trust property, consistent with Fed. R. Civ. P. 57, 65, and 70 and 28 U.S.C. § 1651.

42.This Verified Complaint constitutes prima facie evidence of jurisdiction and standing under Fed. R. Civ. P. 8(a)(1). Verified pleadings made under 28 U.S.C. § 1746 must be accepted as true when unrebutted. — *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964).

## B. Venue

43.Venue lies properly in the United States District Court for the District of Columbia under **28 U.S.C. § 1391(e)(1)** because:

(a) All Defendant federal officers derive commission, oath, and authority from Washington, D.C., the constitutional seat of government;

(b) The Administrative Office of the U.S. Courts, Judicial Conference, Department of Justice, and the President of the United States — entities responsible for appointment and supervision of the Defendant officers — are headquartered within this District; and

(c) The unlawful directives, omissions, and refusals to act complained of were authorized or ratified from Washington, D.C., making this District the nexus of injury and the forum of accountability.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

44. In the alternative, venue and personal jurisdiction are proper under **18 U.S.C. § 1965(a)–(b)** because at least one RICO defendant "resides, is found, has an agent, or transacts affairs" within the United States, and "the ends of justice" require this Court to summon all other participants nationwide for unified adjudication.

45. This Court may also exercise jurisdiction under **Fed. R. Civ. P. 4(k)(2)** for the federal-question claims, because defendants collectively have sufficient contacts with the United States as a whole, and no single state provides a more appropriate forum.

46. This forum is proper and necessary — not merely convenient — for constitutional enforcement against officers whose supervision, funding, and command originate in Washington, D.C.

## C. Nature of the Action

47. Plaintiff does not seek adjudication of any private property or state-law title dispute. This Verified Complaint seeks to compel compliance with federal constitutional, statutory, and fiduciary duties, and to obtain redress for ongoing violations of:

  (a) The First, Fifth, Seventh, Ninth, and Fourteenth Amendments;

  (b) 28 U.S.C. §§ 144, 455, 1927, 1361, 1651(a); and

  (c) 42 U.S.C. §§ 1983 and 1985(3), imposing personal liability for conspiracies and deprivations of rights under color of federal authority.

48. Each Defendant acts or acted as a federal officer, agent, or collusive participant subject to direct control and accountability within this District.

49. The acts complained of are not judicial discretion but commercial and administrative misconduct performed without jurisdiction, due process, or lawful immunity.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

50. Because these acts were executed under color of law yet outside the law itself, they fall squarely within this Court's Article III equitable jurisdiction and supervisory authority over all inferior tribunals and officers.

51. Accordingly, this Court possesses proper and necessary jurisdiction and venue to enforce the Constitution, restrain ongoing violations, and hold these officers personally liable for all ultra vires acts committed under color of authority, consistent with *Marbury, Clearfield,* and *Ex parte Young,* 209 U.S. 123 (1908).

## D. Forum Bias, Collusion, and Necessity of Transfer to the Seat of Federal Power

52. Plaintiff incorporates by reference all verified facts and filings evidencing systemic judicial bias, obstruction, and coordinated misconduct within the Central District of California, including Cases Nos. 5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01450, 5:25-cv-01900, and 5:25-cv-01918.

53. Those forums have demonstrated institutionalized partiality, ex parte coordination, and deliberate docket manipulation favoring state-bar attorneys, corporate defendants, and federal officers accused of fraud and civil-rights violations.

54. Judges and clerks within those courts have ignored verified affidavits, concealed filings, altered docket entries, and refused to rule on dispositive motions supported by sworn evidence — conduct constituting fraud on the court under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.,* 322 U.S. 238 (1944).

55. This sustained pattern of collusion renders the California forums incapable of impartial adjudication, violating Due Process and Equal Protection. — *Caperton v. A.T. Massey Coal Co.,* 556 U.S. 868 (2009).

56. Under *Liteky v. United States,* 510 U.S. 540 (1994), and *Tumey v. Ohio,* 273 U.S. 510 (1927), any tribunal exhibiting favoritism or financial entanglement forfeits constitutional legitimacy.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

57.Because these acts originate from officers commissioned and supervised in Washington, D.C., and because the California forums have proven incapable of lawful review or self-correction, the District of Columbia stands as the only forum with both jurisdictional authority and institutional independence to adjudicate this Verified Complaint.

58.Retention of venue in this District is therefore compelled by equity, necessity, and public policy to prevent further obstruction, intimidation, and perpetuation of judicial fraud.

## IV. PARTIES

### A. PLAINTIFF / REAL PARTY IN INTEREST / SECURED PARTY/ INJURED PARTY IN FACT / EXECUTOR / FIDUCIARY / MASTER BENEFICIARY / HEIR

#### 1. Kevin of the Realworldfare Family (formerly of the Walker Family)

59.**Kevin of the Realworldfare Family (formerly of the Walker Family)** appears **sui juris**, a **private American national**, **Real Party in Interest**, **Injured Party in Fact**, **Secured Party Creditor**, and **Executor, Master, Beneficiary, Heir, and Fiduciary** of multiple **private irrevocable trusts** lawfully constituted and perfected through **UCC-1 Financing Statements, UCC-3 Amendments, and Security Agreements** recorded in accordance with **U.C.C. §§ 1-201(b)(35), 9-102(a)(72), 9-203, and 9-310.**

60.Plaintiff acts **in the private and sovereign capacity of a living man under common law**, not as the artificial corporate fiction or "U.S. citizen" created under the **14th Amendment**, but as one possessing original and unalienable rights secured by **natural law, equity, and the Constitution for the United States of America (1789).**

61.As the **secured creditor, beneficiary, and lawful titleholder** to all trust corpus and property interests at issue, Plaintiff holds both **legal and equitable**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

**ownership** of said property, perfected through notice filings, private security agreements, and verified declarations in commerce.

62. Plaintiff is not a volunteer, surety, or debtor to any public trust or corporate entity; rather, he stands as **executor and beneficiary** of his own estate, operating within the **private jurisdiction of contract and equity**, free from compelled performance under unrevealed adhesion agreements. See **U.C.C. §§ 1-103(b), 1-308; 15 U.S.C. § 1125; Clearfield Trust Co. v. United States, 318 U.S. 363 (1943)**.

63. All filings, pleadings, and affidavits submitted by Plaintiff are **verified under penalty of perjury pursuant to 28 U.S.C. § 1746**, made upon **personal knowledge and firsthand fact**, and constitute **lawful, admissible, and self-executing evidence**. Such verified filings stand as **prima facie proof** of all facts asserted and are **binding upon all parties** absent verified rebuttal, per **Fed. R. Civ. P. 8(b)(6)** and **Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)**.

64. Plaintiff reserves all rights **without prejudice under U.C.C. § 1-308** and proceeds exclusively **in equity**, invoking the Court's **original jurisdiction** under **Article III, Section 2 of the Constitution**, and the **federal statutes guaranteeing redress for constitutional and commercial injury**, including **28 U.S.C. §§ 1331, 1343, 1361, 1491, and 2201–2202**.

65. As the **Real Party in Interest, Plaintiff alone possesses standing** to prosecute this action and to demand full equitable relief, restitution, and enforcement of verified rights. No other entity, agent, or person has any lawful, superior, or competing claim to the rights, property, or remedies herein.

66. Plaintiff further verifies that all injuries complained of are **personal, direct, and actual**, sustained as a **matter of fact and law** through the **fraudulent, coercive, and ultra vires acts** of the named Defendants, resulting in measurable

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

loss, conversion, and deprivation of constitutional and property rights under **color of law**.

67. In sum, Plaintiff stands as the **only living man with standing in fact and in law** to assert the claims herein, acting in his **proper capacity as Executor, Heir, Fiduciary, and Secured Party Creditor**, proceeding with **clean hands in equity**, verified under 28 U.S.C. § 1746, and **bound by oath to truth, law, and justice**.

## B. DEFENDANTS

### 1. Judge Sunshine Suzanne Sykes

68. **Sunshine Suzanne Sykes**, an **Article III judge** of the **U.S. District Court for the Central District of California**, is sued **in both her individual and official capacities** for acts committed **ultra vires, without jurisdiction**, and **after verified disqualification**, in **knowing and willful violation of federal law, constitutional duty, and oath of office**.

69. Sykes **acted without jurisdiction** following **explicit and automatic disqualification** under 28 U.S.C. §§ 144 and 455, **Federal Rule of Civil Procedure 63**, and **by operation of law** arising from her own verified bias, conflicts of interest, and repeated **acts of judicial misconduct**. She **knowingly usurped authority** she no longer possessed, thereby converting her position from judge to **private actor and trespasser ab initio**.

70. Despite lawful and verified notice of disqualification and loss of jurisdiction, Sykes **illegally ruled on her own recusal**, **like a thief ruling on her own guilt**, in direct defiance of Congress's mandatory command that a disqualified judge **"shall proceed no further."** This deliberate self-adjudication constitutes **fraud upon the court, obstruction of justice, and judicial treason** against the separation of powers and the public trust.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

71. Sykes then **issued void _ab initio_ orders**—commercially and constitutionally null—while exercising powers she did not lawfully possess. These ultra vires acts **violated the Clearfield Doctrine** (_Clearfield Trust Co. v. United States_, 318 U.S. 363 (1943)), which holds that when government officers act in a private or commercial capacity, they are **stripped of sovereign immunity** and answerable **as private individuals** in their own person.

72. Her campaign of retaliation and suppression included **defaming Plaintiff** through false and malicious writings and utterances; **unlawfully gagging** him with a **void pre-filing order**; and **retaliating** against his **First Amendment right to petition**. These deliberate acts inflicted measurable **injury, emotional distress, reputational harm, and constitutional deprivation**.

73. Sykes's conduct, taken together, constitutes a **pattern of racketeering activity** and **willful abuse of public office**, including but not limited to **fraud upon the court, simulated legal process, deprivation of rights under color of law, coercion, extortion, obstruction of justice, and conspiracy under color of authority.** Her actions are **criminally reckless, civilly actionable, and morally repugnant**—a betrayal of her oath and the Constitution itself.

74. By proceeding **after verified disqualification**, Sykes **forfeited all judicial immunity** and now stands **personally liable** under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971); **42 U.S.C. §§ 1983, 1985(3), 1986**; and **28 U.S.C. §§ 144 and 455.** Her orders, rulings, and directives are **void ab initio**, **non-binding**, and **commercially unenforceable** as a matter of **law, equity, and contract**, leaving her **personally answerable for all resulting damages, injuries, and violations.**

## 2. Judge Dolly Maizie Gee

75. **Dolly Maizie Gee**, an **Article III judge** and **Chief Judge** of the same court, is sued **in both individual and official capacities** for **nonfeasance, dereliction of duty, and ratification of fraud.**

76. Despite verified notice of Sykes' disqualification and unlawful acts, Gee **failed to intervene or correct**, thereby **aiding and abetting** continuing violations of due process, equal protection, and property rights.

Her silence and inaction constitute **gross negligence**, **willful blindness**, and **tacit collusion** under 28 U.S.C. § 455 and 42 U.S.C. § 1986, making her **jointly and severally liable** for the resulting harm and as a **participant in a continuing pattern of racketeering activity** in violation of 18 U.S.C. §§ 1961-1964.

## 3. John Bailey

77. **John Bailey**, a **BAR-licensed attorney** and **managing principal of Bailey Legal Group**, is sued **in both his individual and official capacities** for **fraud upon the court, defamation, simulated process, and deprivation of rights under color of law.**

Bailey was not a passive participant but the **chief architect and principal driving force** behind the **fraud, collusion, and racketeering scheme** that underpins this action. Acting under color of law yet for private gain, he used his professional license as a weapon to perpetrate **systemic deceit, judicial manipulation, and commercial theft.**

78. Bailey and his firm **filed defective, unverified declarations** devoid of firsthand knowledge, in direct violation of **Federal Rule of Civil Procedure 56(c) (4)**, which mandates that declarations be based on personal knowledge and admissible evidence. Each such filing constituted **false evidence,**

**misrepresentation, and perjury by proxy**, designed to deceive the court and obstruct justice.

79. Every pleading he submitted across all related cases was **unverified attorney hearsay**, **void of evidentiary foundation**, and therefore **fraudulent on its face.** These submissions were made **knowingly and willfully**, with intent to corrupt proceedings, conceal fraud, and deprive Plaintiff of lawful remedy and due process.

80. Bailey also **defamed Plaintiff** through **false, malicious, and defamatory statements** intended to destroy reputation, undermine credibility, and **chill lawful and constitutionally protected action**. His communications and filings were not zealous advocacy—they were **commercial sabotage** masquerading as legal process.

81. Compounding his misconduct, Bailey and his firm **represented themselves as co-defendants** in **Federal Case No. 5:25-cv-01357**, in **pure conflict of interest**, while simultaneously acting as counsel of record in matters arising from the same transactions and controversies. This **self-representation and dual capacity** violated every principle of legal ethics, due process, and fair dealing, constituting an **egregious breach of fiduciary duty, obstruction of justice, and willful interference with a federal proceeding.** Such conduct demonstrates **undeniable bad faith**, **intentional concealment**, and **racketeering coordination** with other named defendants.

82. His conduct constitutes a **pattern of fraud, extortion, coercion, obstruction of justice, abuse of process, commercial injury, defamation, and conspiracy**, all of which qualify as **predicate acts under the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961–1964.** Bailey's actions form part of an **ongoing criminal enterprise** under **18 U.S.C. § 1962(c)**, carried out in coordination with **Therese Bailey, The Bailey Legal**

**Group**, and **Marinaj Properties LLC**, each acting as instrumentalities of a single unlawful association-in-fact.

83. Bailey's deliberate pattern of deceit and legal abuse demonstrates **actual malice, bad faith, and criminal intent (mens rea).** He used his license not to uphold law but to **weaponize it**, converting court procedure into a mechanism of fraud, coercion, and property theft.

By so doing, he stands in **complete commercial dishonor**, having forfeited any claim to immunity or privilege, and is now subject to **personal civil and criminal liability** under **42 U.S.C. §§ 1983, 1985(3), 1986, 18 U.S.C. §§ 1341, 1343, 1503, and 1961 et seq.**, and all applicable common-law remedies in **equity, law, and commerce**.

### 4. Therese Bailey

84. **Therese Bailey**, a **BAR-licensed attorney** and **co-principal of Bailey Legal Group**, is sued **in both her individual and official capacities** for **joint and several participation in the fraudulent enterprise** described herein. Therese was an **equal driving force** with **John Bailey—fully complicit** in conceiving, directing, and executing the **fraudulent filings, simulated processes, and defamation campaign** that form the foundation of this racketeering operation. She did not act in ignorance or subordination, but in deliberate, coordinated partnership to **corrupt judicial proceedings** and **defraud the Plaintiff** of lawful rights, property, and remedy.

85. She **jointly authored and submitted defective, unverified declarations without firsthand knowledge**, in direct violation of **Federal Rule of Civil Procedure 56(c)(4)** and **28 U.S.C. § 1746**, thereby engaging in a **systematic pattern of deception, false representation, and perjury by omission.** Each document she filed or signed constituted **attorney hearsay,**

commercial fraud, and simulated legal process, rendering every pleading **commercially void and legally null** ab initio.

86.Therese also **defamed Plaintiff** through **false pleadings, statements, and communications**, all made with **actual malice and reckless disregard for truth**, designed to **inflict emotional distress, reputational harm, and economic injury.** Her acts were not isolated—they were **calculated, malicious,** and **commercially motivated**, serving to conceal unlawful transactions and perpetuate a **pattern of racketeering activity** under 18 U.S.C. §§ 1961–1964.

87.In furtherance of this enterprise, **Therese Bailey and her firm represented themselves as co-defendants in Federal Case No. 5:25-cv-01357**, creating an **inexcusable and fatal conflict of interest.** By simultaneously acting as **counsel of record** and **named party**, she engaged in **self-dealing, obstruction of justice, and violation of fiduciary duty**, willfully breaching both her **ethical obligations under the Rules of Professional Conduct** and her **constitutional duty of candor toward the tribunal.**
This dual capacity constitutes **professional misconduct of the highest order,** tainting the entire proceeding and further evidencing her **mens rea** and **intent to obstruct, conceal, and perpetuate fraud** within a federal forum.

88.Therese's conduct collectively constitutes **fraud, conspiracy, simulated process, racketeering activity, civil RICO violations, defamation, obstruction of justice, perjury by omission, and willful deprivation of rights** under **color of law.** Her actions display **deliberate bad faith, criminal intent, and moral turpitude**, and form part of an **association-in-fact enterprise** operating through **Bailey Legal Group** and **Marinaj Properties LLC** to execute and conceal fraudulent conveyances of trust property and extortionate commercial acts.

89. By using her law license as an instrument of fraud, Therese Bailey has **forfeited all professional credibility and immunity** and now stands **personally, commercially, and criminally liable** under 42 U.S.C. §§ 1983, 1985(3), 1986, 18 U.S.C. §§ 1341, 1343, 1503, and 1961 et seq., and all applicable doctrines of **equity, trust, and commercial law.**

Her pattern of conduct has **irreparably undermined the integrity of multiple proceedings**, and she remains in **commercial dishonor**, subject to **treble damages, disbarment, and equitable forfeiture** for her participation in the **ongoing racketeering enterprise.**

## 5. THE BAILEY LEGAL GROUP

90. **The Bailey Legal Group**, a **private law firm** and **association-in-fact enterprise**, is sued for **civil RICO violations, mail and wire fraud, obstruction of justice, abuse of process, simulated judicial process, defamation**, and **racketeering activities** in violation of federal and commercial law.

Acting through its principals **John Bailey** and **Therese Bailey**, the firm operated as the **central command structure and operational hub** of a coordinated racketeering enterprise designed to **defraud the Plaintiff, manipulate judicial proceedings**, and **convert private trust assets** for unlawful commercial gain.

91. Under the guise of legal representation, **The Bailey Legal Group** engaged in a sustained campaign of **fraudulent litigation, filing unverified, hearsay-based pleadings and declarations** across multiple state and federal courts, all **knowingly false, commercially void, and procedurally defective.**

Each filing served as a **predicate act of racketeering**, constituting **mail fraud (18 U.S.C. § 1341), wire fraud (18 U.S.C. § 1343)**, and **obstruction of justice (18 U.S.C. § 1503)**, all in furtherance of a continuing **criminal enterprise** under 18 U.S.C. § 1962(c).

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

92.The firm's operations were **not legitimate law practice** but the **systematic weaponization of legal process** to perpetrate **fraud upon the court** and **deprivation of rights under color of law**, in direct violation of **42 U.S.C. §§ 1983, 1985(3), 1986**.

Through deliberate misuse of the courts, the firm functioned as the **administrative and communications arm** of the larger conspiracy involving **Marinaj Properties LLC**, **Naji, Mary, and Daniel Doumit**, and various public officers acting in **concert and colorable collusion**.

93.**The Bailey Legal Group** directed, financed, and executed **simulated judicial acts**, **fraudulent conveyances**, and **extortionate filings** designed to cloud title, suppress evidence, and unlawfully seize trust property. Its conduct exhibits **systemic intent (mens rea)** and reflects **a pattern of racketeering activity** meeting the statutory definition under **18 U.S.C. § 1961(5)**—two or more related predicate acts within a ten-year period, committed through a single continuing enterprise for financial enrichment and concealment of prior fraud.

94.The firm's pattern of misconduct constitutes **commercial treason against the administration of justice**, undermining public confidence in the courts and eroding the integrity of legal institutions.

It stands as the **nerve center of an unlawful enterprise**, operating in **bad faith**, **commercial dishonor**, and **complete disregard for the duties of officers of the court**.

95.**The Bailey Legal Group** is therefore **jointly and severally liable** under **18 U.S.C. §§ 1961–1964 (RICO)**, **42 U.S.C. §§ 1983, 1985(3), 1986**, and under established **common-law doctrines of fraud, conspiracy, and commercial tort**.

All instruments, filings, and communications issued by the firm are **void ab initio**,

**non-binding**, and **commercially unenforceable**, serving as **documentary evidence of a racketeering enterprise masquerading as a law firm.**

96.Accordingly, **The Bailey Legal Group** now stands in **commercial and equitable default**, having **forfeited all professional privilege, credibility, and immunity**, and is subject to **treble damages, disbarment, dissolution, and equitable forfeiture** under **civil RICO and federal equity jurisdiction** for its ongoing participation in this **criminal conspiracy.**

## 6. Naji Doumit

97.**Naji Doumit**, a man **in dishonor and commercial default**, stands as a **knowing, willful, and calculating participant** in a continuing pattern of **fraud, coercion, deed fraud, estate robbery, and racketeering activity**, all executed in conscious defiance of law, contract, and equity.

98.Acting with full **mens rea**, Doumit conspired to and did engage in **title theft, fraudulent conveyance, forgery, and simulation of legal process**, all of which constitute deliberate and malicious **deprivation of rights under color of law**, **conversion of private property without just compensation**, and **commercial trespass upon a private trust corpus**.

99.Doumit's participation was not incidental but **intentional, premeditated, and commercially motivated**, reflecting a sustained effort to interfere with secured trust property and to obstruct lawful recovery. His actions were conducted with knowledge of the Plaintiff's perfected UCC filings and verified affidavits, proving actual notice and deliberate bad faith.

100.His dishonor and default are further evidenced by the **Affidavit, Certificate of Dishonor and Default, and Lien Authorization under U.C.C. § 3-505 (see Exhibit W)**, which stand as **self-authenticating, unrebutted, and conclusive proof** of **non-performance, default, and commercial liability**. Under **U.C.C. § 3-505**, such certificate operates as a matter of law to establish the

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

debt, dishonor, and enforceable lien against the defaulting party, leaving no material fact in dispute.

101. By his own actions, Doumit has committed **fraudulent conveyance, obstruction of justice, mail and wire fraud, title fraud, and racketeering activity** in violation of 18 U.S.C. §§ 1341, 1343, 1503, and 1961 et seq., and **42 U.S.C. §§ 1983, 1985(3), 1986**. His conduct forms part of an **association-in-fact enterprise** with the Baileys and Marinaj Properties LLC to **seize, conceal, and monetize trust assets**, in direct violation of the Plaintiff's secured interests and federal constitutional protections.

102. Every act committed by Doumit was done **knowingly, maliciously, and for private financial gain**, with reckless disregard for the Plaintiff's lawful ownership, trust authority, and perfected security interests. His record of dishonor places him in permanent **commercial default and dishonor**, subject to **personal liability, equitable divestment, treble damages under civil RICO, and criminal exposure for continuing racketeering activity.**

### 7. Mary Doumit

103. **Mary Doumit**, likewise **in dishonor and default**, jointly participated with Naji Doumit in **fraud, coercion, estate robbery, deed fraud, and racketeering activities.**

104. She assisted in executing **false instruments**, perpetuating **title fraud**, and **obstructing lawful restoration of trust property**, with full knowledge and intent to benefit from the fraudulent transfer.
She is **jointly and severally liable** for all injury and loss.

### 8. Daniel Doumit

105. **Daniel Doumit**, also **in dishonor and default**, acted as an **active co-conspirator** with Naji and Mary Doumit in **deed fraud, estate theft, simulated process, property conversion, and racketeering activity.**

106.His acts constitute **criminal conspiracy, title clouding, commercial extortion, fraudulent taking of property**, and **participation in an ongoing racketeering enterprise** under **18 U.S.C. § 1962(d)**.

He is **personally, commercially, and equitably liable** for the ongoing deprivation and injury.

## 9. MARINAJ PROPERTIES LLC

107.**Marinaj Properties LLC is a California-registered limited liability company** that serves as a **commercial front and instrumental entity** for the fraudulent, extortionate, and racketeering activities orchestrated by **Naji Doumit, Mary Doumit**, and **Daniel Doumit.**

The entity is **owned, operated, and controlled** by these individuals as part of an **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**, acting as the **corporate veil** through which they executed **deed fraud, conversion, clouding of title, and commercial theft** of private trust property.

108.Marinaj Properties LLC functioned as the **primary conduit for the unlawful transfer, sale, and laundering of trust assets**, including the filing and recording of **fraudulent instruments, void trustee's deeds**, and **simulated legal documents** in violation of both **state and federal law.**

It knowingly and willfully participated in **mail fraud, wire fraud, extortion**, and **conspiracy to deprive rights under color of law**, forming a **continuing pattern of racketeering activity** actionable under **18 U.S.C. §§ 1961–1964 (RICO)** and **42 U.S.C. §§ 1983, 1985(3), 1986.**

109.Acting in concert with the Baileys and their firm, Marinaj Properties LLC engaged in **property theft, conversion of secured trust assets**, and **commercial trespass upon the private corpus of the Plaintiff's estate**, constituting **criminal and civil fraud, unlawful interference with contract, and deprivation of rights under color of law.**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

The company's existence and operations are **inseparable from the Doumits' personal conduct**, and it is thus **jointly and severally liable** in law, equity, and commerce for all acts, omissions, and injuries arising from the scheme.

110. Its filings, deeds, and recorded instruments are **void ab initio**, **commercially null**, and **legally unenforceable**, serving only as **fraudulent vehicles** for the ongoing deprivation of property and rights. Marinaj Properties LLC now stands in **commercial dishonor and default**, subject to **complete equitable divestment**, **constructive trust**, and **federal forfeiture** for its role in this **racketeering enterprise.**

### 10. Judge Raquel A. Marquez

111. Raquel A. Marquez, a state judicial officer of the California Superior Court, County of Riverside, is sued in both her **individual and official capacities** for acts committed **ultra vires**, without jurisdiction, and in knowing and willful violation of federal law, constitutional duty, oath of office, and private commercial contracts.

112. Marquez acted wholly **without jurisdiction** by attempting to compel Plaintiff to retain a "licensed attorney" to represent his **private trust, beneficial interest, and secured estate**—a demand made in direct violation of Plaintiff's constitutional right to self-representation, verified trust authority, and fiduciary standing as **Real Party in Interest, Injured Party in Fact, Executor, Beneficiary, Fiduciary, and Secured Party Creditor**. By refusing to recognize Plaintiff's verified filings and perfected UCC financing statements, she unlawfully substituted her personal discretion for law, transforming herself from a judicial officer into a **private trespasser acting under color of law.**

113. Despite verified notice of jurisdictional limits and unrebutted affidavits on record, Marquez **ignored binding evidence, colluded with opposing counsel**, and attempted to enforce simulated processes under threat, duress, and coercion—

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

each act constituting **fraud upon the court**, **deprivation of rights**, and **commercial extortion**. She continued to issue directives and orders absent lawful authority, thereby **simulating legal process** and creating the false appearance of jurisdiction where none existed.

114. These acts violated the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which establishes that when government officers enter the realm of commerce or act outside lawful authority, they are stripped of sovereign immunity and become liable as private individuals. By rejecting verified commercial instruments, ignoring the rules of evidence, and attempting to compel representation through the BAR monopoly, Marquez engaged in **commercial coercion** and **fraudulent conversion of rights**, acting as a private actor under color of office.

115. Her conduct also violated **28 U.S.C. §§ 144 and 455, 42 U.S.C. §§ 1983, 1985(3), 1986**, and the **Fifth and Fourteenth Amendments**, as she knowingly deprived Plaintiff of **due process**, **equal protection**, and **access to the courts**. In collusion with John Bailey, Therese Bailey, and Bailey Legal Group, she participated in a **criminal conspiracy and racketeering enterprise** designed to suppress evidence, cloud title, and obstruct equitable relief in ongoing federal cases.

116. Marquez's actions amount to **fraud, obstruction of justice, coercion, extortion, slander of title, fraudulent conversion, simulated legal process, peonage, and abuse of judicial power**—each a predicate act under **18 U.S.C. §§ 1341, 1343, 1503, 1512, 1951, 1961–1964 (RICO)**. These actions inflicted measurable injury, emotional distress, property loss, and constitutional deprivation.

117. By engaging in these acts, Marquez forfeited any judicial immunity and stands **personally liable** under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971); **42 U.S.C. §§ 1983, 1985(3), 1986**; and **18 U.S.C. §§ 241–242**. Her orders, rulings, and directives are **void *ab initio*, commercially unenforceable**,

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

and **constitutionally null**. She remains personally answerable for all damages, injuries, and violations arising from her ultra vires conduct, commercial dishonor, and participation in the continuing enterprise of fraud and deprivation under color of law.

## 11. Does 1-20

118. **Does 1-20** include **attorneys, agents, officers, clerks, and private persons** acting jointly and severally under color of law who participated in or benefited from the simulated processes described herein. Each will be **identified and named upon discovery** and will bear **personal liability** for fraud, conspiracy, deprivation, and **racketeering activities** under 18 U.S.C. § 1962.

## C. NOTICE OF CAPACITY AND LIABILITY

119. All **Defendants are sued in both their individual and official capacities** and are **jointly and severally liable** for every injury, omission, and act of fraud, coercion, and deprivation set forth herein.

120. Each acted **outside lawful authority**, **in clear absence of jurisdiction**, and **under color of office**, thereby **forfeiting every claim of judicial, qualified, or sovereign immunity** as a matter of law, equity, and commercial liability.

121. The controlling precedents leave no ambiguity:

- Under **Ex parte Virginia**, 100 U.S. 339 (1879); **Bradley v. Fisher**, 80 U.S. 335 (1871); **Mireles v. Waco**, 502 U.S. 9 (1991); and **Stump v. Sparkman**, 435 U.S. 349 (1978), *a judge or officer who acts without jurisdiction ceases to be a judge and becomes a private trespasser in law,* subject to full civil, commercial, and criminal liability.

- The **Clearfield Doctrine**, 318 U.S. 363 (1943), further confirms that when government actors engage in **commercial acts**, they are **stripped of sovereign immunity**, standing as **private individuals engaged in**

**private commerce**, and are **personally liable** for all resulting injury and damages.

122. *Here, every Defendant knowingly operated outside lawful capacity, under false color of law, and in complete absence of jurisdiction.*

123. *Their actions constitute an ongoing criminal conspiracy, a pattern of racketeering activity within the meaning of 18 U.S.C. § 1961(5), and fraud upon the court in violation of fundamental due process and equity.*

124. *Each Defendant acted with malicious intent and bad faith, engaging in fraud, defamation, extortion, obstruction of justice, conversion, commercial trespass, and deprivation of rights under color of law—thereby triggering personal commercial liability and joint and several responsibility for all damages, both compensatory and punitive.*

125. *By operating under color of law to facilitate private enrichment, retaliation, and concealment of fraud, **Defendants stand in commercial dishonor,** having **waived all immunities, privileges, and defenses** under **law, equity, and commerce.***

126. *They are **de facto private actors**, not lawful public officers, and are therefore **fully accountable** in their personal capacities under **Bivens v. Six Unknown Named Agents**, 403 U.S. 388 (1971); **42 U.S.C. §§ 1983, 1985(3), 1986; 28 U.S.C. §§ 144, 455, 1361; and 18 U.S.C. §§ 241, 242, 1961–1964 (RICO).*** Accordingly, each Defendant is **jointly and severally liable** for **civil, commercial, and equitable damages**, subject to **treble damages under RICO**, **personal lien enforcement**, and **equitable forfeiture** for their participation in this ongoing **racketeering enterprise and deprivation of rights scheme**.

127. Any further attempt to obscure, minimize, or deny these verified facts constitutes **continued obstruction of justice**, **commercial bad faith**, and **tacit admission of guilt** under both **law and equity**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

## V. STANDING OF PLAINTIFF AS REAL PARTY IN INTEREST, INJURED PARTY IN FACT, SECURED PARTY, AND MASTER BENEFICIARY

*(Verified Under 28 U.S.C. § 1746)*

### A. Real Party in Interest — Rule 17(a) Compliance

128. Plaintiff, **Kevin of the Realworldfare Family**, appearing *sui juris*, is the **Real Party in Interest** within the meaning of Federal Rule of Civil Procedure 17(a).

129. He possesses full legal and equitable title to all claims, rights, and remedies asserted herein and prosecutes this action in his own proper capacity — not as a representative of any artificial entity, but as the **living man** and rightful owner of the name and estate in controversy.

130. Rule 17(a)(1) mandates: "An action must be prosecuted in the name of the real party in interest."

131. Plaintiff satisfies this requirement as the beneficial and equitable owner of the property, rights, and causes of action at issue. No trustee, agent, or corporation stands between Plaintiff and the injuries suffered.

132. Under *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), standing requires (1) injury in fact, (2) traceability to the defendants, and (3) redressability by the court. Each element is met and verified herein:

    a. **Injury in Fact:** Plaintiff suffered concrete harm — deprivation of property, loss of possession, reputational injury, emotional distress, and constitutional violations.

    b. **Traceability:** The injuries arise directly from Defendants' unlawful acts — fraudulent conveyances, simulated legal process, coercion, and deprivation of rights under color of law.

    c. **Redressability:** This Court possesses jurisdiction in equity and law to provide declaratory, injunctive, compensatory, and punitive relief.

## B. Injured Party in Fact — Article III Standing

133. Article III § 2 of the U.S. Constitution restricts federal jurisdiction to "Cases" and "Controversies," requiring an **injured party in fact**.

134. Plaintiff's verified injury is actual, not speculative, and directly caused by Defendants' unlawful conduct.

135. Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992), "the injury must be concrete and particularized."

136. The verified record demonstrates multiple injuries, including:

    a. Deprivation of property without due process in violation of the Fifth Amendment's Takings Clause;

    b. Fraudulent deprivation of rights under 42 U.S.C. § 1983;

    c. Conversion, title clouding, and trespass upon trust corpus;

    d. Retaliation, extortion, and coercion under color of law; and

    e. Defamation and emotional distress inflicted through judicial fraud and bad-faith advocacy.

137. As the **Injured Party in Fact**, Plaintiff has standing both constitutionally and commercially to seek redress, enforcement, and restitution.

## C. Secured Party and Creditor in Commerce

138. Plaintiff is the **Secured Party Creditor** and first lienholder against the artificial entity known as "KEVIN LEWIS WALKER" and all derivative constructs of that name.

139. This standing arises under the Uniform Commercial Code, particularly:

    a. U.C.C. § 9-102(a)(72) (defining "secured party");

    b. U.C.C. § 9-203(b)(3) (security interest attaches when authenticated and supported by value);

   c. U.C.C. § 9-509(a) (authorization for filing by debtor); and

     (d) U.C.C. § 9-311(a) (perfection of security interest by filing or possession).

140. Plaintiff perfected his superior claim through duly filed UCC-1 Financing Statements and Security Agreements, recorded prior to all adverse actions and unrebutted in law or commerce.

141. These filings establish controlling lien rights over all property and proceeds of the estate name in question.

142. Under *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943), when government officers engage in commercial or fiduciary acts, they descend from sovereignty and stand as private individuals subject to commercial law.

143. As Secured Party and Creditor, Plaintiff holds priority standing in all matters where his property or rights have been unlawfully hypothecated, transferred, or converted.

### D. Heir and Master Beneficiary of the Private Trust Estate

144. Plaintiff is the **Heir Apparent** and **Master Beneficiary** of the private trust estate deriving from the original estate of the living man.

145. All derivative legal fictions (the *ens legis* "KEVIN LEWIS WALKER," its EIN, and associated accounts) exist as mere constructive trusts for the benefit of the living man, who holds superior equitable title.

146. The legal principle is well settled: "Equity regards as done that which ought to be done."

147. Under U.C.C. § 1-103(b) and Restatement (Second) of Trusts § 199, the beneficiary may enforce the trust directly when trustees or fiduciaries act adversely or in fraud.

148. As Master Beneficiary, Plaintiff exercises equitable rights of enforcement, demand for accounting, and full restoration of corpus unlawfully conveyed through fraud, coercion, and color of office.

## E. Executor and Fiduciary Capacity

149. Plaintiff/Real Party In Interest, as **Executor de son tort** and fiduciary in possession, acts in lawful administration of the private estate and trust corpus.

150. The acts complained of — fraudulent conveyances, void trustee's deeds, false recordation, and judicial conversion — have unlawfully interfered with the administration of said estate.

151. Plaintiff is empowered under equity to correct, discharge, and recover all wrongfully conveyed property and to issue verified claims and notices in commerce as Executor and Real Party in Interest.

## F. Right to Proceed in Equity and Law

152. Equity, as codified in Article III § 2 of the U.S. Constitution, is the supreme jurisdiction when legal remedies fail.

153. The doctrines of *Ex parte Young*, 209 U.S. 123 (1908), and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), confirm that an individual injured by unlawful government action may sue officers directly in equity for injunctive, declaratory, and compensatory relief.

154. Plaintiff's verified affidavits, unrebutted in law and commerce, establish his position as:

    a. Real Party in Interest (Fed. R. Civ. P. 17(a));

    b. Injured Party in Fact (Art. III § 2; *Spokeo, Lujan*);

    c. Secured Party Creditor (U.C.C. §§ 9-102, 9-203, 9-509);

    d. Heir and Master Beneficiary (common-law trust doctrine); and

    e. Executor and Fiduciary (equity and trust law).

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

155. His standing is self-executing, verified, and judicially cognizable under both law and equity.

## G. Section Conclusion

156. Plaintiff's/Real Party In Interest's/Secured Party's standing is **absolute, verified, and non-derivative**.

157. He is the living man, the secured creditor, the executor of his estate, and the beneficial owner of all rights and property wrongfully taken under color of law.

158. All Defendants' acts — executed without lawful authority — constitute trespass upon his rights, trust corpus, and private capacity.

159. The Court is therefore bound to recognize Plaintiff's standing as the sole Real Party in Interest and Injured Party in Fact, with full equitable authority to demand **restitution, judgment, and injunctive enforcement in his favor**.

## VI. SYSTEMIC VIOLATIONS OF THE UNITED STATES CONSTITUTION, THE BILL OF RIGHTS, FEDERAL AND STATE STATUTES, AND THE CALIFORNIA CONSTITUTION
### (Verified Under 28 U.S.C. § 1746)

160. This Verified Complaint does not expose mere administrative negligence — it indicts a **coordinated and institutionalized corruption** of justice within the federal judiciary and BAR-controlled courts.

161. The record reveals an **ongoing conspiracy among judges, clerks, attorneys, and private actors** to usurp jurisdiction, falsify judicial records, obstruct remedy, and weaponize procedure as a means of extortion, silencing, and property theft.

162. These are not "errors" — they are **willful and knowing violations of oath, statute, and the Constitution**, amounting to **acts of treason against the People and the Republic.**

163. Each act complained of constitutes a **commercial injury, constitutional deprivation, and fraud upon the court**, collectively forming a continuing enterprise of obstruction, peonage, and color-of-law tyranny in violation of both **federal and state Constitutions**.

## A. FEDERAL CONSTITUTIONAL VIOLATIONS

### 1. First Amendment — Retaliation, Censorship, and Prior Restraint

164. Plaintiff lawfully exercised his right to petition government for redress of grievances — the foundational liberty of the Republic.

165. Defendants retaliated through gag orders, defamatory mischaracterizations ("sovereign citizen"), suppression of verified filings, and **fraudulent docket tampering** to prevent Plaintiff's access to remedy.

166. This conduct constitutes **unlawful retaliation and viewpoint discrimination** prohibited under *Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983), *Houston v. Hill*, 482 U.S. 451 (1987), and *42 U.S.C. § 1983*.

167. Such actions are **prima facie unconstitutional** and void ab initio under *Ex parte Young*, 209 U.S. 123 (1908), which allows injunctive relief against officials acting outside lawful authority.

### 2. Fourth Amendment — Unreasonable Seizures and Trespass Upon Private Property

168. Defendants orchestrated unlawful seizures and conversions of trust property through **fraudulent trustee's deeds**, **void writs**, and **simulated legal process**, executed without any lawful warrant, probable cause, or corpus delicti.

169. This constitutes **civil and criminal trespass**, in direct violation of *U.S. Const. amend. IV*, *18 U.S.C. §§ 241–242*, and *18 U.S.C. § 654* (embezzlement and misappropriation by officers).

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

170. These acts meet the legal definition of **theft under color of law**, actionable as both tort and constitutional violation under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

### 3. Fifth Amendment — Deprivation of Property and Liberty Without Due Process

171. Plaintiff's verified filings, lawful tenders, and affidavits were willfully ignored while void judicial orders unlawfully deprived him of property, liberty, and remedy.

172. Such deprivation violates both the **Due Process and Takings Clauses** of the Fifth Amendment and gives rise to direct remedy under the **Tucker Act, 28 U.S.C. § 1491**, and *42 U.S.C. § 1983*.

173. Any taking of private property without just compensation or lawful adjudication is **a nullity in law and equity**, void ab initio. See *Fuentes v. Shevin*, 407 U.S. 67 (1972).

### 4. Sixth Amendment — Denial of Impartial Tribunal and Confrontation of Accusers

174. Proceedings were conducted by **disqualified, conflicted, and biased judges** in direct violation of *28 U.S.C. §§ 144 and 455*.

175. Defendants suppressed evidence, denied cross-examination, and fabricated false narratives to sustain unlawful rulings — depriving Plaintiff of confrontation and fair hearing.

176. These acts violate *U.S. Const. amend. VI*, *Fed. R. Civ. P. 63*, and *In re Murchison*, 349 U.S. 133 (1955) (no one may be judge in their own cause).

### 5. Seventh Amendment — Denial of Trial by Jury in Suits at Common Law

177. Plaintiff was denied his right to a jury trial in actions exceeding $20, in which verified facts and unrebutted affidavits stand as **self-executing truth in commerce**.

178. Summary dismissals and unverified rulings in equity were rendered **without lawful jury determination**, constituting direct denial of the Seventh Amendment. See *Dairy Queen v. Wood*, 369 U.S. 469 (1962).

### 6. Eighth Amendment — Excessive Fines and Cruel, Arbitrary Penalties

179. Defendants imposed unlawful sanctions, coercive "pre-filing" restrictions, and financial deprivations absent any jurisdiction or lawful adjudication.

180. Such actions constitute **extortion under color of official right**, criminalized by *18 U.S.C. § 872*, and **cruel, unusual, and arbitrary punishment** under *U.S. Const. amend. VIII*.

### 7. Ninth Amendment — Violation of Retained Rights and Private Capacity

181. Defendants willfully denied Plaintiff's private capacity, lawful status, and right to contract and appear as Real Party in Interest, contrary to the reserved rights retained by the People.

182. This violates *U.S. Const. amend. IX* and *U.C.C. § 1-308*, which preserves the right to reserve all lawful remedies without prejudice.

183. Every deprivation of retained natural rights is **repugnant to the Constitution** and constitutes commercial fraud under *U.C.C. § 1-103(b)*.

### 8. Tenth Amendment — Overreach of Corporate Federal and State Actors

184. The Defendants acted not as constitutional officers, but as **corporate agents of BAR-controlled franchises** operating outside lawful delegation of power.

185. By exercising authority not granted by the People or the Constitution, they violated *U.S. Const. amend. X* and the principle that **all delegated power must trace to the consent of the governed.**

186. Under the *Clearfield Doctrine*, 318 U.S. 363 (1943), once officials engage in commercial acts, they descend to the level of private citizens and are fully liable for damages caused by their misconduct.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

## B. STATUTORY VIOLATIONS (FEDERAL AND COMMERCIAL)

187. **28 U.S.C. §§ 144 & 455 — Judicial Disqualification & Bias:** Judges **Sunshine Suzanne Sykes** and **Marquez** violated the mandatory statutory command that a judge "**shall proceed no further therein**" once a verified affidavit of bias is filed. Their continued rulings post-disqualification constitute **ultra vires** acts, **jurisdictional usurpation**, and **fraud upon the court**, rendering all subsequent orders **void ab initio** under *Bradley v. Fisher*, 80 U.S. 335 (1871) and *Ex parte Virginia*, 100 U.S. 339 (1879).

188. **42 U.S.C. § 1983 — Deprivation of Rights Under Color of Law:** All Defendants, jointly and severally, acting under color of state and federal authority, deprived Plaintiff of rights secured by the **First, Fifth, Seventh, Ninth, and Fourteenth Amendments**, including due process, equal protection, and access to courts.

189. **42 U.S.C. § 1985(3) — Conspiracy to Deprive Equal Protection:** BAR-member judges and attorneys colluded to obstruct justice, suppress verified filings, conceal disqualification records, and destroy evidence—constituting a coordinated conspiracy to deprive equal protection and remedy guaranteed under federal law.

190. **42 U.S.C. § 1986 — Neglect to Prevent Conspiracy:** Supervising officers, including **Chief Judge Dolly M. Gee** and **Judicial Council administrators**, received verified notice of misconduct and failed to act, thereby incurring liability for willful omission under § 1986 and *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978).

191. **42 U.S.C. § 1994 — Peonage Abolished:** Defendants' use of simulated legal process, compelled appearance, and coerced compliance under threat of sanctions constitutes **modern peonage and involuntary servitude** prohibited by

§ 1994 and the **Thirteenth Amendment**, criminalizing any attempt to hold a man or his property in debt bondage through colorable judicial process.

192. **18 U.S.C. §§ 241–242 — Civil Rights Conspiracy & Deprivation Under Color of Law:** Defendants jointly conspired to deprive Plaintiff of property, liberty, and redress through fraudulent judicial orders, extortionate filings, and retaliatory abuse of office, meeting all elements of §§ 241–242.

193. **18 U.S.C. §§ 1503, 1512, 1519 — Obstruction of Justice & Tampering with Proceedings:** Defendants destroyed, concealed, and falsified verified filings, docket entries, and affidavits to conceal fraud and obstruct due process, in direct violation of the above sections and the integrity of the federal judiciary.

194. **18 U.S.C. §§ 1341, 1343 — Mail & Wire Fraud:** Through use of the U.S. Mail, CM/ECF electronic filing systems, and electronic communications, Defendants transmitted false documents, pleadings, and judicial orders to advance a fraudulent scheme to convert private property and suppress remedy.

195. **18 U.S.C. § 1951 — Hobbs Act Extortion Under Color of Official Right:** Defendants unlawfully coerced Plaintiff to surrender property and rights through threat of judicial sanction and dispossession, satisfying the elements of extortion under color of official right.

196. **18 U.S.C. §§ 1961–1964 — Racketeer Influenced and Corrupt Organizations Act (RICO):** Defendants engaged in a pattern of racketeering activity through predicate acts of mail fraud, wire fraud, obstruction of justice, extortion, and conversion, spanning multiple dockets and jurisdictions (Nos. 5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01450, 5:25-cv-01900, and 5:25-cv-01918).

197. **31 U.S.C. § 3729 — False Claims Act:** Defendants fraudulently certified void judicial acts as legitimate proceedings, causing unlawful billing and false reporting to federal administrative systems, thereby defrauding the United States and the Plaintiff.

198. **28 U.S.C. § 2072(b) — Rules Enabling Act Violation:** Defendants unlawfully elevated local procedural rules above constitutional and substantive rights, abridging due process, notice, and contract, contrary to the express prohibition of § 2072(b).

199. **28 U.S.C. §§ 1346(b), 1491 — Federal Tort Claims Act & Tucker Act:** Plaintiff's/Real Party In Interest's property was taken and converted without lawful authority or compensation, establishing direct claims under the **Takings Clause** and federal jurisdiction for compensation.

200. **U.C.C. §§ 1-103(b), 1-308, 2-302, 3-505, 9-315 — Commercial Remedies and Reservation of Rights:** All contracts, conveyances, and judicial orders executed without full disclosure or consent are unconscionable, void, and enforceable only through equitable restitution. Plaintiff's commercial rights, liens, and securities are preserved in equity under these provisions.

201. **Clearfield Doctrine (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)):** When the government or its officers engage in commercial activity, they descend to the level of private corporations and are stripped of sovereign immunity. Each Defendant acted in a **private commercial capacity** as a debtor and is personally liable for all damages and injuries inflicted.

## C. VIOLATIONS OF THE CALIFORNIA CONSTITUTION AND STATUTES (*Verified* Under 28 U.S.C. § 1746)

202. Defendants' conduct offends not merely federal law, but the **organic law of the State of California itself**, violating every pillar of the State Constitution and the statutory duties imposed upon public officers and attorneys.

203. Their actions represent **organized judicial piracy** — the deliberate subversion of the People's constitutional guarantees through fraud, coercion, concealment, and unlawful seizure conducted under color of office.

### 1. Article I, § 1 — Inalienable Rights to Life, Liberty, and Property

204. Plaintiff's/Injured Party In Fact's/Real Party In Interest's inalienable rights to acquire, possess, and protect property were **maliciously invaded** through forged conveyances, simulated legal process, and extortionate judicial decrees.

205. Defendants knowingly interfered with **vested trust interests and private estate property**, acting with reckless disregard for constitutional boundaries and equity.

206. Such conduct constitutes a **direct usurpation of sovereign rights**, **void _ab initio_** and actionable as trespass, conversion, and deprivation of property under color of law.

### 2. Article I, § 2 — Freedom of Speech and Petition

207. Plaintiff's right to petition for redress and to speak truth to government was **unlawfully suppressed** through judicial retaliation, censorship, and defamatory labeling intended to discredit his verified filings.

208. Defendants' retaliatory actions — including gag orders, dismissal of verified pleadings, and manipulation of dockets — constitute **constitutional terrorism** against the People's most sacred liberty.

209. This is **not adjudication; it is silencing**, in violation of Article I, § 2 of the California Constitution and the First Amendment of the United States Constitution.

### 3. Article I, § 7 — Due Process and Equal Protection

210. Disqualified judges and conflicted attorneys, acting in concert, **denied Plaintiff both procedural and substantive due process**, rendering every resulting judgment void.

211. By selectively enforcing rules to favor corporate actors and suppress verified truth, Defendants violated the **Equal Protection Clause**, committing acts of discrimination and arbitrary governance.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

212. Such acts are ultra vires, constitute **fraud upon the court**, and operate as criminal deprivation of rights under *42 U.S.C. § 1983* and *18 U.S.C. §§ 241–242*.

### *4. Article I, § 13 — Search and Seizure*

213. The **fraudulent conveyances, dispossession, and trespass upon trust property** constitute unreasonable and unlawful seizures, performed without warrant, probable cause, or lawful jurisdiction.

214. These seizures were **acts of larceny masquerading as law**, violating Article I, § 13 and *18 U.S.C. § 654* (misappropriation by officers).

215. No state actor or attorney enjoys immunity for theft or trespass committed under color of law; such acts fall outside the lawful exercise of office.

### 5. Article I, § 26 — Rights Retained by the People

216. Plaintiff's retained rights — including self-representation, private contract, and access to equitable remedy — are **beyond the reach of corporate courts and BAR monopolies.**

217. Defendants, acting as agents of a **private guild (the BAR)**, unlawfully abridged these rights by coercing representation, suppressing verified filings, and obstructing private remedies.

218. No rule of court or judicial fiat can override the Constitution or abridge the People's inherent sovereignty. *See California Const. Art. I, § 26; Marbury v. Madison, 5 U.S. 137 (1803)*.

### *6. California Penal Code § 518 — Extortion*

219. Defendants used **judicial threats, void orders, and color-of-law coercion** to extort property, compliance, and silence from Plaintiff.

220. Every unlawful demand issued under threat of sanction, dispossession, or contempt constitutes **criminal extortion under Penal Code § 518**, and is independently actionable under *18 U.S.C. § 1951 (Hobbs Act)*.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

221. This was **not adjudication — it was organized theft** under the façade of authority.

## 7. California Penal Code § 182 — Criminal Conspiracy

222. Defendants entered into a **joint enterprise to commit fraud, conversion, and obstruction of justice**, using simulated judicial proceedings to legitimize theft.

223. Each act of docket tampering, false remand, forged filing, and coordinated deception constitutes an overt act in furtherance of conspiracy under Penal Code § 182(a)(1)–(5).

224. Conspirators are **jointly and severally liable** for all acts and damages resulting from the scheme, both civil and criminal.

## 8. California Business & Professions Code § 6068 — Attorney Duties

225. BAR-member attorneys John Bailey, Therese Bailey, and Bailey Legal Group betrayed their statutory duties under § 6068(a)–(d) to maintain honesty, fidelity, and integrity in court.

226. Instead, they knowingly perpetrated fraud, filed false instruments, concealed verified evidence, and litigated in bad faith to protect their own conflicts and conceal collusion with judicial officers.

227. Their conduct constitutes moral turpitude, deceit, and collusion, mandating disbarment and criminal referral under *Cal. Bus. & Prof. Code §§ 6103, 6128.*

## 9. California Civil Code §§ 1708–1710 — Fraud, Deceit, and Concealment

228. Defendants owed Plaintiff a duty not to injure through fraud or deceit under Civil Code § 1708, yet they willfully breached that duty.

229. They committed **affirmative fraud (§ 1709), deceit by omission (§ 1710), and constructive fraud (§ 1573)** by concealing dispositive facts, falsifying records, and submitting unverified pleadings.

230. Each such act constitutes fraud upon the court and creates personal, not official, liability — beyond any claim of immunity.

## 10. California Civil Code § 2223 — Constructive Trust

231. All property, rights, and instruments wrongfully acquired through these acts are **held in constructive trust** for the rightful owner, the Plaintiff.

232. Defendants' possession of any such property constitutes **continuing breach of fiduciary duty, commercial conversion, and unjust enrichment**, enforceable through restitution and equitable forfeiture.

233. Under § 2223 and the *Restatement (Third) of Restitution §§ 43–55*, Defendants stand as **faithless trustees de son tort**, personally liable for all gains, profits, and damages derived from their fraud.

## Section Conclusion

234. Each violation herein operates **cumulatively**, not in isolation, forming a pattern of systemic abuse and willful disregard for both the State and Federal Constitutions.

235. The California judiciary and BAR establishment, through collusion and dereliction, have **converted the courts of the People into instruments of extortion and fraud.**

236. Every act committed under such usurpation is **void, ultra vires, and criminally actionable**, demanding immediate vacatur, restitution, and prosecution.

237. The California Constitution — like the federal one — provides no immunity for those who wage war against it under color of office.

238. **Justice demands exposure, equity demands remedy, and law demands retribution.**

## D. THE RESULTING CONSTITUTIONAL CRISIS AND SUMMARY OF CONSTITUTIONAL AND STATUTORY TREASON
### (Verified Under 28 U.S.C. § 1746)

239. What now stands before this Court is **not a judiciary**, but a **commercial cartel disguised as one** — a private guild of BAR officers and administrative impostors using the appearance of law to wage open war upon its substance.

240. Through falsified records, unlawful remands, suppression of verified filings, and retaliation against the exercise of constitutional rights, Defendants have **dismantled the rule of law** and replaced it with a system of racketeering, coercion, and concealment.

241. Their actions are not mere procedural errors but **criminal acts** — treason by misprision and willful conspiracy to subvert the Constitution, in violation of **18 U.S.C. § 2381 (Treason), 18 U.S.C. §§ 241–242 (Civil Rights Conspiracy and Deprivation Under Color of Law), and 42 U.S.C. § 1983 (Deprivation of Rights Under Color of Statute)**.

242. Each Defendant, by oath, was bound to uphold the Constitution — yet each instead **weaponized public office as a private instrument of commerce, fraud, and retaliation**, thereby forfeiting every claim of immunity or privilege.

243. No officer of the United States, whether judicial or administrative, may override the Constitution by rule, custom, or discretion. **"The Constitution of the United States is the supreme law of the land, binding upon every officer who takes an oath to support it." — Marbury v. Madison, 5 U.S. 137 (1803).**

244. This Court, therefore, now sits as the **only lawful tribunal of last resort**, vested by Article III, § 2 and equity to enforce the Constitution, vacate every void act, and restore the rule of law against those who have betrayed it.

## The Cumulative Acts Constitute a Continuing Criminal Enterprise

245. The cumulative acts of the Defendants, jointly and severally, constitute:

a. **Fraud upon the court** and **simulation of legal process** in violation of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944);

b. **Extortion, coercion, and commercial conversion** of private trust property under *18 U.S.C. §§ 1951 (Hobbs Act), 654,* and *18 U.S.C. § 872*;

c. **Racketeering and peonage** through unlawful enforcement of non-existent debts and simulated obligations under *18 U.S.C. §§ 1581, 1589*, and *1961–1964*;

d. **Obstruction of justice** and **tampering with federal proceedings** under *18 U.S.C. §§ 1503, 1512, 1519*;

e. **Defamation and deprivation of rights under color of law** in violation of *42 U.S.C. §§ 1983, 1985(3), 1986*; and

f. **Slander of title and fraudulent conveyance** in violation of *U.C.C. §§ 3-505, 9-315*, and *California Civil Code §§ 1708–1710, 2223*.

246. Each of these acts represents a **direct assault on the Constitution and the People's sovereignty**, and when aggregated, they rise to the level of **civil and criminal treason** under *18 U.S.C. §§ 241–242* and the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which strips all officers of immunity when they act in a private or commercial capacity.

247. Every act carried out under a **void judgment, disqualified judge, or fraudulent order** is legally null, commercially unenforceable, and constitutionally void ab initio. Such acts confer no rights, impose no duties, and create no lawful

obligations. *See Vallely v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348 (1920); *Ex parte Virginia*, 100 U.S. 339 (1879).

248. As *Ex parte Virginia* unequivocally held:

> "When rights secured by the Constitution are denied, the accused party ceases to act as a judge and becomes a trespasser in law."

249. The record of verified evidence and unrebutted affidavits establishes conclusively that the Defendants, under the direction and protection of the BAR, have transformed the judiciary into a **racketeering syndicate** — a self-policing monopoly that protects its own and punishes dissent.

250. This is not governance; it is **organized betrayal** — a breach of the public trust so grave that it qualifies as **constitutional warfare against the People.**

251. The law of the United States and the eternal maxims of equity provide but one remedy:

a. **Immediate vacatur** of all void and ultra vires acts.

b. **Full restitution and equitable restoration** of property, rights, and status unlawfully taken;

c. **Compensatory, punitive, and treble damages** under civil RICO and *42 U.S.C. § 1983*;

d. **Permanent injunction** against any further simulated legal process or interference with Plaintiff's rights; and

e. **Criminal referral and prosecution** for treason, fraud, extortion, obstruction, and deprivation of rights under color of law.

252. Anything less would reduce this Court to complicity in the very corruption exposed herein.

253. **Equity demands correction. The Constitution demands accountability. Justice demands judgment.**

# VII. SERVICE OF COMPLAINT, SUMMONS, AND NOTICE

254. Service of process in this action has been effected strictly in accordance with the United States Code, Federal Rules of Civil Procedure, and unrebutted contractual notices previously served upon all Defendants.

255. No Defendant may feign lack of notice or evade jurisdiction, as both statute and contract law bind them to the methods employed herein.

## A. Statutory Basis and Postal Recognition under 28 U.S.C.

### 1. Judicial Notice of U.S. Mail as Federal Instrumentality

256. Under 28 U.S.C. § 1746 and Rule 5(b)(2)(C) of the Federal Rules of Civil Procedure, service by mail is expressly recognized as proper when addressed to a party's last known address. Certified or registered mail provides proof of mailing and receipt, which creates prima facie evidence of service under federal law.

**Authority:**

- Federal Rules of Civil Procedure, Rule 5(b)(2)(C) — "A paper is served under this rule by... mailing it to the person's last known address—in which event service is complete upon mailing."

- Registered and certified mail are both federally controlled services administered under Title 39 U.S.C. § 101 et seq. and fall within federal jurisdiction. Once deposited in the U.S. mail, the document enters the custody of a federal instrumentality, and delivery is deemed made when placed in the mailbox or signed for under the Mailbox Rule.

## B. The Mailbox Rule and Presumption of Receipt

257. The Mailbox Rule, codified through common law and incorporated into procedural jurisprudence, holds that a properly addressed and mailed document is presumed received by the addressee. This presumption has been reaffirmed in both civil procedure and commercial contract law.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

**Key Cases:**

- *Hagner v. United States*, 285 U.S. 427 (1932) — "Proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."

- *Rosenthal v. Walker*, 111 U.S. 185 (1884) — The U.S. Supreme Court reaffirmed that certified or registered mail satisfies notice requirements in commerce and contract law.

258. Therefore, service by registered or certified mail constitutes lawful constructive notice and creates a binding presumption that the recipient, including a judge or official, has received the instrument and is charged with notice.

## C. 28 U.S.C. § 2072 – Substantive Right Cannot Be Abridged

259. Under 28 U.S.C. § 2072(b) ("Rules Enabling Act"), procedural rules cannot "abridge, enlarge, or modify any substantive right."

260. The right to serve by mail, when arising from commercial contract law, due process, or administrative procedure, is a substantive right—especially when the party explicitly contracts or consents to receive notice via mail, email, or other medium.

261. Therefore, no court or judge can lawfully abridge or deny a properly executed service or notice by registered or certified mail, as doing so would violate the Rules Enabling Act and due process rights under the Fifth and Fourteenth Amendments.

## D. Contractual and Commercial Enforcement via Affidavit

262. When you include a Notice of Intent to Sue or Affidavit of Service Agreement, with a clause stating that failure to respond constitutes acceptance of service via email or USPS mail, you create a binding contract under UCC § 1-201(3) and UCC § 2-206.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

263. Silence in the face of a lawful offer and verified affidavit constitutes tacit acquiescence or procuration, particularly when the recipient holds a fiduciary or public office with a duty to respond.

**Authority:**

- *Carmine v. Bowen*, 64 A. 932 (Pa. 1906) — "Silence is equated with fraud where there is a duty to speak."
- *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977) — Silence or misrepresentation by omission is constructive fraud.
- *UCC § 1-303(b)* — Course of dealing and usage of trade create expectation of response; failure to object within a reasonable time affirms acceptance.

264. Thus, an unrebutted affidavit of mailing or notice becomes binding truth in commerce, admissible under 28 U.S.C. § 1746 and Federal Rule of Evidence 902(9) (self-authenticating commercial documents).

## E. Judicial Duty to Respond and Administrative Accountability

265. A judge, though acting in a judicial role, remains a public officer under oath and bond. When a verified complaint or notice is properly served by registered or certified mail, that judge (if named as a defendant or respondent) has a ministerial duty to acknowledge receipt, respond, or refer the matter to appropriate counsel.

266. Failure to respond constitutes default and dishonor under UCC § 3-505 and § 1-103(b) (common law principles supplementing the UCC), and can be memorialized through Notice of Fault and Opportunity to Cure leading to Certificate of Dishonor or commercial lien enforcement.

## F. Summary of Legal Effect

267. The summary of the legal effect is:

- Registered/Certified Mail = Federal Service with Legal Presumption of Receipt
- Mailbox Rule = Constructive Delivery upon Deposit

- 28 U.S.C. § 2072(b) = Right to Contractual or Mail Service Cannot Be Abridged
- 28 U.S.C. § 1746 = Affidavit Verification Satisfies Oath Requirement
- Unrebutted Affidavit = Truth in Commerce and Binding Agreement

## G. Statutory Authority for Service by Certified Mail

268. Fed. R. Civ. P. 4(i)(1)–(3) expressly authorizes service upon the United States, its agencies, officers, and employees by registered or certified mail. Specifically:

269. A copy of the summons and complaint may be sent by certified or registered mail to the civil-process clerk of the U.S. Attorney for the District of Columbia, and A copy must be sent by certified or registered mail to the Attorney General of the United States in Washington, D.C.

270. When the defendant is a federal officer or employee sued in an individual capacity, Rule 4(i)(3) permits direct service by certified or registered mail upon that officer personally.

271. 28 U.S.C. § 1391(e)(1) confirms that venue and service are proper in this District when any defendant is an officer or employee of the United States acting under color of office, as all such officers are legally deemed to reside in Washington, D.C.

272. Certified mail creates a presumption of lawful delivery and receipt under federal evidentiary law. When coupled with a verification under 28 U.S.C. § 1746, such service is conclusive absent sworn rebuttal.

273. Registered and certified mail are both federally controlled instruments under Title 39 U.S.C. § 101 et seq., administered by the United States Postal Service as a federal instrumentality. Once deposited, the document enters federal custody and becomes part of an official chain of custody recognized under 28 U.S.C.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

and Rule 5(b)(2)(C). The Mailbox Rule therefore applies, and delivery is presumed upon deposit.

## H. Due Process and Constructive Notice

274. Under *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306 (1950), due process requires only that notice be "reasonably calculated" to apprise the parties.

275. Certified mail satisfies and exceeds this requirement: it provides a federal chain of custody, date-stamped evidence of dispatch and receipt, and verifiable delivery — the hallmarks of lawful notice under the Fifth Amendment's Due Process Clause.

276. The Mailbox Rule, recognized in *Hagner v. United States*, 285 U.S. 427 (1932) and *Rosenthal v. Walker*, 111 U.S. 185 (1884), holds that a properly addressed and mailed document is presumed received. This presumption of receipt is embedded in both contract and commercial law and carries full evidentiary weight absent rebuttal.

## I. Prior Consent and Contractual Obligation to Accept Service

277. Beyond statutory sufficiency, every Defendant in this action has already agreed — by silence and unrebutted acceptance — to receive service and correspondence via United States Postal Service mail and electronic mail.

278. Each Defendant was previously served with Verified Notices, Conditional Acceptances, and Affidavits of Fact, all executed under penalty of perjury pursuant to 28 U.S.C. § 1746, which explicitly offered and established service by USPS Certified Mail and email as the agreed-upon means of lawful notice and communication.

279. None of those verified instruments was ever rebutted by counter-affidavit or verified denial. Under long-standing principles of commercial law, unrebutted

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

verified instruments stand as truth in commerce and operate as binding contracts by tacit procuration.

280. Pursuant to Article I, Section 10 of the Constitution of the United States, "No State shall… pass any Law impairing the Obligation of Contracts." The unrebutted filings therefore constitute lawful, binding private contracts between the parties which cannot be impaired, ignored, or nullified by any court, clerk, or officer. Any attempt to disregard those agreements would itself be an impairment of contract and a violation of Article I, Section 10.

281. Accordingly, all Defendants are contractually and lawfully bound to accept notice, pleadings, and service of process via Certified or Registered Mail, Return Receipt Requested, and via electronic mail to the addresses and domains previously used for official communication.

282. Under 28 U.S.C. § 2072(b) (the Rules Enabling Act), no procedural rule may abridge a substantive right. The right to contract for service and notice by mail is a substantive one, rooted in commercial and constitutional law; therefore courts cannot lawfully deny or abridge service by registered or certified mail that is contractually agreed to and statutorily authorized.

## J. Execution of Service in This Action

283. Consistent with the above authorities and agreements, Plaintiff has effected service upon:

- The Civil-Process Clerk, U.S. Attorney's Office for the District of Columbia;

- The Attorney General of the United States, U.S. Department of Justice, Washington, D.C.; and

- Each named Defendant, individually and/or officially, via Certified Mail, Return Receipt Requested, and by verified email transmission to their official or last-known addresses.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

284.Postal certifications, return receipts, and transmission logs are attached as Verified Proofs of Service and incorporated by reference under 28 U.S.C. § 1746.

## K. Legal Effect

285.Upon completion of certified-mail service and electronic notice — both authorized by statute and ratified by prior agreement — jurisdiction attaches immediately.

286.Defendants are in lawful receipt of process and are presumed to have actual and constructive notice.

287.Failure to timely plead or otherwise respond constitutes default under Fed. R. Civ. P. 12(a) and 55(a) and operates as tacit admission and commercial dishonor.

288.Any judicial attempt to disregard the validity of such service would amount to obstruction of due process, impairment of contract, and dereliction of statutory duty.

289.Judges, as public officers under oath and bond, carry a ministerial duty to acknowledge lawful service and respond to verified complaints served by certified mail. Failure to do so constitutes default and dishonor under UCC §§ 1-103 and 3-505 and may be memorialized through Notice of Fault, Opportunity to Cure, and Certificate of Dishonor.

## L. Supporting Authorities

290.Support authorities are as follows:

- *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314–15 (1950) — Service by mail fully satisfies due process where it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action."

- *Greene v. Lindsey*, 456 U.S. 444, 455 (1982) — Due process does not require personal service; mail notice is constitutionally adequate when it provides a reliable means of reaching the defendant.

- *In re Villarreal*, 304 F. Supp. 2d 1018, 1022 (S.D. Tex. 2004) — "Certified mail constitutes valid service upon federal officials under Rule 4(i) when properly addressed and verified by postal certification."

- *McMasters v. United States*, 260 F.3d 814, 817 (7th Cir. 2001) — Service by certified mail on the Attorney General and U.S. Attorney fully complies with Rule 4(i) and establishes jurisdiction over the United States.

- *Armstrong v. Sears*, 33 F.3d 182, 187 (2d Cir. 1994) — Federal officers sued individually may be served by certified mail under Rule 4(i)(3) where the officer receives actual notice and opportunity to respond.

- *Moore v. Hosemann*, 591 F.3d 741, 747 (5th Cir. 2009) — Certified mail delivery to a public official's office or address of record is constructive notice sufficient for due process and satisfies Rule 4.

- *Schoen v. United States*, 776 F. Supp. 908, 911 (D. Md. 1991) — "Service by certified mail upon the United States Attorney and Attorney General, with signed return receipts, constitutes prima facie proof of valid service."

- *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972) — Certified mail service satisfies due process because it provides a clear record of delivery; refusal to accept mail does not defeat service.

- *Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384 (1947) — Officers of the United States are bound by their representations and acts within the scope of authority; silence and inaction after notice bind the government the same as any private entity under the Clearfield Doctrine.

- *Carmine v. Bowen*, 64 A. 932 (Pa. 1906) — "Silence is admission when there is a duty to speak." Unrebutted affidavits and verified notices stand as truth in commerce and operate as binding contracts.

- *United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977) — "Silence can only be equated with fraud when there is a duty to speak." Once federal

officers receive verified notice, failure to rebut constitutes knowing concealment and tacit acquiescence.

- *Thompson v. United States*, 312 F.2d 516, 519 (10th Cir. 1962) — "An unrebutted affidavit stands as admitted truth and must be accepted as evidence."

- *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) — Verified statements made under penalty of perjury carry evidentiary weight equivalent to affidavits and must be considered as competent evidence under Rule 56(c).

- *Clearfield Trust Co. v. United States*, 318 U.S. 363, 366 (1943) — When the United States or its officers enter the commercial sphere, they are subject to the same liabilities as any private corporation. Government actors cannot evade liability through sovereign immunity once engaged in commercial or administrative acts.

- *United States v. Anderson*, 318 F.3d 1213, 1216 (10th Cir. 2003) — Courts recognize certified-mail service as "legally sufficient and presumptively valid" when the sender produces postal proof of mailing and delivery confirmation.

## M. Cumulative Effect

291. Together, these authorities make it unmistakable that:

- Certified mail is a lawful and constitutionally sufficient means of service upon federal officers, agencies, and employees under Rule 4(i);

- Unrebutted verified filings and affidavits are binding as evidence and contractually enforceable under commercial law and Article I, Section 10;

- Silence constitutes acceptance, and failure to rebut verified notices converts them into binding private contracts enforceable in any court of competent jurisdiction; and

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

- Any attempt to deny the validity of such service or agreements is repugnant to due process, commercial law, and the constitutional prohibition on impairment of contracts.

## N. Section Conclusion

292. Accordingly, the verified record, statutory authority, and controlling precedents leave no ambiguity: Service of process by Certified or Registered Mail and verified electronic delivery is valid, complete, and binding as a matter of law, equity, and contract.

293. Each Defendant has expressly and tacitly ratified these methods through unrebutted verified instruments executed under 28 U.S.C. § 1746, which now stand as binding contracts enforceable under Article I, Section 10 of the Constitution.

294. Under both statutory and constitutional law, service is lawful, perfected, and irreversible, and jurisdiction is fully attached.

295. All Defendants are in lawful receipt of process and are therefore subject to this Court's jurisdiction in both their public and private capacities, with no lawful avenue to contest notice or escape accountability.

## O. Enforcement of Jurisdiction and Waiver of Service Defenses

296. Under **Fed. R. Civ. P. 12(h)(1)**, any objection to service or personal jurisdiction is **waived** if not raised in the first responsive pleading or motion. Each Defendant, including judicial officers, received actual and constructive notice by Certified and Registered Mail and failed to object or respond.

297. Accordingly, all service objections are **waived as a matter of law**, and jurisdiction is conclusively established.

298. The **Federal Rules do not elevate form over substance.** Once actual notice is proven by certified mail receipt and verified affidavit under **28 U.S.C. § 1746**, the constitutional due-process standard in *Mullane v. Central Hanover Bank,*

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

339 U.S. 306 (1950) — "reasonably calculated to apprise interested parties" — is satisfied and exceeded.

299. Defendants' silence, combined with verified postal proof, establishes **default, dishonor, and waiver of any procedural challenge** under both law and equity.

## P. Judicial Estoppel and Canon Violation

300. Any judge who later claims "improper service" while having received certified-mail notice, or while their clerk docketed said mailing, violates **Judicial Canons 1, 2, and 3**, engaging in **willful concealment of record service** and **obstruction of justice**.

301. Such conduct constitutes **fraud on the court**, see *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and strips the actor of immunity under **Ex parte Virginia**, 100 U.S. 339 (1879).

302. Judicial officers have a **ministerial, nondiscretionary duty** to acknowledge lawful service and may not evade it through silence or obstruction.

## Q. Commercial and Evidentiary Finality

303. Each Certified-Mail or Registered-Mail number and PS Form 3811 constitutes *self-authenticating* evidence under **Fed. R. Evid. 902(9)** and establishes a complete **federal chain of custody** proving service.

304. Unrebutted verification under **28 U.S.C. § 1746** transforms each proof into a **final evidentiary fact** under **Anderson v. Liberty Lobby, 477 U.S. 242 (1986)**.

305. Thus, all service is perfected, jurisdiction attached, and the record closed to contradiction.

306. Any continued denial or refusal to recognize such service constitutes **commercial dishonor, fraudulent concealment**, and **obstruction of due process**, actionable under **42 U.S.C. § 1983** and **18 U.S.C. § 1503**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

# VIII. *VERIFIED* FILINGS, UNREBUTTED AFFIDAVITS, AND THE FAILURE OF ATTORNEY HEARSAY AS EVIDENCE

### *(Verified Under 28 U.S.C. § 1746)*

307. This Court is not faced with a battle of narratives but with a record of verified, unrebutted fact. Plaintiff's verified affidavits, declarations, and filings—each executed under penalty of perjury pursuant to 28 U.S.C. § 1746—stand as **competent, admissible, and binding evidence**. Defendants, by contrast, have submitted nothing verified. Their filings are mere *attorney hearsay*, wholly inadmissible under the Federal Rules of Evidence and incapable of rebutting sworn fact.

## A. Attorney Statements Are Not Evidence

308. **Controlling Authority:** The Supreme Court and federal courts have consistently held that **arguments of counsel are not evidence** and cannot rebut verified filings or affidavits:

- *Trinsey v. Pagliaro*, 229 F. Supp. 647, 649 (E.D. Pa. 1964):
  "Statements of counsel in brief or in argument are not facts before the court and are therefore insufficient for a motion to dismiss or summary judgment."

- *United States v. Lovasco*, 431 U.S. 783, 790 n.7 (1977):
  "Arguments of counsel are not evidence."

- *In re Zermeno-Gomez*, 868 F.3d 1048, 1052 (9th Cir. 2017):
  "Unsworn statements of counsel are not evidence."

- *Fed. R. Civ. P.* 56(c):
  Only "pleadings, depositions, answers to interrogatories, admissions on file, and affidavits" may support or oppose summary judgment. Attorney argument is conspicuously absent because it is **not competent evidence**.

- **28 U.S.C. § 1746:**

  Congress expressly authorized verified declarations made under penalty of perjury to carry the **same evidentiary weight as a sworn affidavit**.

309. **Application to This Case:** Every one of Plaintiff's filings—verified under § 1746—constitutes prima facie evidence. None has been rebutted by affidavit, verified denial, or admissible fact. Every opposing submission consists solely of **unverified argument**, which carries no evidentiary value.

310. As a matter of law and evidence, **attorney hearsay cannot defeat sworn truth**. The verified record controls; the lawyer's pen does not.

311. Accordingly, Defendants stand in verified dishonor, default, and silence. The Court is bound to adjudicate on verified fact, **not narrative fiction**.

## B. Legal Maxims and Binding Evidentiary Effect of Unrebutted Affidavits

312. **Affidavits as Judgment in Commerce and Law:** The record before this Court is not hypothetical — it is composed of sworn, unrebutted, verified evidence that stands as **final truth in commerce and law**:

- **"An unrebutted affidavit stands as truth in commerce."** — Maxim of Law; *U.C.C.* § 1-202.

- **"He who does not deny, admits."** — *Qui non negat, fatetur.*

- **"An unrebutted claim becomes the judgment in commerce."** — Maxim of Commercial Law.

- **"Silence is acquiescence when there is a duty to speak."** — *Qui tacet consentire videtur ubi loqui debuit ac potuit.*

- **"He who fails to assert his rights has none."** — *Vigilantibus non dormientibus aequitas subvenit.*

- **"What is not denied is admitted."** — *Fed. R. Civ. P.* 8(b)(6).

**313.Judicial and Commercial Precedent:**

- *United States v. Kis*, 658 F.2d 526, 536 (7th Cir. 1981):

  "An unchallenged affidavit must be accepted as true."

- *Group v. Finletter*, 108 F. Supp. 327 (D.D.C. 1952):

  "An affidavit, if uncontroverted, is sufficient to support a judgment."

- *Carter v. Clark*, 616 S.W.2d 218 (Tex. Civ. App. 1981):

  "An affidavit is admissible evidence and stands as truth unless rebutted by

  counter-affidavit or competent evidence."

- *Fed. R. Evid.* 301:

  "An unrebutted presumption becomes fact in law."

**314.**These controlling authorities make one point inescapable: **A verified,
unrebutted affidavit is dispositive and self-executing as judgment in
equity, law, and commerce.**

## C. Evidentiary Consequences and Binding Legal Effect

**315.**Defendants' total failure to rebut or controvert verified evidence
constitutes **admission, acquiescence, and default** under the Federal
Rules of Civil Procedure, the Uniform Commercial Code, and established
maxims of equity.

**316.**The Court, sitting in equity under Article III § 2, is bound to recognize
the verified record as controlling evidence of fact. Attorney argument cannot
override verified evidence, nor can judicial discretion substitute for sworn
truth.

**317.**Under *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943),
government officers and BAR-member attorneys acting in private commercial
capacity are subject to the same liabilities and evidentiary standards as
private persons. Their silence and failure to rebut verified affidavits
constitute binding admission and commercial dishonor.

## D. Section Conclusion

318.The verified affidavits and filings in this matter are **prima facie evidence, binding judgment, and self-authenticating truth** under federal law and commercial equity. Defendants' attorney hearsay filings, devoid of verification or personal knowledge, carry no legal or evidentiary weight.

319.Under *Trinsey v. Pagliaro*, *United States v. Kis*, and *Fed. R. Civ. P.* 56(c), the Court is compelled to rule on verified evidence — not on lawyer fiction.

320.Every unrebutted affidavit stands admitted as truth, every verified fact as judgment, and every attorney argument as void noise.

**321.**Accordingly, the verified record is **controlling and conclusive**, and any refusal by this Court to honor it would itself constitute **fraud upon the court, obstruction of justice, and denial of due process under color of law.**

## IX. OFFICERS OF THE COURT, BAR ASSOCIATION COLLUSION, AND INHERENT CONFLICTS OF INTEREST

322.All attorneys and judges named herein, and those acting in concert with them, are **officers of the court**—members and agents of the same private BAR (British Accredited Registry) association network operating as an **exclusive, self-regulating guild** under color of law. This structure creates an **inherent, perpetual, and undisclosed conflict of interest** between the judiciary, the legal profession, and the People whom they purport to serve.

323.By design, every BAR member—whether acting as attorney, judge, clerk, or commissioner—owes primary allegiance to the **corporate BAR association**, not to the Constitution or to the public trust. This allegiance is memorialized in **BAR membership oaths**, dues, and disciplinary systems that are wholly **private and foreign** to the Constitution for the United States of America. The judiciary and its

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

officers therefore operate not as neutral arbiters, but as **commercial agents and beneficiaries of a closed fraternity**, functioning as a **criminal syndicate in robes** rather than a lawful branch of government.

324. All judges are BAR members or BAR-sponsored appointees; all attorneys are **sworn officers of the same system**; all clerks, commissioners, and state agents answer to BAR procedure and profit from its monopolized control over public access to justice. This structure ensures that every case, particularly one challenging their authority or exposing fraud, is adjudicated by **members of the same private club**—an organization with direct financial and reputational incentive to suppress dissent, protect its members, and conceal fraud.

325. This cartelized relationship renders every purported proceeding in which both judge and counsel are BAR members **structurally biased, commercially conflicted, and void of impartiality**. No judge can lawfully preside over a matter in which the outcome impacts fellow BAR members, colleagues, or subordinates within the same corporate hierarchy. Such conflicts destroy even the appearance of justice and violate the bedrock principle that **"no man can serve two masters"** or "be a judge in his own cause."

**Authority:**

- *Tumey v. Ohio*, 273 U.S. 510 (1927) — "Every procedure which would offer a possible temptation to the average man as a judge to forget the burden of proof placed upon the prosecution denies due process of law."

- *In re Murchison*, 349 U.S. 133 (1955) — "Our system of law has always endeavored to prevent even the probability of unfairness."

- *Caperton v. A.T. Massey Coal Co.*, 556 U.S. 868 (2009) — "Due process requires recusal when the probability of actual bias is too high to be constitutionally tolerable."

- *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943) — When government officers enter the commercial or private sphere, they act as private entities and lose immunity.

326. The BAR's monopolistic stranglehold on the courts constitutes **a continuing enterprise in restraint of trade**, in violation of the Sherman Act (15 U.S.C. §§ 1–3), depriving non-members and private citizens of equal access to justice and remedy. This club of attorneys and judges enforces its monopoly through **extortionate licensing**, **threats of contempt**, and **collusive case management**, using public office as a shield for private profit.

327. Thus, every BAR-affiliated actor named herein—including Sykes, Gee, Marquez, and the Bailey Defendants—operated within a **self-dealing commercial enterprise**, where **judges protect attorneys**, **attorneys feed the court system with false cases**, and **clerks facilitate the fraud through docket manipulation and procedural obstruction**. This systemic collusion is not theoretical; it is operational, evidenced, and verified through conduct and record across all cases cited herein.

328. These officers of the court do not serve law—they **serve the corporation**, and in doing so they have **abandoned their oaths**, **violated due process**, and **weaponized their offices** against the People and their rights. Their conduct constitutes a **pattern of racketeering activity**, commercial treason against the Constitution, and a repudiation of the very principles of fairness and equity they swore to uphold.

329. Accordingly, all judicial and BAR-affiliated defendants are **jointly and severally liable** for fraud, collusion, deprivation of rights under color of law, abuse of process, and racketeering in violation of 18 U.S.C. §§ 241, 242, 1961–1964 and 42 U.S.C. §§ 1983, 1985(3), 1986. Their acts and omissions have **shattered the integrity of the judiciary**, converting courts of supposed justice into **commercial**

enforcement arms of a private BAR cartel, rendering every action taken under such conflict **void _ab initio_** as a matter of law, equity, and conscience.

## X. FACTUAL BACKGROUND (Verified)

### A. My Perfected Title and Secured Interests

**330.** I, Kevin, Real Party In Intrest/Heir/Secured Party/Executor/Injured Party In Fact hold **lawful, equitable, and commercial title** to the real property commonly known as **31990 Pasos Place, Temecula, California 92592 (APN 957-570-005)**, through **recorded Grant Deeds** and **perfected security interests** in accordance with the **Uniform Commercial Code**, **California Commercial Code**, and **constitutional property protections**.

331. The **recorded chain of title** includes:

    f. **Grant Deed #2022-0490841**, recorded **December 5, 2022**, lawfully transferring and vesting beneficial and equitable ownership; and

    g. **Grant Deed #2024-0291980**, recorded **September 27, 2024**, further confirming and conveying equitable title to the **WG Private Irrevocable Trust**, the lawful and beneficial titleholder.

332. Title and ownership were **further perfected through UCC-1 Financing Statement File #2024385925-4** and **UCC-1 Financing Statement File #2024385935-1**, both recorded on **February 13, 2024**, establishing **first-position, perfected security interests** in all property, fixtures, proceeds, and derivative rights associated with said parcel. These filings lawfully secured all equitable, beneficial, and commercial interests against any and all subsequent claims, liens, encumbrances, or colorable instruments.

333. Under **UCC §§ 9-102, 9-203, 9-308** (Cal. Com. Code §§ 9102, 9203, 9308), these filings constitute **conclusive perfection** of interest and **notice to the world** of my superior claim. They establish that no lawful lien, mortgage, or trustee

interest may attach, and that any later-recorded document, sale, or conveyance made without my express consent is **void _ab initio._**

334.The **note and deed of trust** formerly associated with the property were **lawfully bifurcated and extinguished**, and the underlying obligation **lawfully discharged** and settled in full in accordance with **UCC §§ 3-601, 3-603, 31 U.S.C. § 5118(d)(2)**, and **Public Law 73-10 (HJR 192, 48 Stat. 112)**. Once discharged, no valid debt, obligation, or enforceable lien remained, rendering any subsequent trustee or beneficiary claim **commercially void** and **legally impossible** to enforce.

335.All acts of tender, acceptance, and discharge were executed in **good faith, for value, and in commerce**, lawfully satisfying all contractual obligations and securing equitable title free and clear of any lawful encumbrance. Said filings and recordings have **never been rebutted, contested, or lawfully rescinded**, and thus stand as **self-executing, verified, and conclusive evidence** of ownership, priority, and perfected standing.

336.Under the doctrine of **nemo dat quod non habet**—no one can convey what they do not own—no subsequent actor, including any purported trustee, lender, or assignee, can lawfully transfer, foreclose, or encumber the property. Any attempt to do so constitutes **fraudulent conveyance**, **commercial trespass**, and **conversion of trust corpus**.

337.As such, **the WG Private Irrevocable Trust** retains full, lawful, and equitable title, free from all colorable claims. All documents, deeds, and filings contrary to this perfected record—including any purported Trustee's Deed Upon Sale—are **void ab initio, fraudulent on their face**, and **without legal or commercial effect.**

338.These verified facts are fully supported by **Exhibits A through I, W, and Z**, incorporated herein by reference and forming part of this verified complaint in

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

equity. Each document constitutes **admissible evidence** under **28 U.S.C. § 1746** and the **Federal Rules of Evidence**, and remains **unrebutted, uncontested, and binding in equity** as a matter of law.

## B. Legal Effect of Perfected Security Interests and Extinguished Obligations

339. Once the obligation was lawfully discharged, bifurcated, and settled, **no debt remained in existence capable of securing or supporting a deed of trust**. The separation of the note from the deed rendered the security instrument **void ab initio** under established law. See *Carpenter v. Longan*, **83 U.S. 271 (1872)** ("The note and mortgage are inseparable; the former as essential, the latter as an incident. When the note is paid, the mortgage expires.").

340. Consequently, the deed of trust became a **naked instrument without substance or consideration**, incapable of conveying, transferring, or enforcing any interest. Any subsequent attempt by a trustee or purported beneficiary to foreclose or transfer title constituted **fraudulent conversion of property** and **unlawful taking without just compensation** in direct violation of the **Fifth Amendment** to the Constitution for the United States of America.

341. Under **UCC §§ 3-601, 3-603, and 3-604** (Cal. Com. Code §§ 3601–3604), lawful discharge of an obligation extinguishes the underlying instrument, rendering all dependent claims, liens, or security interests **legally null and commercially unenforceable**. No trustee, assignee, or successor can lawfully revive or enforce a discharged instrument.

342. The **WG Private Irrevocable Trust** lawfully received conveyance of the property and perfected its secured and equitable interest through verified filings and recorded instruments. This perfection constitutes **constructive and actual notice to all parties, private and public**, under **UCC § 9-312** and **Cal. Com. Code § 9317**, foreclosing any subsequent colorable claim.

343. Any foreclosure, transfer, or seizure executed thereafter constitutes **an unconstitutional taking**, **conversion**, and **constructive fraud** in violation of:

    a. The **Fifth Amendment's Takings Clause**,

    b. **42 U.S.C. §§ 1983, 1985(3), and 1986**, for deprivation of rights under color of law,

    c. The **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, **318 U.S. 363 (1943)**), which holds that when government officers or private entities engage in commercial acts, they are stripped of sovereign immunity and answerable as private persons, and

    d. The **Supremacy Clause**, Article VI, Clause 2, which renders any conflicting state action, order, or judgment void.

344. Any purported "trustee" who acted in reliance on a bifurcated, extinguished instrument did so **without standing, without authority, and in total commercial dishonor**, as proven by the **Affidavit and Certificate of Dishonor and Default (Exhibit W)**. Said trustee, having ignored verified affidavits, notices of default, and presentment, stands in unrebutted dishonor and is liable for **fraud, conversion, and deprivation of property under color of law**.

345. The so-called "non-judicial foreclosure" was a **simulated legal process**, executed **without lawful authority, jurisdiction, or due process**, in violation of both **the Fourteenth Amendment** and **Article I, § 10** (which forbids laws impairing the obligation of contracts). Non-judicial foreclosure, once jurisdictionally defective and factually unsupported, becomes **a void commercial act**, not a judicial proceeding, and cannot create or transfer lawful title.

346. The record demonstrates that all trustees and agents involved—including but not limited to those acting under Marinaj Properties LLC and its affiliates— were in verified **commercial default and dishonor**, having failed to respond to or

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF, JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

rebut the lawful administrative procedure and presentment. Each act undertaken thereafter was ultra vires, fraudulent, and constitutionally void.

347. Therefore, any purported **Trustee's Deed Upon Sale**, "assignment," or "substitution" is **null, void, and without force or effect**, incapable of vesting or transferring lawful title. Such instruments are **fraudulent conveyances** and **nullities in commerce**, conveying nothing and binding no one.

348. These verified facts are **self-proving under 28 U.S.C. § 1746**, **binding in equity**, and **irrefutable** under the controlling doctrines of **Clearfield Trust**, **Marbury v. Madison**, **Carpenter v. Longan**, and **Ex parte Virginia**.

## C. Title Bifurcation, Lawful Discharge, and Conveyance to Trust (Unrebutted)

349. By verified instruments, lawful tender, and commercial discharge, the alleged "note" and corresponding "deed of trust" were **bifurcated, extinguished, and fully satisfied** pursuant to UCC §§ 3-601, 3-603, and **Cal. Com. Code §§ 3601, 3603**, which provide that payment or discharge of an instrument terminates all rights to enforce it. Once discharged, no lawful lien, encumbrance, or enforceable obligation remains in existence.

350. Pursuant to the doctrine established in *Carpenter v. Longan*, **83 U.S. 271 (1872)**, "the note and mortgage are inseparable; the former as essential, the latter as an incident; when the note is paid, the mortgage expires." Accordingly, the bifurcation and discharge rendered the deed of trust a **naked instrument without substance or legal force**, incapable of creating, conveying, or enforcing any right, claim, or title.

351. Following discharge, both **legal and equitable title were lawfully conveyed and vested** in **WG Private Irrevocable Trust**, a private, perfected trust entity, as evidenced by recorded grant deeds, perfected UCC-1 financing statements, and corresponding security agreements. These instruments lawfully

separated and settled title under UCC **§§ 9-102, 9-203, 9-308** and **Cal. Com. Code §§ 9102, 9203, 9308**, establishing first-position perfected security interests and constructive notice to all parties, private and public.

352. The verified filings further established that any purported "loan" obligation was **lawfully discharged in commerce and settled in full**, with no remaining claim, lien, or encumbrance enforceable in law or equity. All perfected filings were duly transmitted and recorded, thereby constituting **public notice** and **commercial closure** of the transaction.

353. Under **UCC § 3-505**, the duly issued **Affidavit and Certificate of Dishonor and Default** confirm unrebutted presentment, dishonor, and default by the adverse parties, rendering the perfected security interest and corresponding liens **self-executing and binding as a matter of law**.

354. These verified facts stand **unrebutted**, forming **self-authenticating evidence** under **28 U.S.C. § 1746, UCC §§ 1-201(b)(27), 3-505, 9-312**, and the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, **318 U.S. 363 (1943)**), which removes any presumption of governmental immunity where commercial acts are undertaken. Each filing constitutes competent, admissible, and conclusive proof in both law and equity.

355. No verified rebuttal, counter-affidavit, or lawful claim has ever been entered by any defendant, trustee, or agency. Accordingly, under the **maxims of equity—** *"He who does not deny, admits"*—and under **UCC § 1-103(b)** incorporating the law of equity, estoppel, and good faith, the facts are conclusively established and binding upon all parties.

356. Any subsequent action, foreclosure, or transfer premised upon the extinguished note or deed of trust constitutes **fraudulent conversion, simulated legal process, and commercial trespass upon private trust property**, wholly void ab initio and incapable of conveying or clouding title.

(See attached **Exhibits A through F**, including Grant Deeds, UCC Financing Statements, Security Agreements, and Certificate of Dishonor and Default.)

## D. Voidness of Any Purported Trustee's Deed Upon Sale

357. Because the **note and deed of trust were lawfully bifurcated, extinguished, and discharged** in full prior to any alleged foreclosure activity, and because **title was conveyed, vested, and perfected** in the **WG PRIVATE IRREVOCABLE TRUST** by verified and recorded instruments, **any purported "Trustee's Deed Upon Sale" is void ab initio**, conveys **no title**, and has **no force, effect, or legitimacy in law or commerce**. No sale can transfer what no longer exists; no lien can encumber what has been lawfully discharged; and no party acting under color of foreclosure can override perfected title and verified security interests on the record.

358. Under the maxim **nemo dat quod non habet**—no one can convey what they do not own—any purported transfer, sale, or conveyance predicated upon a **discharged, bifurcated, and void security instrument** is **null, fraudulent, and legally impossible**. Such acts constitute constructive fraud, trespass on title, and conversion of private property without lawful right, jurisdiction, or standing.

359. The **substituted trustee** who executed or facilitated the alleged sale **had no lawful authority to proceed**, as the underlying note, deed of trust, and power of sale had been extinguished and satisfied in full prior to any purported foreclosure. The **trustee's authority was terminated by operation of law**, and any further action constituted **fraud in factum, breach of fiduciary duty, and ultra vires acts** outside the scope of any lawful trust or agency.

360. Moreover, the **entire "non-judicial foreclosure" process lacked due process, notice, and jurisdiction**, rendering it a **simulated legal process and color-of-law deprivation** in violation of **the Fifth and Fourteenth Amendments**. The alleged trustee, beneficiary, and their agents acted **without**

**lawful power, without verification, and without standing**, violating both **state and federal due process requirements** and **the Fair Debt Collection Practices Act (15 U.S.C. § 1692e–f)** by attempting to enforce an extinguished instrument.

361. The **trustee themselves were placed in verified dishonor and default** pursuant to **commercial due process and the Uniform Commercial Code**, as evidenced by the **complete administrative procedure and the duly executed Affidavit and Certificate of Dishonor and Default (see Exhibit Z)**. Said dishonor stands unrebutted and constitutes a **commercial estoppel** against any claim of right, title, or authority.

362. Accordingly, the **Trustee's Deed Upon Sale**, any **Notice of Default**, **Notice of Trustee's Sale**, or any other document recorded or circulated in reliance thereon is **void ab initio**, **fraudulent on its face**, and **legally incapable of divesting equitable or legal title** from the Real Party in Interest. Any act taken under that void instrument constitutes **willful trespass, fraud, and deprivation of rights under color of law**, actionable under **42 U.S.C. §§ 1983, 1985(3), and 1986**.

### E. Quiet-Title Action and Federal Removal (State Case No. CVME2504043 and Federal Case No. 5:25-cv-01434)

363. On **April 16, 2025**, Plaintiff/Real Party In Interest/Injured Party In Fact filed a **Verified Complaint for Quiet Title** in the **Riverside County Superior Court**, with **State employee and judicial officer Raquel A. Marquez** presiding as "judge." Said action was later **removed under 28 U.S.C. § 1443(1)** to federal court due to **fraud, collusion, deprivation of rights under color of law, and conspiracy** among Defendants **Raquel A. Marquez, John Bailey, Therese Bailey, Naji Doumit, Mary Doumit, Daniel Doumit, Bailey Legal Group, and Marinaj Properties LLC.**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

364. Each and every filing by Plaintiff in every related case was **verified under penalty of perjury pursuant to 28 U.S.C. § 1746**, thereby establishing **competent, admissible, and self-authenticating evidence** of (1) **bifurcation** of the note and deed of trust; (2) **lawful discharge of debt** under **UCC §§ 3-601 and 3-603 (Cal. Com. Code §§ 3601, 3603)**; and (3) **perfection of first-position security interests** under **UCC §§ 9-102, 9-203, and 9-308 (Cal. Com. Code §§ 9102, 9203, 9308)**. Said verified filings constitute **prima facie evidence** and are controlling under **Carmine v. Bowen, 64 A. 932 (Pa. 1906)** and **Trinsey v. Pagliaro, 229 F. Supp. 647 (E.D. Pa. 1964)**, which hold that **statements of counsel in briefs are not facts before the court**. Accordingly, **attorney hearsay, unverified declarations, or speculative argument cannot lawfully overcome verified pleadings or sworn evidence**.

365. Despite those **verified and unrebutted facts, Judge Sunshine Suzanne Sykes** proceeded after the filing of a **Verified Motion, Demand, and Verified Affidavit of Bias and Disqualification** under 28 U.S.C. § 144, ruling on her own recusal and issuing **void ab initio orders** in direct violation of Congress's mandatory command that a disqualified judge **"shall proceed no further therein."** Every act thereafter was **ultra vires**, executed **without jurisdiction, without authority, and in bad faith**, constituting **fraud upon the court, obstruction of justice, and deprivation of rights under color of law**.

366. State officer **Raquel A. Marquez**, likewise acting without jurisdiction after lawful removal, **ignored all verified filings, suppressed dispositive evidence, and colluded with John Bailey and Therese Bailey** to sustain fraudulent pleadings and simulated judicial acts. Even **at this very moment**, Marquez continues to **usurp federal and appellate jurisdiction**, issuing orders, **"minute rulings,"** and **"tentative decisions"** in total violation of 28 U.S.C. §§ 1443(1), 1446(d) and **the controlling holding of Griggs v. Provident Consumer**

**Discount Co., 459 U.S. 56 (1982)**, which divests lower courts of all authority upon the filing of a notice of appeal. Such conduct constitutes a **knowing and willful trespass upon federal jurisdiction, obstruction of justice, and judicial misconduct in violation of due process and the separation of powers.**

367. This misconduct directly extends to **related appeals — Nos. 25-5113 and 25-4877**, both pending before the **Ninth Circuit Court of Appeals — which divested the lower courts of jurisdiction**, as well as to **Case No. 5:25-cv-01357**, addressing identical constitutional, jurisdictional, and procedural violations.

368. Meanwhile, **Defendants' counsel** submitted **unverified, defamatory, and frivolous briefs**, smearing the Plaintiff/Real Party In Interest/Injured Party In Fact/Secured Party Creditor with ideological slurs such as **"sovereign-citizen rhetoric"** in lieu of evidence, in direct violation of **Fed. R. App. P. 46(c)** and **28 U.S.C. § 1927**. Such conduct is **unprofessional, sanctionable, and demonstrates bad-faith litigation tactics intended to mislead the court and conceal fraud.**

369. The verified quiet-title filings remain **unrebutted, uncontested, and in full force and effect**, constituting **controlling evidence and judgment in equity**, while all **contrary orders, pleadings, and judicial acts** by Marquez, Sykes, and their co-conspirators are **void ab initio**, **commercially null**, and **legally unenforceable.**

## F. Federal Quiet-Title and Civil-Rights Action (Case No. 5:25-cv-01357)

370. Between June 5 and June 10 2025, the case was duly opened and assigned. I formally declined magistrate jurisdiction and demanded Article III adjudication as a matter of constitutional right.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

371. From June 11 through June 17 2025, I filed verified pleadings and motions under penalty of perjury pursuant to 28 U.S.C. § 1746, including (a) a Verified Complaint for Quiet Title and Civil Rights Violations; (b) a Verified Motion for Temporary Restraining Order; (c) a Rule 42 Motion to Consolidate; and (d) a Verified Motion for Summary Judgment on unrebutted facts. Each submission was self-authenticating evidence under federal law, supported by sworn affidavits, recorded grant deeds, and perfected UCC filings (see **Exhibits A–I and W and Z**).

372. Every filing from the Defendants—including those of John Bailey, Therese Bailey, Bailey Legal Group, and Marinaj Properties LLC—was **unverified attorney hearsay**, unsupported by affidavit or personal knowledge, and therefore inadmissible under Fed. R. Civ. P. 56(c)(4). As the law is clear, *"Statements of counsel in brief or argument are not facts before the court."* — **Trinsey v. Pagliaro**, 229 F. Supp. 647 (E.D. Pa. 1964).

373. Despite this verified record, Judge Sunshine Suzanne Sykes **summarily dismissed the verified pleadings and denied mandatory summary judgment**, directly contravening Fed. R. Civ. P. 56(a), which requires entry of judgment where no material fact is in dispute. No affidavit, declaration, or verified evidence was ever filed to rebut the verified facts of record. Her refusal to adjudicate the verified evidence and her reliance on unsworn attorney hearsay constitute **judicial misconduct, fraud upon the court, and an ultra vires act without jurisdiction.**

374. By ignoring sworn evidence and elevating hearsay over verified fact, Sykes violated the plain requirements of Rule 56, the Due Process Clause of the Fifth Amendment, and the separation of powers. Her orders were entered **in complete absence of jurisdiction** and are therefore **void ab initio** under *Ex parte Virginia*, 100 U.S. 339 (1879); *Bradley v. Fisher*, 80 U.S. 335 (1871); and the **Clearfield Doctrine**, 318 U.S. 363 (1943).

375. All verified filings in Case No. 5:25-cv-01357 remain **unrebutted and self-executing as a matter of law**, and Defendants remain in verified dishonor and default pursuant to UCC § 3-505 and 28 U.S.C. § 1746. The court's summary dismissal was not a judgment on the merits but a jurisdictionally void attempt to shield co-conspirators from liability for fraud, extortion, and civil RICO offenses documented in the verified record.

376. Compounding the fraud and ethical violations, **John Bailey and Therese Bailey appeared as both counsel of record and named co-defendants** in the same federal proceeding, creating a fatal and incurable **conflict of interest** in direct violation of the **Rules of Professional Conduct, Rule 1.7 (Conflict of Interest: Current Clients)** and **Rule 3.3 (Candor Toward the Tribunal)**. By representing themselves and their own firm, Bailey Legal Group, while simultaneously acting as adverse parties to the Plaintiff, they engaged in **self-dealing, obstruction of justice, and fraud upon the court**. Their dual role rendered every filing **void ab initio** for lack of independent counsel, absence of impartiality, and direct breach of fiduciary duty.

377. Judge Sykes had actual and constructive notice of this ethical conflict yet willfully ignored it, thereby ratifying and facilitating their misconduct in violation of her judicial oath and the **Code of Conduct for United States Judges, Canon 2(A)** ("A judge should act at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary."). Her willful disregard of a known conflict constitutes **judicial complicity in obstruction of justice, aiding and abetting racketeering, and violation of 28 U.S.C. §§ 144 and 455**, which mandated her immediate and automatic disqualification **by operation of law**.

378. As a result, all orders entered by Sykes in Case No. 5:25-cv-01357 are **commercially and constitutionally null**, her conduct was in direct defiance of the statutes and judicial canons binding upon her office, and her failure to enter

final judgment constitutes **fraudulent withholding and clerical obstruction**, as documented in the Verified "MOTION AND DEMAND TO REINSTATE APPEAL FOR FRAUDULENT WITHHOLDING OF FINAL JUDGMENT" and the "NOTICE TO STAND ON VERIFIED AND UNREBUTTED COMPLAINT." Both filings remain unanswered and unrebutted, constituting **admission, confession, and commercial default** by the court itself under federal law, equity, and commerce.

## G. Removal of Unlawful Detainer (5:25-cv-01450)

379. On **June 13, 2025**, Plaintiff/Real Party in Interest/Injured Party in Fact lawfully **removed** *Marinaj Properties LLC v. Kevin Realworldfare* (Riverside County Superior Court Case No. UDME2500465) to the **U.S. District Court for the Central District of California**, assigned **Case No. 5:25-cv-01450**, pursuant to **28 U.S.C. §§ 1441, 1443(1), and 1446(d)**. All removal documents were **verified under penalty of perjury** pursuant to **28 U.S.C. § 1746**, duly served upon all parties, and placed all courts and officers on **constructive and actual notice** of federal-question and civil-rights jurisdiction.

380. The verified **Notice of Removal** explicitly invoked **§ 1443(1)** (civil-rights deprivation) and **§ 1446(d)**, which together immediately **divested the state court of all jurisdiction** over the Unlawful Detainer upon filing and service. As confirmed by *Griggs v. Provident Consumer Discount Co.*, **459 U.S. 56 (1982)**, "a properly filed notice of appeal divests the lower court of jurisdiction over those aspects of the case involved in the appeal." The same applies to removal—once perfected, "the State court shall proceed no further" (28 U.S.C. § 1446(d)). Every subsequent action in the UD docket is **void ab initio**.

381. The removal further incorporated and referenced the **two pending verified quiet-title actions**—*Realworldfare v. Marinaj Properties LLC et al.*, **5:25-cv-01357**, and *WG Private Irrevocable Trust et al. v. Marinaj Properties LLC et al.*,

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

5:25-cv-01434—both involving the **same property, same parties, and same nucleus of facts**, thereby establishing that the **quiet-title proceedings control** the adjudication of ownership, possession, and title. Under settled law, **quiet title is a superior action in rem** that determines ownership, while **Unlawful Detainer is an inferior, summary proceeding** that presumes valid title and cannot adjudicate ownership. See *Cheney v. Trauzettel*, 9 Cal.2d 158 (1937) ("An unlawful detainer proceeding does not and cannot adjudicate title."); *Vella v. Hudgins*, 20 Cal.3d 251 (1977) (title must first be determined elsewhere). Accordingly, once quiet title was pending, the UD was **legally subordinate, jurisdictionally extinguished, and barred from proceeding**.

382. Despite these verified facts and jurisdictional mandates, **Judge Sunshine Suzanne Sykes**—then presiding—**willfully ignored the § 1443(1) removal basis**, deliberately **omitted it from the record**, and unlawfully **remanded** the case to state court in open violation of **28 U.S.C. § 1447(d)**, which expressly prohibits remand of civil-rights removals. Sykes's remand was an **ultra vires act**, rendered **without jurisdiction**, and constitutes **fraud upon the court**, **obstruction of justice**, and **usurpation of both federal and appellate authority**. Her actions nullified due process, subverted the Supremacy Clause, and directly violated **Article III judicial limitations** and **the Clearfield Doctrine** (318 U.S. 363 (1943)), which removes immunity when public officers act in private or commercial capacity.

383. After this fraudulent remand, the **state-court Unlawful Detainer continued to proceed illegally**, despite being stripped of all jurisdiction. Subsequent entries and orders, including a **void ab initio "Writ of Possession"** unlawfully issued against the Plaintiff, were made **in complete absence of jurisdiction** and in **direct violation of federal removal law**. Every such act is a **simulation of legal process**, a **constitutional violation**, and a **criminal**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

offense under 18 U.S.C. §§ 241, 242, and 1503, amounting to ongoing **color-of-law deprivation** and **racketeering activity** in furtherance of a civil-rights conspiracy.

384.The verified record also establishes that **Judge Raquel A. Marquez**, presiding over the related **quiet-title action (CVME2504043), ignored all verified filings and affidavits** that established the bifurcation, discharge, and perfected title interests, as well as the jurisdictional removal under § 1443(1). Rather than dismissing or staying the Unlawful Detainer in compliance with law, Marquez **colluded with attorneys John Bailey and Therese Bailey** to sustain fraudulent proceedings and facilitate an unlawful title transfer. She continues, to this very day, to **usurp federal and appellate jurisdiction**, issuing **void orders, minute entries, and tentative rulings** despite the pending federal cases and active Ninth Circuit appeals, constituting ongoing **fraud upon the court** and **obstruction of justice** under 42 U.S.C. §§ 1983, 1985(3), 1986 and 18 U.S.C. §§ 241–242, 1962(c).

385.Moreover, the **indispensable parties**—namely **WG Express Trust** and **WG Private Irrevocable Trust**, which hold equitable and legal title to the property by recorded grant deed—were **never joined in the Unlawful Detainer action**, in direct violation of **Fed. R. Civ. P. 19(a)–(b)** and *Provident Tradesmens Bank & Trust Co. v. Patterson*, **390 U.S. 102 (1968)**. The absence of indispensable parties alone renders every judgment, writ, and order **jurisdictionally void**, as no valid adjudication can occur without joining the true title holders.

386.As a result of this systemic fraud and defiance of jurisdictional law, the Unlawful Detainer action stands **void from inception**, and its derivative "Writ of Possession" and all subsequent acts are **non-binding, commercially null, and constitutionally repugnant**. The entire proceeding remains the subject of **Appeal No. 25-4877 in the U.S. Court of Appeals for the Ninth Circuit**, which

challenges these jurisdictional violations, fraudulent remand, and unlawful post-removal conduct. Every continuing action by state officers, clerks, or judges in the UD matter constitutes **ongoing obstruction of justice** and **contempt of federal authority** under **28 U.S.C. § 1446(d)** and *Griggs*, supra.

387. Accordingly, the Unlawful Detainer and all related state-court proceedings are **void ab initio**, **jurisdictionally null**, and **subject to federal injunction, expungement, and restitution**. No lawful possession, transfer, or enforcement can derive from those proceedings, and every act thereunder operates as **prima facie evidence of bad faith, commercial dishonor, and racketeering conspiracy** by all involved parties and their counsel.

## H. *Verified* Disqualification and Sykes' Ultra Vires Acts wholly without jurisdiction (In Case Nos. 5:25-cv-01450, 5:25-cv-01434, and 5:25-cv-01357)

388. On **July 11, 2025**, and again on **July 14, 2025**, I filed **Verified Motions and Demands to Disqualify Judge Sunshine Suzanne Sykes** under **28 U.S.C. §§ 144 and 455**, and **Federal Rule of Civil Procedure 63**, supported by **Verified Affidavits of Bias, Prejudice, and Conflict of Interest**, duly sworn under **28 U.S.C. § 1746**. These filings were entered into **all active federal cases—** *Realworldfare v. Marinaj Properties LLC et al* (**5:25-cv-01357**), *WG Private Irrevocable Trust et al v. Marinaj Properties LLC et al* (**5:25-cv-01434**), and *Marinaj Properties LLC v. Kevin Realworldfare* (**5:25-cv-01450**)—and served upon all opposing parties.

389. Each affidavit met every statutory requirement for disqualification, establishing **actual bias, pecuniary interest, collusion with opposing counsel, and prejudgment**, thereby **triggering automatic disqualification by operation of law.**

390. Under **28 U.S.C. § 144**, once a proper and verified affidavit of bias is filed, the disqualification is **mandatory**, not discretionary. The statute's language—"**the**

**judge shall proceed no further therein**"—is absolute, unambiguous, and jurisdictional. Under **28 U.S.C. § 455(a)–(b)**, Sykes was **automatically and permanently disqualified** the moment her bias, prejudice, and personal involvement were established in verified form. Her failure to step aside constituted a **willful violation of federal law**, **an ethical breach**, and a **high misdemeanor against the United States** under the Constitution's good-behavior clause.

391. Despite this mandatory disqualification, Sykes **unlawfully ruled on her own recusal motions**, **denied her own disqualification**, and **continued issuing orders** across all three federal dockets—acts that are **void ab initio** and **criminally reckless**. By refusing to transmit the matter for reassignment, she **acted as judge in her own cause**, an act long condemned by the Supreme Court as the essence of judicial treason and fraud. Her conduct directly violated **Canon 2** and **Canon 3(C)** of the **Code of Conduct for United States Judges**, which require judges to disqualify themselves in any proceeding where their impartiality might reasonably be questioned. By proceeding, she **defiled her oath of office**, violated the **Judicial Canons**, and **usurped jurisdiction she did not lawfully possess**.

392. Following her verified disqualification, Sykes proceeded to issue:

- **Orders denying her own recusal and disqualification** (*see Dkts. 50, 69*);

- **Remand orders** (*see Dkts. 52, 70*) in defiance of **28 U.S.C. § 1447(d)**, which prohibits remand of civil-rights removals; and

- **Orders striking verified affidavits and notices**, which are self-authenticating evidence under **28 U.S.C. § 1746** and **U.C.C. § 3-505**.

Each of these actions occurred **after** verified disqualification, rendering

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

them **void ab initio**, **commercially null**, and **jurisdictionally meaningless.**

393.By continuing to act after automatic disqualification, Sykes **forfeited all judicial immunity** and became a **private trespasser acting under color of law**, personally liable for damages and constitutional violations. See *Ex parte Virginia*, **100 U.S. 339 (1879)**; *Bradley v. Fisher*, **80 U.S. 335 (1871)**; *Stump v. Sparkman*, **435 U.S. 349 (1978)**. Her acts were **ultra vires**, **non-judicial**, and **commercially fraudulent**, executed for the private benefit of co-defendants **John Bailey**, **Therese Bailey**, **Naji Doumit**, **Mary Doumit**, **Daniel Doumit**, **Bailey Legal Group**, and **Marinaj Properties LLC**, in collusion to obstruct justice, enforce void instruments, and conceal property theft.

394.These acts collectively violated the **Clearfield Doctrine, 318 U.S. 363 (1943)**, which establishes that government officers engaging in private or commercial conduct are **stripped of sovereign immunity** and held **liable as private individuals**. Once Sykes acted in the interest of private litigants, ignoring verified affidavits, falsifying the record, and usurping appellate jurisdiction, she became **a de facto participant in a racketeering enterprise** under **18 U.S.C. §§ 1961–1964**.

395.Sykes's deliberate continuation of judicial acts in defiance of verified disqualification, and in open conspiracy with private actors, constitutes **fraud upon the court**, **obstruction of justice**, **denial of due process**, **Fifth Amendment takings**, and **civil-rights deprivation** under **42 U.S.C. §§ 1983, 1985(3), and 1986**. Her actions unlawfully deprived Plaintiff of property and remedy, resulting in **a constructive taking without just compensation**, actionable under the **Fifth Amendment** and the **Federal Tort Claims Act, 28 U.S.C. § 1346(b)**.

396. The judicial record itself proves the misconduct: every order entered by Sykes after July 11, 2025—across Case Nos. **5:25-cv-01357, 5:25-cv-01434**, and **5:25-cv-01450**—was issued **post-disqualification**, in **absence of jurisdiction**, and in **contempt of 28 U.S.C. §§ 144, 455, and 1446(d)**. The resulting appellate cases—**25-4877** and **25-5113**—now stand as evidence of her **willful usurpation of appellate jurisdiction**, a federal crime and a civil tort.

397. Sykes's pattern of conduct reflects **mens rea**—deliberate, knowing, and malicious intent to obstruct justice and protect fellow bar members. Her actions were not judicial error; they were **intentional lawlessness under color of authority**, executed to shield private parties, silence the injured party, and perpetuate fraud. Her misconduct rises to the level of **judicial treason**—a betrayal of her oath, a breach of the public trust, and a commercial trespass upon the estate of the Plaintiff and his private trusts.

398. As a result, all orders, judgments, and directives issued by Sykes are **void _ab initio_**, **non-binding**, and **legally nonexistent**. She is personally liable under **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971), 42 U.S.C. §§ 1983, 1985(3), and 1986, 18 U.S.C. §§ 241, 242, and 1962(c)**, and **28 U.S.C. §§ 144 and 455**. Her conduct also constitutes a **commercial injury**, a **federal tort**, and a **Fifth Amendment taking without just compensation**, for which **equitable restitution, treble damages, and injunctive relief** are both warranted and mandatory.

## I. Ninth Circuit Appeals and Ongoing Jurisdictional Usurpation (Case Nos. 25-4877, 25-5113, and imminent appeal from 5:25-cv-01357)

399. Verified Notices of Appeal were filed from each void order entered by disqualified Judge Sunshine Suzanne Sykes — including her fraudulent remand and post-recusal actions — all sworn under penalty of perjury pursuant to 28 U.S.C. § 1746 and therefore self-authenticating and unrebutted as a matter of law (see

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

Express Mail No. ER243122055US — Date: October 22, 2025

*United States v. Kis*, 658 F.2d 526 (7th Cir. 1981); *McElyea v. Babbitt*, 833 F.2d 196 (9th Cir. 1987)). The following appeals are active:

- Case No. 25-4877 (*Unlawful Detainer Removal*), filed Aug 5 2025;

- Case No. 25-5113 (*Quiet Title Removal*), filed Aug 26 2025;

- and the forthcoming appeal in Case No. 5:25-cv-01357 (*Realworldfare v. Marinaj Properties LLC*), whose final judgment is being **unlawfully withheld** by Judge Sykes and the Clerk of Court in direct violation of ministerial duty and Article III finality.

400. All three appeals divested the lower courts of jurisdiction by operation of law. See *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance — it confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal."). Sykes and the Clerk therefore had **no lawful authority** to withhold entry of final judgment or stall the appeal of *5:25-cv-01357* as detailed in the Verified *MOTION AND DEMAND TO REINSTATE APPEAL FOR FRAUDULENT WITHHOLDING OF FINAL JUDGMENT* and the *NOTICE TO STAND ON VERIFIED AND UNREBUTTED COMPLAINT AND FACTS* (**filed in Case No. 5:25-cv-01357**). Their conduct constitutes **clerical obstruction, judicial misconduct, and willful interference with appellate jurisdiction.**

401. The verified opening briefs filed in Case No. 25-4877 and 25-5113 stand as admitted truth under 28 U.S.C. § 1746 and Federal Rule 56, and the record shows that **no party has rebutted a single verified fact**. Attorney hearsay and unverified filings carry no legal force. See *Walker v. Johnston*, 312 U.S. 275 (1941); *Mullane v. Central Hanover Bank*, 339 U.S. 306 (1950). The silence of opposing counsel and the lower court therefore constitutes commercial and procedural

default, rendering all disputed facts admitted and all contrary orders **void ab initio**.

402. By deliberately withholding final judgment in *5:25-cv-01357*, Judge Sykes and the Clerk of Court have engaged in a pattern of fraudulent concealment and jurisdictional usurpation, blocking appellate review and preserving their own void acts. Such conduct violates the Fifth Amendment Due Process Clause, the All Writs Act (28 U.S.C. § 1651), and the Judicial Canons of Ethics, and constitutes **fraud upon the Court** under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). All appeals remain pending, verified, and controlling, and any further district-level action is void and without jurisdiction.

## J. Defendants' Verified Commercial Dishonor, Judicial Default, and Continuing Liability

403. **Defendants Marinaj Properties LLC, Naji Doumit, Mary Doumit, Daniel Doumit, John Bailey, Therese Bailey, and Bailey Legal Group remain in verified dishonor and commercial default.** This dishonor is evidenced by duly executed **Affidavits, Certificates of Dishonor, and Lien Authorizations under UCC § 3-505**, lawfully noticed to all parties and unrebutted within the prescribed timeframes. (See Exhibit W). Under the Uniform Commercial Code, unrebutted affidavits constitute **self-authenticating evidence of default, non-performance, and commercial liability**. By their silence and failure to contest verified facts under 28 U.S.C. § 1746, Defendants stand in **permanent dishonor and estoppel**, having confessed judgment by tacit acquiescence.

404. **Defendant Sunshine Suzanne Sykes, acting as an Article III judge, is herself in verified judicial dishonor and default.** She knowingly violated her oath of office, the **Code of Conduct for United States Judges**, Canons 1, 2, and 3, and the constitutional guarantees of due process, equal protection, and impartial

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

tribunal. After automatic and mandatory disqualification under **28 U.S.C. §§ 144 and 455**, she continued to act *ultra vires*, issuing void orders while stripped of all jurisdiction. Her actions constitute **willful deprivation of rights under color of law** (42 U.S.C. § 1983), **conspiracy to obstruct justice** (18 U.S.C. § 1503), and **tortious abuse of judicial office**. Each order she entered post-disqualification is **void ab initio**, commercially null, and legally unenforceable. By operation of law, she stands in **judicial and commercial dishonor**, personally liable under **Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971)** for constitutional torts and violations of the **Fifth and Fourteenth Amendments**.

405. **Defendants John Bailey and Therese Bailey remain in verified default, dishonor, and commercial liability for unrebutted affidavits, verified complaints, and sworn evidence.** Their continued silence and failure to answer verified pleadings under 28 U.S.C. § 1746 constitute **confession by acquiescence** and **judicial admission by default**. Their record of collusion, perjury by omission, and attorney-hearsay filings—while serving as both counsel of record and named defendants—demonstrates gross professional misconduct and **ethical treason** under **Rules 1.7, 3.3, and 8.4** of the Rules of Professional Conduct. Their dual capacity created an incurable conflict of interest, converting every pleading they filed into a **fraudulent, self-dealing instrument**. By weaponizing their law licenses for private gain, the Baileys stand in **permanent commercial dishonor and fiduciary breach**, jointly and severally liable under **42 U.S.C. §§ 1983, 1985(3), 1986** and **18 U.S.C. §§ 1341, 1343, 1503, and 1961 et seq. (RICO)**.

406. **Defendant Raquel A. Marquez, a California Superior Court employee purporting to act as a judge, likewise stands in verified judicial dishonor, default, and commercial liability.** Despite verified filings and lawful notice establishing bifurcation, discharge, and perfected title, Marquez ignored the

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

verified record and proceeded in collusion with John Bailey and Therese Bailey, violating her oath, the California Constitution, and federal supremacy. She acted without subject-matter jurisdiction, denied due process, and issued void orders in direct conflict with pending federal removals under **28 U.S.C. § 1443(1) and § 1446(d)**. Each act of hers constitutes **fraud on the court**, **simulated legal process**, and **unlawful usurpation of federal jurisdiction**. By continuing to exercise colorable authority in violation of removal, Marquez has committed **a continuing tort and constitutional deprivation**, rendering her personally liable for damages under **42 U.S.C. § 1983** and for **official malfeasance** under **California Gov't Code § 820.2**.

407. Collectively, the above-named Defendants have forfeited every claim to immunity—judicial, qualified, or sovereign—by acting in clear absence of jurisdiction and under color of office for private gain. Their verified dishonor, unrebutted defaults, and procedural malfeasance are now matters of record and operation of law. Each remains subject to personal civil, commercial, and equitable liability, treble damages under civil RICO, and constructive lien and forfeiture of all proceeds derived from their unlawful acts.

## K. Summary of Fraud and Deprivation

408. The record reveals a *systemic, coordinated, and deliberate fraud upon the courts*—a concerted scheme by **Sunshine Suzanne Sykes, Raquel A. Marquez, John Bailey, Therese Bailey, Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties** LLC—each acting in concert and under color of law to obstruct justice, falsify jurisdiction, and unlawfully dispossess the Real Party in Interest of property, remedy, and rights secured by the Constitution, federal law, and equity.

409. **Every act committed by these Defendants—judicial, administrative, or private—was tainted by fraud, bias, and concealment.** They knowingly

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

weaponized the judiciary and its process as a commercial enforcement tool, converting verified filings into targets of suppression while elevating unverified hearsay and false instruments as if they carried evidentiary weight. This inversion of justice was not error—it was *intentional deprivation* under color of law, calculated to silence a lawful creditor and real party in interest asserting verified rights.

410.**Sykes and Marquez committed willful judicial treason against the separation of powers and the People they swore to serve.** Both received verified affidavits of bias, verified disqualification notices, and constitutional challenges under 28 U.S.C. §§ 144 and 455, yet proceeded to act as judges in their own cause—an act expressly forbidden by statute, canon, and common law since *Bonham's Case* (8 Co. Rep. 114a, 1610). Each thereafter issued orders void ab initio, in total absence of jurisdiction, and in direct violation of *Marbury v. Madison*, 5 U.S. 137 (1803), which mandates that every act repugnant to the Constitution is void.

411.**John and Therese Bailey, as co-defendants masquerading as counsel, operated in gross ethical conflict and commercial fraud.** They filed unverified, hearsay pleadings devoid of personal knowledge in violation of Fed. R. Civ. P. 56(c)(4); forged a dual role as advocate and party; and used the courts as instruments of extortion and obstruction. Their conduct satisfies multiple predicate acts under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961–1964) and constitutes criminal barratry, mail and wire fraud, defamation, and deprivation of rights under 42 U.S.C. §§ 1983, 1985(3), 1986.

412.**The Doumits and Marinaj Properties LLC engaged in calculated property theft and title fraud.** Despite lawful discharge, bifurcation, and perfected title vested in *WG Private Irrevocable Trust*, they

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

filed and recorded false instruments and participated in a simulated "non-judicial" foreclosure lacking any due-process foundation. The trustee's deed they rely upon is void ab initio, confers no title, and constitutes documentary evidence of racketeering, forgery, and conversion.

413. **Each defendant acted with full mens rea—knowledge, intent, and malice—coordinating across state and federal dockets (5:25-cv-01357, 5:25-cv-01434, and 5:25-cv-01450) to exhaust, silence, and dispossess a verified creditor.** They ignored unrebutted affidavits, refused ministerial duties, and concealed judgments to obstruct appellate review. Their actions violated the Fifth Amendment's Takings and Due-Process Clauses, the First Amendment right to petition, and the Equal Protection guarantees of the Fourteenth Amendment.

414. **The resulting harm is not procedural—it is constitutional, commercial, and human.** Plaintiff has been denied due process, stripped of property, defamed in open record, obstructed from remedy, and forced to endure unlawful dispossession under fraudulent process. Every verified fact remains unrebutted under 28 U.S.C. § 1746; every judgment rendered without jurisdiction remains void under *Ex parte Virginia*, 100 U.S. 339 (1879); and every officer who participated stands personally liable under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971).

415. **This is not law—it is organized fraud perpetrated under the mask of authority.** The defendants collectively violated their oaths, abused their offices, and conspired to enslave due process itself. Their conduct is the very definition of *color-of-law racketeering*—the conversion of justice into commerce, and the substitution of fraud for law.

416. In sum, the record establishes—beyond contradiction—that each defendant acted in **bad faith, dishonor, and malice**, in complete absence of

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

jurisdiction, and in violation of the Constitution, the Uniform Commercial Code, and every maxim of equity. The damage is ongoing, the dishonor is verified, and the fraud is irredeemable.

## XI. CAUSES OF ACTION (Verified - 28 U.S.C. § 1746)

### COUNT I — JUDICIAL DISQUALIFICATION & FRAUD ON THE COURT 28 (28 U.S.C. §§ 144, 455; 42 U.S.C. §§ 1983, 1985; Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971))

**Against:** *Defendant Judge Sunshine Suzanne Sykes (in her individual and official capacities)*

417. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding paragraphs as if fully set forth herein.

418. Defendant **Sunshine Suzanne Sykes**, an Article III judge of the United States District Court for the Central District of California, acted *ultra vires*, without jurisdiction, and in knowing and willful violation of **28 U.S.C. §§ 144 and 455**, the **Judicial Canons**, and her **oath of office**.

419. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir duly filed and served a **Verified Affidavit of Bias and Motion for Disqualification** pursuant to 28 U.S.C. § 144, establishing clear, specific, and documented evidence of prejudice, bias, and personal animus.

420. Upon such filing and service, Defendant Sykes was immediately **divested of jurisdiction** by operation of law under § 144, which mandates in unequivocal terms: *"The judge shall proceed no further therein."*

421. Despite this statutory command, Sykes unlawfully continued to preside, ruled upon her own recusal, and issued orders **void ab initio**, thereby violating both statutory and constitutional law.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

422. This act of self-adjudication constitutes an **unlawful self-grant of jurisdiction**, a **fraud upon the court**, and a **criminal obstruction of justice** prohibited by **18 U.S.C. §§ 1503, 1512, and 1519**.

423. By continuing to act post-disqualification, Sykes knowingly **usurped judicial power** she no longer lawfully possessed and transformed herself from a judge into a **private actor and trespasser ab initio**.

424. Every act, order, and ruling made thereafter is void *ab initio*, legally nonexistent, and commercially unenforceable, consistent with *Ex parte Virginia*, 100 U.S. 339 (1879), and *Valley v. Northern Fire & Marine Ins. Co.*, 254 U.S. 348 (1920).

425. Sykes's unlawful acts constitute fraud upon the court, as defined in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and willful obstruction of justice and due process.

426. Under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when a public officer acts outside the scope of lawful authority or in a private/commercial capacity, all <span style="color:red">sovereign immunity is stripped</span>, and the officer stands **personally liable** as a private individual. By knowingly proceeding in defiance of a verified disqualification, Defendant Sykes **forfeited all judicial immunity** and stands **personally liable** for every resulting injury, deprivation, and harm caused by her unlawful acts.

427. Defendant's conduct violated Plaintiff's/Injured Party In Fact's/Real Party In Interest's/Secured Party's **First Amendment right to petition**, **Fifth Amendment right to due process**, and **Fourteenth Amendment right to equal protection**, all enforceable under **42 U.S.C. §§ 1983, 1985(3), and 1988**.

428. Defendant also violated Plaintiff's **private right of action** under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), and *Davis v. Passman*, 442 U.S. 228 (1979), which recognize an implied cause of action directly under the **U.S.**

**Constitution** for damages and equitable relief against federal officers acting under color of law.

429. When a federal officer engages in **ultra vires** acts, she becomes a private individual subject to liability in her **individual capacity**, as recognized in *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), and *Bell v. Hood*, 327 U.S. 678 (1946).

430. Defendant's conduct further violated **42 U.S.C. § 1994 (Peonage and Involuntary Servitude)** by coercing submission to unlawful judicial authority and simulated legal process.

431. Defendant engaged in **retaliation and judicial coercion**, suppressing filings, manipulating dockets, and defaming Plaintiff through *color-of-law retaliation* and unlawful pre-filing restrictions.

432. Such conduct constitutes **judicial treason** against the separation of powers, a **betrayal of oath**, and a **direct injury to the administration of justice**.

433. Defendant's pattern of misconduct represents a **continuing course of racketeering activity** involving fraud, extortion, and color-of-law deprivation within the meaning of **18 U.S.C. §§ 1961–1964 (RICO)**.

434. Defendant's misconduct caused Plaintiff direct, measurable, and ongoing harm, including deprivation of rights, loss of property, reputational injury, emotional distress, and denial of equitable remedy.

435. The acts of Defendant Sykes were **intentional, malicious, and executed with full knowledge** of the law and its prohibitions, thereby establishing **mens rea, malice aforethought, and deliberate bad faith**.

436. All judicial orders, decrees, and rulings entered by Defendant Sykes after verified disqualification are **void ab initio**, as they were made **without jurisdiction** and in **direct violation of federal statute**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

437. The United States Supreme Court has long held that orders issued by a judge acting without jurisdiction are void and subject to **collateral attack**. *See Johnson v. Zerbst*, 304 U.S. 458 (1938); *Miller v. United States*, 11 Wall. 268 (1871).\*

438. Defendant Sykes's continued interference, after divestiture, constitutes **criminal usurpation of judicial authority**, warranting **declaratory judgment**, **injunctive relief**, **sanctions**, and **personal liability** for constitutional torts.

## Relief Requested and Demanded

439. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands a **Declaratory Judgment** that all orders and rulings entered by Defendant Sykes after verified disqualification are **void ab initio** and legally unenforceable.

440. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands **Injunctive Relief** permanently prohibiting Defendant Sykes from further interference, adjudication, or participation in any matter involving Plaintiff.

441. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir seeks **Mandatory Reassignment** of all related cases to a neutral, lawfully authorized Article III judge.

442. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands **Compensatory and Punitive Damages** against Defendant Sykes, in her individual capacity, for violations of statutory, constitutional, and equitable rights.

443. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir seeks **Sanctions, Costs, and Fees** under 42 U.S.C. § 1988 and Fed. R. Civ. P. 11(c), along with any and all equitable relief deemed just and proper.

444. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir requests **referral to the Judicial Council** under 28 U.S.C. §§ 351–364 for investigation and discipline of Defendant Sykes for willful statutory and constitutional violations.

445. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir asserts that this **Verified Complaint** constitutes a **Private Right of Action in Law and Equity**, authorized under the Constitution, the Clearfield Doctrine, and Bivens jurisprudence, because the wrongs alleged were committed by a **federal officer acting outside lawful authority**.

446. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir verifies that all statements herein are **true, correct, and made under penalty of perjury** pursuant to 28 U.S.C. § 1746, and that this cause of action is brought in **equity**, as the law provides **no adequate remedy** for ongoing judicial fraud.

### COUNT II — VIOLATION OF SELF-EXECUTING RECUSAL DUTY
### (28 U.S.C. § 455(a)–(b); 42 U.S.C. §§ 1983, 1985; Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Davis v. Passman, 442 U.S. 228 (1979))
### Against: Judge Sunshine Suzanne Sykes and Judge Dolly M. Gee, in their individual and official capacities

447. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs as though fully set forth herein.

448. Under **28 U.S.C. § 455(a)–(b)**, every federal judge "shall disqualify herself in any proceeding in which her impartiality might reasonably be questioned," and this obligation is **self-executing**—no motion from a party is required.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

449. Defendant **Sunshine Suzanne Sykes** was automatically and immediately disqualified by operation of law upon verified notice of bias, prejudice, and personal interest served under **28 U.S.C. §§ 144 and 455**.

450. Despite automatic disqualification, Defendant Sykes **willfully continued to exercise judicial power** over cases from which jurisdiction had been divested, issuing orders, directives, and rulings **void ab initio**.

451. By ruling on her own recusal and continuing to act after loss of authority, Defendant Sykes committed **ultra vires acts** and engaged in **fraud upon the court**, directly violating Congress's mandate that a disqualified judge *"shall proceed no further therein."*

452. Defendant **Dolly M. Gee**, as Chief Judge of the Central District of California, owed a **non-delegable duty** to enforce § 455 and to reassign all matters from a disqualified judge to a neutral Article III jurist.

453. Despite **actual and constructive notice** of Sykes's verified disqualification and continuing ultra vires conduct, Defendant Gee knowingly failed to intervene, thereby **ratifying, endorsing, and perpetuating** Sykes's void acts.

454. Such non-action constitutes **gross negligence, dereliction of duty, and collusive ratification of judicial misconduct**, violating **28 U.S.C. § 455**, the **Judicial Conduct and Disability Act** (28 U.S.C. § 351 et seq.), and the public's right to an **impartial tribunal** under the **Fifth Amendment**.

455. Defendants' combined acts and omissions constitute **obstruction of justice, fraud upon the court**, and **deprivation of due process under color of law**, creating a constitutional and statutory breach of duty owed to Plaintiff and to the judicial system itself.

456. Because disqualification under § 455 is **mandatory and self-executing**, every order issued after the moment of disqualification is **void ab initio**, without legal force or effect, and binding upon no one.

457.Under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when federal officers act outside delegated authority or in a private capacity, they are **stripped of immunity** and become **personally liable as private trespassers in law**.

458.By operating after disqualification and ratifying those acts, Defendants Sykes and Gee each stepped outside their judicial capacity, **forfeited all judicial immunity**, and became **jointly and severally liable** for the resulting injuries.

459.Defendants' conduct directly violated Plaintiff's **Fifth and Fourteenth Amendment rights** to due process and equal protection and is actionable under **42 U.S.C. §§ 1983 and 1985(3)**.

460.These constitutional deprivations are independently actionable through a **Private Right of Action** recognized in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971); *Davis v. Passman,* 442 U.S. 228 (1979); and *Bell v. Hood*, 327 U.S. 678 (1946), which confirm that individuals injured by federal officers' constitutional violations may sue directly for damages and equitable relief.

461.Defendants' willful non-enforcement of statutory disqualification further violates **42 U.S.C. § 1994**, prohibiting any form of coercion or peonage, as Plaintiff was compelled under threat of judicial reprisal to submit to proceedings conducted by disqualified officials.

462.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has sustained **actual injury**, including loss of property rights, deprivation of due process, reputational harm, emotional distress, and commercial loss, all directly traceable to Defendants' misconduct.

463.The injuries are continuing, irreparable, and unredressable through ordinary legal remedies; **equity therefore demands intervention**.

## Relief Requested and Demanded

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

464. Issuance of a **Writ of Mandamus** under **28 U.S.C. §§ 1361 and 1651(a)** compelling immediate enforcement of **28 U.S.C. § 455**, including reassignment of all matters tainted by disqualification.

465. A **Declaratory Judgment** that all orders, rulings, and directives issued after disqualification are **void ab initio** and without legal effect.

466. **Injunctive Relief** prohibiting Defendants from any further participation or interference in any proceeding involving the Plaintiff.

467. **Referral to the Judicial Council of the Ninth Circuit** under **28 U.S.C. § 351 et seq.** for investigation and discipline of Defendants Sykes and Gee for willful statutory and constitutional violations.

468. **Compensatory, Punitive, and Equitable Damages** for all losses and harms arising from Defendants' unlawful acts, plus costs, sanctions, and attorney's fees under **42 U.S.C. § 1988**.

469. A judicial declaration that Plaintiff's cause of action arises from an **implied Private Right of Action** under the **Constitution itself**, enforceable in equity against any federal officer who violates their oath or exceeds lawful jurisdiction.

470. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary verifies under **28 U.S.C. § 1746** that all statements herein are **true, correct, and made under penalty of perjury**, and that this Count is brought in **equity**, as the **law affords no adequate remedy** for ongoing judicial fraud and constitutional injury.

## COUNT III — DEPRIVATION OF RIGHTS UNDER COLOR OF LAW
### (42 U.S.C. § 1983 / *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971))
**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC, in their individual and official capacities.

471.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs as though fully set forth herein.

472.This count arises under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), providing a direct cause of action against any federal or state officer, or any person acting jointly with them, who under color of law deprives another of rights secured by the Constitution or laws of the United States.

473.Defendants Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC acted jointly, knowingly, and in conspiracy under color of federal and state law to deprive Plaintiff of his fundamental constitutional rights, including those guaranteed by the First, Fifth, and Fourteenth Amendments.

474.Defendants' coordinated acts include: issuing and enforcing void judicial orders after verified disqualification; ignoring verified affidavits and unrebutted evidence; concealing perfected UCC filings; defaming Plaintiff through ideological labeling; obstructing access to the courts; and enforcing fraudulent instruments and deeds known to be **void _ab initio_**.

475.These actions were performed under color of law but wholly outside lawful authority—constituting ultra vires acts and violations of due process, equal protection, the right to petition, and the right to be secure in property and person.

476.Defendants Sykes, Gee, and Marquez, as federal judicial officers, acted under color of federal law and in personal capacity once they proceeded outside jurisdiction and after verified disqualification. Under the *Clearfield Doctrine* (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), government officers acting in a private or commercial capacity are stripped of immunity and answerable as private individuals.

477. Defendants John Bailey, Therese Bailey, Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC acted jointly with disqualified federal officers to execute and enforce unlawful judgments, property seizures, and defamation campaigns, thereby becoming co-conspirators under § 1983 and *Bivens*.

478. Defendant Marquez further violated Plaintiff's rights by denying his lawful right to represent his own beneficial interest, trust corpus, and secured position as Real Party in Interest, insisting unlawfully upon representation by a "licensed attorney," contrary to due process, equal protection, and the fundamental right of access to the courts recognized in *Faretta v. California*, 422 U.S. 806 (1975).

479. Each Defendant acted with actual malice, knowledge, and intent (mens rea) to deprive Plaintiff of vested property, equitable title, and judicial remedy, thereby committing actionable deprivation under color of law.

480. These actions jointly constitute state and federal action within the meaning of § 1983 and *Bivens*, as each Defendant either exercised governmental power or willfully conspired with those who did.

481. Defendants' conduct further violated the Fifth Amendment's Due Process and Takings Clauses by depriving Plaintiff of property without just compensation, and the Fourteenth Amendment's Equal Protection Clause by selectively denying procedural rights afforded to others.

482. Defendants' concerted acts also violated Article I, § 10 of the U.S. Constitution by impairing lawful contracts, including recorded UCC security agreements, grant deeds, and affidavits of obligation, through fraudulent and unenforceable judicial interference.

483. Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/ Master Beneficiary's verified filings under 28 U.S.C. § 1746, his UCC-1 financing statements, and recorded security agreements constitute lawful commercial and

evidentiary instruments. Defendants' refusal to honor them constitutes willful impairment of contract and conversion under common law and the Tucker Act (28 U.S.C. § 1491).

484.By their acts, Defendants transgressed federal statutes including 42 U.S.C. §§ 1983, 1985(3), 1986, 18 U.S.C. §§ 241, 242, 1503, 1512, and 1961–1964, and violated Plaintiff's constitutional rights under the First, Fifth, and Fourteenth Amendments.

485.Defendants' pattern of behavior constitutes fraud, coercion, extortion under color of law (*Hobbs Act*, 18 U.S.C. § 1951), and civil racketeering activity under 18 U.S.C. §§ 1961–1964, each predicate act giving rise to civil liability and treble damages under § 1964(c).

486.As a direct and proximate result of Defendants' acts and omissions, Plaintiff suffered loss of property, unlawful dispossession, financial injury, loss of reputation, mental and emotional distress, and deprivation of constitutional rights guaranteed under the laws and Constitution of the United States.

487.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary is entitled to relief under 42 U.S.C. § 1983, *Bivens*, the Tucker Act (28 U.S.C. § 1491), and the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq.), providing private rights of action and monetary relief for injury caused by federal officers acting outside their lawful authority.

488.No adequate remedy exists at law. Equity therefore requires immediate judicial intervention to restore rights, vacate void orders, and restrain further acts of deprivation and abuse under color of law.

489.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands the following relief:

a. Declaratory judgment that Defendants acted under color of law to deprive constitutional rights and that all acts performed post-disqualification are **void _ab initio_**;

b. Injunctive relief restraining Defendants from further enforcement of any void orders, instruments, or deeds;

c. Restoration of title, property, and commercial interests wrongfully taken or impaired;

d. Compensatory and punitive damages against all Defendants jointly and severally for willful deprivation of rights under 42 U.S.C. § 1983 and _Bivens_;

e. Treble damages under 18 U.S.C. § 1964(c) for racketeering activity; and

f. Attorney's fees, costs, and equitable relief as authorized by 42 U.S.C. § 1988 and the Court's inherent powers in equity.

### COUNT IV — DENIAL OF DUE PROCESS & EQUAL PROTECTION (U.S. CONST. AMENDS. V & XIV; 42 U.S.C. § 1983; BIVENS v. SIX UNKNOWN NAMED AGENTS, 403 U.S. 388 (1971))

**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC, jointly and severally, in their individual and official capacities

490.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs of this Verified Complaint in Equity as though fully set forth herein.

491.This Count is brought pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States, which guarantee that no person shall be deprived of life, liberty, or property without due process of law, and that all persons are entitled to equal protection under the law.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

492. Defendants, acting jointly and under color of federal and state authority, willfully deprived Plaintiff of these constitutional guarantees by knowingly proceeding without jurisdiction, ignoring verified evidence, and selectively enforcing laws in a discriminatory, retaliatory, and bad-faith manner.

493. Defendants Sunshine Suzanne Sykes and Dolly M. Gee deliberately violated procedural and substantive due process by issuing, approving, and ratifying void judicial orders after verified disqualification under 28 U.S.C. §§ 144 and 455, thereby acting ultra vires and in total absence of jurisdiction.

494. Defendant Marquez further violated due-process guarantees by unlawfully prohibiting Plaintiff from representing his own beneficial and secured interests as Real Party in Interest, coercively insisting that only a licensed attorney could appear, in direct contradiction of *Faretta v. California*, 422 U.S. 806 (1975), which recognizes self-representation as a fundamental right.

495. Defendants John Bailey, Therese Bailey, and Bailey Legal Group compounded the violations by filing unverified, hearsay pleadings designed to deceive the tribunal and override verified affidavits under 28 U.S.C. § 1746, constituting fraud upon the court and deprivation of due process.

496. Defendants Naji, Mary, and Daniel Doumit, acting through Marinaj Properties LLC, further violated due-process protections by executing and enforcing fraudulent deeds and conveyances in disregard of Plaintiff's perfected title and security interests, depriving him of property without just compensation.

497. By ignoring verified affidavits, unrebutted UCC filings, and lawful notices, all Defendants denied Plaintiff meaningful notice and opportunity to be heard, the fundamental elements of procedural due process recognized in *Mathews v. Eldridge*, 424 U.S. 319 (1976).

498. Defendants' selective disregard for Plaintiff's filings, while accepting unverified submissions from opposing parties, constitutes arbitrary and

discriminatory treatment in violation of the Equal Protection Clause of the Fourteenth Amendment.

499. Each Defendant acted with conscious and deliberate intent (mens rea) to deprive Plaintiff of his property, liberty, and equitable rights, thereby converting constitutional guarantees into instruments of coercion and control.

500. These actions constitute **ultra vires conduct, performed in clear absence of all jurisdiction and in knowing violation of the judicial oath**, the *Clearfield Doctrine* (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), and the principle articulated in *Ex parte Virginia*, 100 U.S. 339 (1879), that an officer who acts outside the law "is stripped of his official character and subjected in his person to the consequences of his individual conduct."

501. By treating verified facts as nullities, the Defendants converted lawful equity proceedings into simulated legal process, violating the Fifth Amendment's Due Process Clause and the Fourteenth Amendment's Equal Protection Clause.

502. Defendants' acts also violated **42 U.S.C. § 1983, § 1985(3), and § 1986** by **conspiring under color of law** to deprive Plaintiff of equal protection, property, and remedy in the courts of the United States.

503. The unlawful acts further violated **Article I, § 10** of the U.S. Constitution by impairing lawful private contracts—including Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's perfected UCC Security Agreement and recorded Grant Deed—through fraudulent judicial interference.

504. Defendants' continuing refusal to vacate void judgments and return property constitutes a continuing violation and a taking without just compensation under the **Fifth Amendment** and the **Tucker Act, 28 U.S.C. § 1491**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

505. As a direct and proximate result of Defendants' coordinated actions, Plaintiff suffered loss of property, reputational injury, denial of remedy, emotional distress, and ongoing constitutional and commercial harm.

506. No adequate remedy exists at law. Equity therefore demands intervention to restore Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's rights, vacate all void judicial actions, and enjoin further deprivation.

## Relief Requested and Demanded

507. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands the following relief against all named Defendants jointly and severally:

    a. A Declaratory Judgment that Defendants violated Plaintiff's rights to due process and equal protection under the Fifth and Fourteenth Amendments;

    b. An Injunction prohibiting enforcement of any void orders, judgments, or instruments issued without jurisdiction;

    c. Restitution of all property, rights, and interests wrongfully taken or impaired;

    d. Compensatory and punitive damages for willful constitutional deprivation;

    e. Treble damages under 18 U.S.C. § 1964(c) for racketeering activity conducted under color of law; and

    f. All other equitable and declaratory relief this Court deems just, including attorney's fees and costs pursuant to 42 U.S.C. § 1988.

## COUNT V — RETALIATION & DEFAMATION UNDER COLOR OF LAW (U.S. CONST. AMEND. I; 42 U.S.C. §§ 1983, 1985(3); 18 U.S.C. §§ 241–242)

**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Raquel Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF, JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

Doumit, and Marinaj Properties LLC, jointly and severally, in their individual and official capacities.

508. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs of this *Verified* Complaint in Equity as though fully set forth herein.

509. This Count arises under the **First Amendment to the Constitution of the United States**, which guarantees the right to freedom of speech, petition, and redress of grievances.

510. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary, Kevin: of the Realworldfare Family(formerly Kevin: of the Walker family), exercised his constitutionally protected right to petition the government and seek redress through verified filings, affidavits, and lawful pleadings in federal court under 28 U.S.C. § 1746.

511. In direct retaliation for the lawful exercise of these rights, Defendants engaged in a deliberate campaign of suppression, defamation, and punitive obstruction designed to silence, discredit, and punish Plaintiff.

512. Defendant **Judge Sunshine Suzanne Sykes**, acting under color of office, issued unlawful and void "pre-filing orders," falsely labeling Plaintiff's verified filings as "frivolous," "vexatious," and "sovereign-citizen" in nature — defamatory classifications wholly unsupported by law or evidence.

513. These false characterizations were not judicial findings but malicious personal attacks made in retaliation for Plaintiff's lawful invocation of statutory and constitutional rights, constituting **retaliation under color of law** and **defamation per se**.

514. Defendant **Judge Dolly M. Gee**, acting in concert, ratified and failed to correct Sykes's ultra vires acts, thereby endorsing and perpetuating the defamatory

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

retaliation, in violation of **42 U.S.C. §§ 1983 and 1985(3)** and her constitutional duty under **Article III**.

515. Defendant **Marquez**, acting in a similar capacity, unlawfully attempted to bar Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary from representing his own trust and beneficial interests, coercively insisting that only a licensed attorney could appear — a direct infringement upon the **First Amendment right to petition and self-representation** recognized in *Faretta v. California*, 422 U.S. 806 (1975).

516. Defendants **John Bailey, Therese Bailey, and Bailey Legal Group**, acting in coordination with the judicial defendants, disseminated false, malicious, and defamatory statements portraying Plaintiff as "fraudulent," "delusional," and "non-compliant," all made for the purpose of damaging his reputation and prejudicing judicial proceedings.

517. These defamatory acts were executed through pleadings, email correspondence, and court filings, each constituting a **publication** to third parties, actionable under common law and constitutional standards.

518. The defamatory statements were made knowingly, maliciously, and with reckless disregard for truth — satisfying the "actual malice" standard of *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964).

519. Defendants **Naji, Mary, and Daniel Doumit**, acting through **Marinaj Properties LLC**, compounded this injury by circulating false representations of Plaintiff's title and ownership rights in recorded documents and communications, constituting **defamation of title** and **false publication under color of law**.

520. Each of these coordinated acts had the intent and effect of chilling Plaintiff's lawful access to the courts, obstructing remedy, and discrediting verified filings — all in retaliation for constitutionally protected activity.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

521. The **First Amendment** forbids any governmental or quasi-governmental actor from imposing reprisals or sanctions on a private individual for the lawful exercise of speech or petitioning activity. *See Bill Johnson's Restaurants v. NLRB*, 461 U.S. 731 (1983).

522. The conduct described constitutes a pattern of **retaliation under color of law**, actionable under **42 U.S.C. §§ 1983 and 1985(3)**, and further qualifies as a **conspiracy to deprive rights** under **18 U.S.C. §§ 241–242**.

523. These acts also violate **California Civil Code §§ 44–46**, which define libel and slander per se, and **Article I, §§ 2(a) and 3(b)** of the **California Constitution**, guaranteeing freedom of speech and the right of petition.

524. The defamatory and retaliatory acts were ultra vires, beyond any judicial or professional immunity, and thus fall squarely within the scope of the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which removes immunity when public officers act in a private or commercial capacity.

525. The acts of Sykes, Gee, Raquel Marquez, and the Baileys were committed knowingly, willfully, and with intent to suppress truth, obstruct equity, and punish Plaintiff for asserting lawful claims — conduct that constitutes **constructive fraud, obstruction of justice, and treason to the Constitution.**

526. As a direct and proximate result of Defendants' actions, Plaintiff has suffered irreparable harm, including reputational injury, denial of remedy, emotional distress, and commercial damage to trust property and personal standing.

527. No adequate remedy exists at law; thus, Plaintiff invokes the equitable jurisdiction of this Court under **Article III, § 2**, the **All Writs Act (28 U.S.C. § 1651)**, and the **Declaratory Judgment Act (28 U.S.C. §§ 2201–2202)**.

## Relief Requested and Demanded

528. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands the following relief against all Defendants jointly and severally:

    a.  A **Declaratory Judgment** that Defendants violated Plaintiff's First Amendment rights to free speech, petition, and redress;

    b.  An **Injunction** prohibiting further retaliation, gag orders, or defamatory publications;

    c.  An **Order to Strike and Expunge** all defamatory or false judicial writings and records from the docket;

    d.  **Compensatory and punitive damages** for reputational, emotional, and economic injury;

    e.  **Treble damages** pursuant to 18 **U.S.C. § 1964(c)** for acts forming part of a racketeering enterprise; and

    f.  Such further **equitable, declaratory, and injunctive relief** as this Court deems just, proper, and necessary to restore constitutional integrity and remedy the harm sustained.

## COUNT VI — FRAUD, ABUSE OF PROCESS & CIVIL CONSPIRACY

### (Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944); 42 U.S.C. § 1985; 18 U.S.C. §§ 1341, 1343, 1503, 1961–1964)

**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC, jointly and severally, in their individual and official capacities.

529. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms, re-affirms and incorporates by reference all preceding paragraphs and causes of action in this Verified Complaint in Equity as though fully set forth herein.

Page 111 of 191

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

530. This Count arises under **42 U.S.C. § 1985(3)**, **18 U.S.C. §§ 1341, 1343, 1503**, and controlling Supreme Court precedent in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, which established that fraud upon the court—when deliberate, coordinated, and directed at corrupting the judicial process —vitiates all judgments, orders, and proceedings tainted thereby.

531. Defendants knowingly, intentionally, and maliciously conspired to employ the courts as instruments of fraud, coercion, and unlawful deprivation of rights and property belonging to the Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary.

532. The scheme's common objective was to conceal fraudulent conveyances, suppress verified evidence, silence the Plaintiff's filings, and maintain control over unlawfully converted trust property through simulated legal process and procedural obstruction.

533. Defendant **Judge Sunshine Suzanne Sykes**, after verified disqualification under 28 U.S.C. §§ 144 and 455, continued issuing void orders to assist co-defendants in concealing fraud, obstruct discovery, and protect the false judicial narrative—acts constituting fraud upon the court and obstruction of justice under **18 U.S.C. §§ 1503 and 1512**.

534. Defendant **Judge Dolly M. Gee**, as Chief Judge, received verified notice of these ultra vires acts yet failed to intervene, thereby ratifying Sykes's misconduct and enabling ongoing judicial fraud in violation of **42 U.S.C. § 1986** (neglect to prevent civil rights conspiracy).

535. Defendant **Marquez**, purporting to act in judicial capacity, unlawfully interfered with Plaintiff's access to remedy by asserting that only a "licensed attorney" could represent Plaintiff's trust and beneficial interest, contrary to controlling law and the **First and Fifth Amendments**—thereby joining the conspiracy to obstruct redress and sustain fraudulent litigation.

536. Defendants **John Bailey, Therese Bailey, and Bailey Legal Group** acted as the operational hub of the enterprise, knowingly filing false, unverified, and hearsay-based pleadings devoid of personal knowledge, in direct violation of **Fed. R. Civ. P. 56(c)(4) and 28 U.S.C. § 1746**.

537. These filings were deliberately designed to deceive the Court, obstruct the verified record, and create a false appearance of legitimacy to justify unlawful rulings and denials of remedy.

538. Defendants John and Therese Bailey knowingly represented themselves as both co-defendants and counsel of record in Case No. 5:25-cv-01357, an act constituting a fatal conflict of interest, self-dealing, and violation of Model Rules 1.7 and 3.3, and the California Rules of Professional Conduct §§ 1.7, 3.3, and 8.4(c).

539. Defendants **Naji Doumit, Mary Doumit, and Daniel Doumit**, acting through **Marinaj Properties LLC**, knowingly executed fraudulent instruments, including forged deeds, false conveyances, and perjured statements, to facilitate the unlawful transfer, monetization, and concealment of trust property.

540. These acts constitute mail fraud (18 U.S.C. § 1341) and wire fraud (18 U.S.C. § 1343), each serving as predicate acts for civil RICO liability under 18 U.S.C. §§ 1961–1964.

541. The coordinated nature of these acts demonstrates a continuing **association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**, spanning multiple dockets, courts, and jurisdictions.

542. Each Defendant contributed to the fraud through deliberate participation, concealment, or ratification, forming a unified scheme to pervert the administration of justice and defraud the Plaintiff of lawful remedy and property.

543. The pattern of fraudulent conduct includes the following predicate acts:

a. Filing and recording of false and fraudulent instruments to cloud title and obstruct lawful ownership;

b. Judicial concealment of verified filings and affidavits under 28 U.S.C. § 1746;

c. Issuance of void orders post-disqualification;

d. Unverified pleadings and hearsay arguments posing as evidence;

e. Use of threats, coercion, and defamation to chill Plaintiff's lawful activity; and

f. Ratification by superior judicial officers through knowing silence and refusal to act.

544. Each Defendant acted **under color of law**, within a **shared intent (mens rea)** to abuse official and professional capacity for personal and institutional gain.

545. These acts constitute both **fraud upon the court** and **abuse of process**— using judicial machinery not to adjudicate truth, but to defraud, obstruct, and persecute the Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary.

546. The Supreme Court in *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* held that such fraud "involves far more than an injury to a single litigant—it is a wrong against the institutions set up to protect and safeguard the public." The fraud here is of that same magnitude, poisoning the record and invalidating all related orders.

547. Under **Ex parte Virginia, 100 U.S. 339 (1879)** and **Bradley v. Fisher, 80 U.S. 335 (1871)**, any officer who acts without jurisdiction forfeits immunity and becomes a trespasser in law.

548. Defendants' collective conduct thus falls outside any lawful authority and exposes each participant to **personal civil and criminal liability**, including for **obstruction (18 U.S.C. § 1503), fraud (18 U.S.C. §§ 1341, 1343)**, and **racketeering (18 U.S.C. §§ 1961–1964)**.

549. The fraud and conspiracy also violated **Plaintiff's due-process and equal-protection rights** under the **Fifth and Fourteenth Amendments**, and his **First**

**Amendment right to petition**, thereby creating overlapping constitutional and statutory liability.

550. As a direct and proximate result of Defendants' actions, Plaintiff has suffered measurable injury, including loss of property, reputational harm, deprivation of rights, commercial loss, and emotional distress.

551. The nature of this injury is continuing, systemic, and irreparable without equitable relief.

## Relief Requested and Demanded

552. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment in equity and law against all Defendants, jointly and severally, as follows:

    g. A **Declaratory Judgment** that Defendants have engaged in fraud upon the court, abuse of process, and civil conspiracy under color of law;

    h. An **Order vacating and expunging** all void and fraudulent judicial acts, filings, and instruments related to the scheme;

    i. A **Permanent Injunction** restraining further acts of fraud, interference, or obstruction;

    j. **Treble damages** pursuant to **18 U.S.C. § 1964(c)** for the RICO predicate acts;

    k. **Compensatory and punitive damages** for all injuries sustained, including emotional, reputational, and economic loss;

    l. **Disciplinary referral** for all judicial and BAR-member defendants under 28 U.S.C. § 372(c) and Model Rules §§ 8.3, 8.4; and

    m. Such further **equitable, declaratory, and injunctive relief** as this Court deems just, proper, and necessary to restore integrity to the judicial process and redress the verified wrongs committed.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

## COUNT VII — FRAUD UPON THE COURT & OBSTRUCTION OF JUSTICE (18 U.S.C. §§ 1503, 1512, 1519; Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944))

**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC, jointly and severally, in their individual and official capacities.

553. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-alleges, re-affirms and incorporates by reference all preceding paragraphs and causes of action in this Verified Complaint in Equity as though fully set forth herein.

554. This Count arises under **18 U.S.C. §§ 1503, 1512, and 1519**, governing obstruction of justice, witness tampering, and falsification of documents, and under the Supreme Court's controlling authority in **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, which holds that deliberate fraud on the court nullifies every judgment, order, and proceeding infected thereby.

555. The Defendants, acting jointly and severally, engaged in a **systematic scheme to corrupt the judicial process**, falsify records, suppress verified filings, and obstruct lawful adjudication of Plaintiff's verified claims and security interests.

556. The central purpose of this scheme was to **conceal the unlawful taking and conversion of private trust property**, prevent adjudication of verified evidence, and sustain a fraudulent judicial narrative through deceit, suppression, and retaliation under color of law.

557. Defendant **Judge Sunshine Suzanne Sykes**, after verified disqualification under **28 U.S.C. §§ 144 and 455**, knowingly and willfully continued to act in the same case, issuing orders void ab initio and tampering with the judicial record to sustain her own prior ultra vires rulings.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

558. Such conduct constitutes **obstruction of justice** under **18 U.S.C. § 1503**, which criminalizes any act intended to corruptly influence, obstruct, or impede the due administration of justice.

559. Defendant Sykes's actions included unlawful rulings on her own disqualification, retaliatory pre-filing restrictions, suppression of verified evidence, and collaboration with co-defendant attorneys to protect fraudulent filings from exposure.

560. Defendant **Judge Dolly M. Gee**, as Chief Judge, had verified notice of these violations but failed and refused to intervene or correct, thereby **ratifying** and perpetuating Sykes's judicial misconduct, in violation of **42 U.S.C. § 1986** (neglect to prevent conspiracy) and **18 U.S.C. § 1512(c)** (aiding and abetting obstruction).

561. Defendant **Marquez**, while purporting to act as a judicial officer, knowingly interfered with Plaintiff's access to remedy by falsely asserting that only a "licensed attorney" could appear for the trust or secured interest, in direct defiance of **Article III, Section 2**, **the First Amendment**, and **due process guarantees** of the **Fifth Amendment**.

562. Raquel Marquez's interference obstructed a pending federal matter and constitutes **witness and party tampering** under **18 U.S.C. § 1512(b)** by unlawfully impeding Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's right to present verified evidence and prosecute his claims in propria persona and sui juris capacity.

563. Defendants **John Bailey, Therese Bailey, and Bailey Legal Group** filed false, unverified, and fabricated pleadings under penalty of perjury, purporting to represent both themselves and co-defendants while concealing their dual roles as co-participants in the underlying fraud.

Express Mail No. ER243122055US — Date: October 22, 2025

564.Each filing was **false, misleading, and commercially void**, made without personal knowledge in violation of **Fed. R. Civ. P. 56(c)(4)** and **28 U.S.C. § 1746**, and designed to create a **fraudulent evidentiary record** for judicial reliance.

565.The Baileys' conduct constitutes **falsification and concealment of records** under **18 U.S.C. § 1519**, which prohibits knowingly altering or fabricating any record, document, or tangible object with intent to obstruct or influence a federal proceeding.

566.Defendant **Bailey Legal Group** acted as the **nerve center of the fraudulent enterprise**, coordinating submissions, filings, and correspondence among all co-defendants to sustain the illusion of legitimacy while concealing verified evidence of discharge, tender, and security perfection.

567.Defendants **Naji, Mary, and Daniel Doumit**, acting through **Marinaj Properties LLC**, knowingly filed and recorded fraudulent instruments — including forged deeds and simulated trustee's deeds upon sale — to facilitate theft and conversion of trust property and to perpetuate the fraudulent chain of title.

568.Such filings constitute document falsification and obstruction under 18 U.S.C. § 1519, mail and wire fraud under 18 U.S.C. §§ 1341–1343, and racketeering activity under 18 U.S.C. §§ 1961–1964.

569.All Defendants acted with actual knowledge that Plaintiff had perfected UCC filings, recorded verified notices, and served unrebutted affidavits of fact and lien under **U.C.C. § 3-505**, confirming lawful discharge and secured status.

570.The deliberate concealment of these verified filings constitutes **fraud upon the court**, as it was designed to deceive the tribunal, obstruct justice, and pervert the course of adjudication.

571.The fraud was not collateral—it went to the very core of jurisdiction, evidence, and truth, rendering every affected judgment and order **void _ab initio_**.

572. The Supreme Court in **Hazel-Atlas Glass Co. v. Hartford-Empire Co.** held that fraud on the court "is a wrong against the institutions set up to protect and safeguard the public" and that such fraud "strikes at the integrity of the judicial process itself."

573. The coordinated acts of suppression, falsification, and deceit across multiple dockets satisfy the **continuity and relatedness elements of racketeering** under **18 U.S.C. § 1961(5)** and demonstrate a persistent enterprise designed to conceal and sustain fraud under color of law.

574. Each Defendant's conduct independently and collectively deprived Plaintiff of **due process**, **equal protection**, **the right to petition**, and **access to the courts**, in violation of **the First, Fifth, and Fourteenth Amendments**.

575. The resulting harm is ongoing and irreparable, consisting of reputational injury, financial loss, emotional distress, deprivation of remedy, and interference with secured property rights.

## Relief Requested and Demanded

576. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment in equity and law against all Defendants, jointly and severally, as follows:

n. A **declaration** that Defendants have engaged in fraud upon the court and obstruction of justice in violation of 18 U.S.C. §§ 1503, 1512, and 1519;

o. **Vacatur of all judgments, orders, and filings** tainted by fraud, falsification, or obstruction;

p. A **permanent injunction** prohibiting Defendants from further interference, falsification, or misuse of judicial process;

q. **Referral for criminal investigation and prosecution** under 18 U.S.C. §§ 1503, 1512, 1519, and 1961 et seq.;

r. **Compensatory, punitive, and treble damages** pursuant to 18 U.S.C. § 1964(c);

s. **Restitution and equitable restoration** of all property, records, and rights unlawfully seized or concealed;

t. **Disciplinary and administrative referral** for all BAR-member defendants and judicial officers under 28 U.S.C. § 372(c) and Model Rules §§ 8.3 and 8.4; and

u. Such further **declaratory, injunctive, and equitable relief** as justice and equity demand to restore integrity to the judicial process and repair the injuries sustained by Plaintiff.

### COUNT VIII — CIVIL CONSPIRACY TO DEPRIVE RIGHTS & COLOR-OF-LAW EXTORTION

### (42 U.S.C. § 1985(3); 18 U.S.C. §§ 241–242, 1951 (Hobbs Act))

**Against:** Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally, in their individual and official capacities.

577. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs and causes of action in this Verified Complaint in Equity as though fully restated herein.

578. This Count arises under **42 U.S.C. § 1985(3)** (Civil Conspiracy to Deprive Rights), and **18 U.S.C. §§ 241–242** (Conspiracy and Deprivation of Rights Under Color of Law), together with the **Hobbs Act, 18 U.S.C. § 1951**, which prohibits extortion under color of official right.

579. Defendants, acting under color of law and in concert with one another, entered into a continuing **civil and criminal conspiracy** to obstruct federal

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS; CONSTITUTIONAL DEPRIVATIONS; AND RACKETEERING UNDER COLOR OF LAW

jurisdiction, deprive Plaintiff of property and constitutional rights, and extort compliance through simulated legal process, coercion, and retaliatory filings.

580. The conspiracy was **both vertical and horizontal** — involving state and federal actors (judges, attorneys, and private parties) collaborating to maintain possession of Plaintiff's trust property and silence lawful challenges.

581. Defendant **Judge Sunshine Suzanne Sykes**, having been lawfully disqualified under **28 U.S.C. §§ 144 and 455**, continued to act in violation of law, issuing void orders, imposing restrictions, and facilitating the false narrative created by her co-defendants — all under **color of law**.

582. Defendant **Judge Dolly M. Gee**, with verified knowledge of Sykes's disqualification, deliberately failed to enforce the law, thereby **ratifying** the ongoing conspiracy and protecting her subordinate's unlawful acts in violation of **42 U.S.C. § 1986** (Neglect to Prevent Conspiracy).

583. Defendant **Marquez**, acting as a judicial officer and co-conspirator, used his office to obstruct filings, reject verified pleadings, and coerce Plaintiff into relinquishing his secured interests by falsely claiming lack of "representation" — conduct that constitutes extortion under **18 U.S.C. § 1951**.

584. Defendant **John Bailey**, together with **Therese Bailey** and **Bailey Legal Group (BLG)**, knowingly filed false, unverified, and defamatory pleadings, suppressing verified affidavits and attempting to defame Plaintiff's status and filings as "frivolous" to manufacture a fraudulent record for judicial reliance.

585. The Baileys' conduct was willful, malicious, and coordinated with federal actors to obstruct Plaintiff's right to property, remedy, and fair adjudication — constituting conspiracy to violate civil rights under **42 U.S.C. § 1985(3)** and deprivation under **§ 1983**.

586. Defendants **Naji Doumit**, **Mary Doumit**, **Daniel Doumit**, and **Marinaj Properties LLC** participated in the conspiracy by executing false conveyances,

recording forged deeds, and attempting to transfer Plaintiff's trust property without lawful authority.

587. The Doumits acted with knowledge of the perfected UCC-1 and recorded Grant Deed, yet conspired with the Baileys and Sykes to sustain fraudulent possession through the use of unlawful detainer actions, forged instruments, and suppression of verified filings.

588. The scheme relied upon **"color of official right" extortion** — using judicial process and attorney status to extract property, silence, or concession from Plaintiff under the guise of legal authority, in violation of **18 U.S.C. § 1951(b)(2)**.

589. Each Defendant committed **overt acts** in furtherance of this conspiracy, including:

    a. Filing false pleadings and fraudulent instruments;

    b. Suppressing verified affidavits and commercial filings;

    c. Ignoring or falsifying jurisdictional facts;

    d. Retaliating against Plaintiff for asserting verified rights;

    e. Issuing or enforcing void orders after disqualification; and

    f. Coordinating communications to misrepresent case status and evidence.

590. The Defendants' acts were not mere negligence but deliberate and coordinated **racketeering activity** as defined by **18 U.S.C. § 1961(1)**, including mail fraud, wire fraud, obstruction of justice, and extortion under color of law.

591. The objective of this enterprise was to maintain control of trust property and to prevent judicial recognition of Plaintiff's secured and beneficial ownership — a violation of **Article I, Section 10**, **the Fifth Amendment**, and **the Fourteenth Amendment**.

592. Defendants' actions collectively constitute **a pattern of racketeering activity**, satisfying the continuity and relatedness elements of **18 U.S.C. § 1961(5)**

and demonstrating a deliberate and sustained conspiracy to injure and deprive Plaintiff of constitutionally protected rights.

593. Each Defendant knowingly acted in furtherance of the conspiracy, either by direct participation or by ratification through silence, omission, or deliberate non-enforcement of law, despite verified notice and duty to intervene.

594. The conduct alleged herein deprived Plaintiff of **due process**, **equal protection**, **the right to petition for redress**, and **the right to private property** — rights secured by the **U.S. Constitution** and **federal law**.

595. The resulting injury includes deprivation of property, reputational harm, loss of income, emotional distress, and the ongoing obstruction of Plaintiff's access to remedy and equitable relief.

596. The conspiracy is ongoing, continuous, and has extended across multiple forums — including state, federal, and appellate levels — thereby constituting **systemic institutional corruption** under the Clearfield Doctrine and equity principles.

## Relief Requested and Demanded

597. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment in equity and law against all Defendants, jointly and severally, as follows:

a. A **declaration** that Defendants have conspired under **42 U.S.C. § 1985(3)** and engaged in extortion under **18 U.S.C. § 1951**;

b. **Vacatur** of all judgments, orders, and filings obtained through fraud, conspiracy, or color-of-law coercion;

c. A **permanent injunction** prohibiting further conspiracy, retaliation, or interference with Plaintiff's rights and property;

d. **Referral for criminal investigation and prosecution** under **18 U.S.C. §§ 241, 242, 1951**, and related statutes;

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS; CONSTITUTIONAL DEPRIVATIONS; AND RACKETEERING UNDER COLOR OF LAW

e. **Treble damages** pursuant to **18 U.S.C. § 1964(c)** and full restitution of all property and profits obtained through conspiracy;

f. **Compensatory and punitive damages** for deprivation of rights, extortion, and injury; and

g. Such further **equitable and declaratory relief** as justice and the Constitution demand.

## COUNT IX — ATTORNEY MISCONDUCT, BAD-FAITH ADVOCACY & CONFLICT OF INTEREST

### (28 U.S.C. § 1927; Fed. R. App. P. 46(c); Model Rules of Professional Conduct 1.7 & 3.3)

**Against:** John Bailey, Therese Bailey, and Bailey Legal Group ("BLG") — jointly and severally.

598. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding paragraphs and verified counts of this Complaint as though fully set forth herein.

599. This Count arises under **28 U.S.C. § 1927**, which provides that any attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

600. It further arises under **Federal Rule of Appellate Procedure 46(c)**, empowering federal courts to discipline attorneys for "conduct unbecoming a member of the bar" and for "failure to comply with court orders, ethical duties, or standards of professional responsibility."

601. Additionally, Defendants' actions constitute egregious violations of the **ABA Model Rules of Professional Conduct**, specifically:

a. **Rule 1.7 — Conflict of Interest:** prohibiting representation of adverse parties where personal interests or relationships compromise professional judgment; and

b. **Rule 3.3 — Candor Toward the Tribunal:** requiring lawyers to refrain from knowingly making false statements or concealing material facts from the Court.

602. Defendants **John Bailey** and **Therese Bailey**, acting through **Bailey Legal Group**, knowingly engaged in an **irreconcilable conflict of interest** by simultaneously appearing as both **counsel of record** and **named co-defendants** in related proceedings, including federal Case Nos. **5:25-cv-01357**, **5:25-cv-01434**, and **5:25-cv-01450**.

603. By doing so, they violated their duty of candor, loyalty, and impartiality, creating a fatal procedural and ethical defect that disqualified them from lawful participation in any matter touching the same subject or parties.

604. The Baileys' dual role as "counsel and co-defendant" constitutes **self-dealing**, **conflict of interest**, and **fraudulent concealment**, as they intentionally misled the Court and opposing parties into believing they acted as neutral officers of the Court when, in fact, they were **adverse and interested litigants**.

605. Defendants further multiplied the proceedings in bad faith by filing **defective, unverified, and defamatory pleadings**, all lacking evidentiary foundation and submitted without personal knowledge or verification as required by **Fed. R. Civ. P. 11(b)** and **Rule 56(c)(4)**.

606. Each such filing was designed to harass, delay, and mislead — not to advance legitimate legal argument — thereby violating **28 U.S.C. § 1927** and the inherent powers of the Court to protect the integrity of its proceedings.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

607. The Baileys, through BLG, knowingly **withheld exculpatory and dispositive material**, including Plaintiff's **verified affidavits, UCC filings, and certificates of dishonor**, from the Court record, while falsely representing to the judiciary that such evidence "did not exist" or was "inadmissible."

608. These false representations were made knowingly and intentionally, constituting **fraud upon the court** under **Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238 (1944)**, and actionable deceit under **Model Rule 3.3(a)(1)**.

609. Defendants' coordinated actions demonstrate a deliberate **pattern of racketeering and obstruction**, whereby they used their BAR membership as both sword and shield — exploiting the appearance of legal authority to perpetrate fraud, suppress verified evidence, and aid judicial misconduct by Sykes and Marquez.

610. The Baileys' ongoing pattern of misrepresentation, procedural abuse, and document tampering caused substantial prejudice to Plaintiff, including delay, increased litigation costs, reputational harm, and deprivation of equitable remedy.

611. Each false filing, misrepresentation, and concealment of fact constitutes a separate **overt act in furtherance of a civil conspiracy** to obstruct justice and defraud both the Court and Plaintiff, in violation of **18 U.S.C. §§ 1503, 1512, and 1519**.

612. The misconduct was not isolated or negligent — it was intentional, coordinated, and executed with full awareness that Plaintiff's filings were verified under **28 U.S.C. § 1746** and constituted competent evidence under federal law.

613. The Baileys' acts also violated the **Clearfield Doctrine (Clearfield Trust Co. v. United States, 318 U.S. 363 (1943))**, as they acted in a private

commercial capacity, outside any lawful immunity, and are therefore personally liable for damages, costs, and sanctions.

614. The totality of their conduct demonstrates contempt for federal law, the Constitution, and the ethical standards binding all attorneys, converting them from officers of the court into **private actors engaged in fraud, coercion, and obstruction**.

## Relief Requested and Demanded

615. Plaintiff demands judgment in equity and law against Defendants **John Bailey**, **Therese Bailey**, and **Bailey Legal Group**, jointly and severally, as follows:

 c. A **judicial declaration** that Defendants have violated **28 U.S.C. § 1927**, **Fed. R. App. P. 46(c)**, and the **Model Rules of Professional Conduct**;

 d. An order of **disbarment or suspension**, and **referral for disciplinary action** to the appropriate State Bar and federal disciplinary authority;

 e. **Vacatur of all pleadings and filings** submitted by Defendants due to fraud, conflict of interest, and lack of verification;

 f. **Compensatory and punitive damages** for bad-faith litigation, reputational injury, and costs incurred as a direct result of Defendants' misconduct;

 g. **Monetary sanctions** under **28 U.S.C. § 1927** for unreasonable and vexatious multiplication of proceedings;

 h. **Referral for criminal investigation** under **18 U.S.C. §§ 1503, 1512, 1519, and 1343**; and

 i. Any further **equitable, injunctive, or declaratory relief** deemed just and proper under Article III and the inherent powers of equity.

## COUNT X — MANDAMUS TO COMPEL STATUTORY DUTY

*(28 U.S.C. §§ 1361 & 1651 — Mandamus and All Writs Acts)*

**Against:** Judge Sunshine Suzanne Sykes and Judge Dolly M. Gee, each in her individual and official capacities.

616. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all verified facts, exhibits, and prior paragraphs of this Complaint as if fully set forth herein.

617. This Count is brought under **28 U.S.C. § 1361**, which confers jurisdiction upon federal courts to compel **any officer or employee of the United States** to perform a **clear, non-discretionary duty** owed to the Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary.

618. It is further grounded in the **All Writs Act**, 28 U.S.C. § 1651(a), which authorizes courts to issue all writs necessary or appropriate in aid of their jurisdiction, consistent with the usages and principles of law and equity.

619. Defendants **Sykes** and **Gee** are Article III officers of the United States, subject to the Constitution, the Judicial Code of Conduct, and federal statutes mandating impartiality, recusal, and obedience to verified disqualification.

620. Defendant Sykes was lawfully and properly served with a Verified Motion and Affidavit of Bias and Disqualification pursuant to 28 U.S.C. § 144, invoking automatic divestiture of jurisdiction.

621. Despite this binding statutory command that "**the judge shall proceed no further therein,**" Sykes **continued to act**, issuing void orders, manipulating the docket, and enforcing fraudulent rulings **after divestiture of authority**.

622. Defendant **Gee**, as Chief Judge, received verified notice of these ultra vires acts and was under a **non-discretionary duty** to intervene, vacate the void rulings, and reassign the case to a neutral tribunal under **28 U.S.C. § 455(a)–(b)**.

623.Instead, Gee **willfully refused to perform her supervisory duty**, thereby **ratifying the misconduct** and **aiding the continuing violation** of Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's constitutional and statutory rights.

624.The statutory duties of §§ 144 and 455 are **ministerial, not discretionary** — they require immediate cessation of judicial activity upon verified disqualification. No judicial immunity attaches to refusal of such a duty.

625.By failing to perform these mandatory functions, Defendants have **obstructed justice** and **usurped jurisdiction** in direct violation of **18 U.S.C. §§ 1503, 1512, 1519**, and the separation-of-powers principles reaffirmed in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137 (1803).

626.The Supreme Court has long held that **mandamus lies** to compel officers to execute nondiscretionary statutory duties. *United States v. Clarke*, 33 U.S. 436 (1834); *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33 (1980).

627.Defendants' failure to act has deprived Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary of **due process and equal protection**, contrary to the **Fifth and Fourteenth Amendments**, and denied his **right to a neutral, lawfully constituted tribunal**.

628.These derelictions also violate each Defendant's **oath of office** under **5 U.S.C. § 3331**, which requires faithful execution of the duties of the office and defense of the Constitution.

629.The **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)) removes all immunity from officers who act in a private or commercial capacity—such as issuing void orders or ratifying judicial fraud— rendering them **personally liable** for the resulting harm.

630.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary has no adequate remedy at law because the continuing refusal of Defendants to perform their statutory duties directly **impairs the court's jurisdiction** and **obstructs enforcement of verified rights in equity**.

631.Equity, justice, and the Constitution demand issuance of a **Writ of Mandamus** to compel Defendants to perform their ministerial duties and to vacate all void judicial acts issued post-disqualification.

## Relief Requested and Demanded

632.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary respectfully demands issuance of a **Writ of Mandamus** and equitable decree under **28 U.S.C. §§ 1361 and 1651**, compelling:

    j.  Immediate **vacatur** of every order, judgment, or action taken by Judge Sykes after verified disqualification;

    k.  Formal **enforcement of recusal** and **reassignment** to a neutral, lawfully authorized Article III judge;

    l.  A **Judicial Declaration** confirming that all ultra vires acts are **void _ab initio_** and legally null;

    m.  **Referral for disciplinary and criminal review** for willful statutory dereliction and obstruction;

    n.  A **permanent injunction** barring further interference or participation by Defendants in matters affecting Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's rights or property; and

    o.  All further **equitable and declaratory relief** this Court deems just, proper, and necessary to restore constitutional order and the integrity of the judiciary.

## COUNT XI — DECLARATORY & INJUNCTIVE RELIEF FOR VOID JUDICIAL ACTS

### (28 U.S.C. §§ 2201–2202; Fed. R. Civ. P. 57)

**Against:** Judges Sunshine Suzanne Sykes, Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

633. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all verified facts, exhibits, filings, and preceding Counts as though fully set forth herein.

634. This action seeks declaratory and injunctive relief pursuant to **28 U.S.C. §§ 2201–2202** and **Federal Rule of Civil Procedure 57**, establishing that all acts, rulings, and filings performed without jurisdiction or lawful authority are **void ab initio**, non-binding, and unenforceable in law or equity.

635. The **Declaratory Judgment Act** authorizes this Court to declare the rights and legal relations of parties in cases of actual controversy, and such declarations have the **force and effect of a final judgment or decree**.

636. An **actual, substantial, and continuing controversy** exists between Plaintiff and Defendants concerning the validity, enforceability, and legal effect of multiple judicial orders and filings entered after verified disqualification, in contravention of 28 U.S.C. §§ 144 and 455.

637. Defendants **Sykes** and **Gee**, acting under color of law but without jurisdiction, issued and/or ratified void orders that materially affected Plaintiff's vested rights, property, and equitable standing.

638. Defendant **Marquez**, acting ultra vires and without lawful authority, issued directives and correspondence asserting that Plaintiff must obtain a licensed attorney to represent his own private trust and beneficial interests, despite his

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

verified standing as **real party in interest, secured party creditor, executor, and master beneficiary**.

639.Such actions constitute interference with private rights, obstruction of lawful process, and **simulation of legal authority** in direct violation of the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), which holds that officers acting in a private or commercial capacity lose all immunity and are treated as private individuals.

640.Defendants **John Bailey, Therese Bailey, and The Bailey Legal Group** filed unverified, hearsay pleadings, false declarations, and malicious correspondence across multiple federal dockets, constituting **fraud upon the court** and perpetuating a simulated judicial record for unlawful gain.

641.Defendants **Naji, Mary, and Daniel Doumit**, acting through **Marinaj Properties LLC**, recorded fraudulent deeds, clouded title, and conspired with attorney defendants to sustain a false appearance of ownership and jurisdiction over trust property secured under Plaintiff's perfected UCC filings.

**642.**The cumulative acts of all Defendants constitute a **continuing enterprise of judicial fraud, obstruction, defamation, and extortion under color of law**, violating 42 U.S.C. §§ 1983 and 1985, and 18 U.S.C. §§ 1503, 1512, 1519, and 1951 (Hobbs Act).

643.A declaratory judgment is necessary to **clarify and confirm Plaintiff's rights**, nullify void orders, and formally declare that the judicial acts performed after verified disqualification are legally nonexistent and unenforceable.

644.Equitable and injunctive relief are further necessary to **restrain Defendants from continuing ultra vires activity**, interfering with Plaintiff's

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

property or filings, or engaging in further commercial injury, defamation, or harassment under color of law.

645. The issuance of declaratory and injunctive relief serves the interests of justice, judicial integrity, and constitutional order by restoring jurisdictional balance and ensuring that no man or woman is deprived of property or rights without due process of law.

646. Refusal to issue such relief would amount to ratification of fraud, denial of remedy, and tacit approval of a simulated legal process — all contrary to the **Bill of Rights**, **Fifth and Fourteenth Amendments**, and **Article III § 2** of the Constitution for the United States of America.

## Relief Requested and Demanded

647. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary respectfully demands that this Court enter a **Declaratory Judgment** and corresponding **Injunctive Order** providing:

    a. A declaration that all judicial orders, rulings, and actions taken by Defendants **Sykes, Gee, and Marquez** after verified disqualification or without jurisdiction are **void ab initio** and of **no legal effect**;

    b. A declaration that Plaintiff's verified affidavits, UCC filings, and verified pleadings constitute the **operative and controlling record** in this matter;

    c. An injunction permanently **barring all Defendants** from further interference, misrepresentation, or administrative obstruction affecting Plaintiff's verified filings, property rights, and trust corpus;

    d. A declaration that any **trustee's deed, foreclosure action, or recorded instrument** filed by Defendants Doumit, Bailey, or Marinaj Properties LLC is **null, void, and non-transferable**;

e. An order directing **expungement and cancellation** of all void instruments, filings, or judicial records arising from the fraudulent proceedings;

f. Referral to the **Judicial Council** and **Department of Justice** for investigation of fraud upon the court, racketeering, and obstruction of justice;

g. Declaratory recognition of Plaintiff as the **Real Party in Interest, Secured Party Creditor, Beneficiary, and Executor** of the private trust estate; and

h. Such further declaratory, injunctive, and equitable relief as this Court deems proper under **28 U.S.C. §§ 2201–2202** and **its inherent equitable powers**.

648. This Verified Complaint and the record of unrebutted affidavits stand as **prima facie evidence**, enforceable in law and equity.

649. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary verifies under penalty of perjury pursuant to **28 U.S.C. § 1746** that all facts stated herein are true, correct, and made in good faith.

## COUNT XII — TAKINGS, CONVERSION & FIDUCIARY BREACH

*(U.S. Const. Amend. V (Takings Clause); 28 U.S.C. § 1491 (Tucker Act); 28 U.S.C. §§ 1346(b), 2671 et seq. (FTCA); Common-Law Conversion & Trespass)*

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

650. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all verified facts, pleadings, and exhibits stated in prior counts as though fully set forth herein.

651. This claim arises under the **Fifth Amendment's Takings Clause**, the **Tucker Act (28 U.S.C. § 1491)**, and the **Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq.)**, as well as the doctrines of **common-law conversion, trespass, and breach of fiduciary duty**.

652. Defendants, acting jointly and severally under color of law and by private collusion, unlawfully **seized, converted, and impaired Plaintiff's property, trust corpus, and equitable interests**, without due process, just compensation, or lawful authority.

653. The subject property, located in **Riverside County, California**, is held by and through **private trust and perfected UCC security interests**, duly recorded and unrebutted.

654. Defendants **Sykes** and **Gee**, acting under color of judicial office but without jurisdiction, unlawfully interfered with and obstructed Plaintiff's right to possession and enjoyment of that property through void orders, false remands, and simulated judicial acts.

655. Defendant **Raquel Marquez**, acting ultra vires, denied Plaintiff's lawful capacity to act as fiduciary, executor, and real party in interest of his own private trust, thereby obstructing the administration of the estate and further depriving him of control and remedy.

656. Defendants **John Bailey, Therese Bailey, and The Bailey Legal Group** knowingly filed false pleadings, fabricated declarations, and fraudulent title instruments to aid and abet the unlawful transfer and concealment of property belonging to Plaintiff's private trust.

657. Defendants **Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC**, with full knowledge of Plaintiff's perfected UCC filings, executed and recorded **forged or void deeds** purporting to convey trust property, thereby committing **fraudulent conveyance, conversion, and trespass**.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

658.These coordinated actions constitute an **uncompensated taking of private property for private commercial use**, in direct violation of the **Fifth Amendment's Takings Clause**, which mandates that no property shall be taken for public or private use without just compensation and lawful process.

659.Defendants' acts were **intentional, malicious, and conducted in bad faith**, executed with full knowledge of Plaintiff's secured and beneficial ownership, thereby constituting willful torts outside the scope of any lawful authority.

660.Under the **Tucker Act**, this Court possesses jurisdiction to adjudicate claims arising from unlawful governmental takings and fiduciary breaches resulting in measurable economic and equitable loss.

661.Under the **Federal Tort Claims Act**, the United States may be held liable for wrongful or negligent acts of its officers acting in a private or ministerial capacity; here, each judicial and administrative officer acted **ultra vires** and is therefore **personally liable** under the **Clearfield Doctrine** (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)).

662.The combination of judicial usurpation, attorney fraud, and private extortion constitutes a **constructive trust breach**, stripping Defendants of all equitable interest and rendering them **constructive trustees ex maleficio** for the benefit of Plaintiff as lawful owner and beneficiary.

663.The unlawful seizure, obstruction, and conversion of property, rights, and instruments amount to **civil theft, breach of fiduciary duty, trespass to chattels, and interference with contractual relations**, all actionable under common law and equity.

664.Defendants' continued possession, concealment, and misuse of property, proceeds, or instruments belonging to Plaintiff constitute ongoing tortious conduct, giving rise to **equitable restitution, disgorgement, and injunctive relief**.

665.The Plaintiff has suffered **irreparable injury**, including deprivation of lawful possession, commercial impairment, reputational damage, emotional distress, and constitutional harm, each traceable directly to Defendants' coordinated acts.

666.Each act described herein constitutes a **separate and continuing tort and constitutional violation**, actionable both individually and as part of a continuing enterprise of fraud, conversion, and unlawful taking.

667.No lawful compensation, hearing, or due process was ever provided; the deprivation was executed through deception, silence, and the misuse of judicial machinery — a textbook unconstitutional taking and fiduciary breach.

668.Plaintiff's/Real Party In Interest's/Injured Party In Fact's verified affidavits, UCC filings, and exhibits constitute **prima facie evidence of ownership and injury**, unrebutted as a matter of record and law, and therefore controlling under **Fed. R. Evid. 301 and 28 U.S.C. § 1746**.

### Relief Requested and Demanded

669.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary respectfully demands that this Court enter judgment providing the following relief:

   a. A **declaration** that all judicial acts, orders, and conveyances made without jurisdiction are **void ab initio** and of no legal effect;

   b. A **finding** that Defendants' actions constitute a **taking without just compensation** and an unlawful conversion of trust property;

   c. An **order** requiring **full restitution and disgorgement** of all proceeds, instruments, and assets wrongfully obtained or converted;

   d. A **constructive trust** imposed upon all property, deeds, or funds held by or derived from Defendants' unlawful conduct, in favor of Plaintiff as beneficiary and secured party;

e. **Compensatory and punitive damages** for constitutional, commercial, and fiduciary violations, including loss of use, title, and income;

f. **Equitable forfeiture** of all property and proceeds connected to the fraudulent transactions and title conversions;

g. Referral to the **Department of Justice** and **Judicial Council** for investigation of unlawful takings, fiduciary breach, and fraud upon the court; and

h. Such further relief, equitable or monetary, as this Court deems just and proper under the **Tucker Act, FTCA, and Article III § 2** of the Constitution.

670. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary verifies under penalty of perjury pursuant to **28 U.S.C. § 1746** that all foregoing statements are true, correct, and made in good faith.

### COUNT XIII — PATTERN OF RACKETEERING ACTIVITY (CIVIL RICO) (18 U.S.C. §§ 1961–1964)

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

671. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, filings, and exhibits as though fully restated herein.

672. This cause of action arises under the **Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1964**, which provides an express **private right of action** under 18 U.S.C. § 1964(c) authorizing "[a]ny person injured in his business or property by reason of a violation of section 1962" to recover **treble damages, costs, and attorney's fees.**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

673. This _**Verified**_ Complaint invokes that private right jointly with equitable enforcement under **28 U.S.C. §§ 1331, 1343, 1361, 1491, 1651, and 2201-2202.**

674. Defendants — including federal officers, BAR-licensed attorneys, and private corporate actors — acted **jointly and severally as an association-in-fact enterprise** within the meaning of **18 U.S.C. § 1961(4)**, weaponizing the judicial machinery, law firms, and corporate entities as vehicles for fraud, extortion, and theft under color of law.

675. The enterprise operated continuously and systematically across multiple dockets and jurisdictions, including **Case Nos. 5:25-cv-01357, 5:25-cv-01450, 5:25-cv-01434, 5:25-cv-01900, and 5:25-cv-01918**, forming a single ongoing conspiracy to deprive Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary of property, equitable remedy, and constitutional rights through simulated legal process and fraudulent adjudication.

676. Each Defendant committed predicate acts within the meaning of **18 U.S.C. § 1961(1)**, including but not limited to:

    a. Mail fraud (18 U.S.C. § 1341);

    b. Wire fraud (18 U.S.C. § 1343);

    c. Obstruction of justice (18 U.S.C. §§ 1503, 1512, 1519);

    d. Extortion under color of official right (18 U.S.C. § 1951 — Hobbs Act); and

    e. Conspiracy to deprive rights (18 U.S.C. §§ 241–242).

677. **Judge Sunshine Suzanne Sykes** knowingly issued void orders after verified disqualification under **28 U.S.C. §§ 144 and 455**, continuing to act without jurisdiction and conspiring with co-Defendants to sustain fraudulent filings, conceal verified evidence, and suppress Plaintiff's rights — all in knowing bad faith.

678. **Judge Dolly M. Gee**, as Chief Judge, ratified and perpetuated Sykes's ultra vires acts through deliberate non-feasance despite verified notice of

Page 139 of 191

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

disqualification and misconduct, thereby **aiding and abetting racketeering activity** under 18 U.S.C. § 2.

679.**Defendant Raquel Marquez**, acting **ultra vires** and *without jurisdiction,* attempted to coerce Plaintiff to obtain licensed counsel contrary to law, violating his secured-party status, fiduciary authority, and right to appear as Real Party in Interest — acts constituting extortion and color-of-law deprivation.

680.**John Bailey, Therese Bailey, and The Bailey Legal Group** functioned as the enterprise's litigation arm, fabricating pleadings, falsifying declarations, and defaming Plaintiff to manipulate proceedings and conceal title theft — in direct violation of **18 U.S.C. §§ 1341, 1343, 1503, 1519** and **42 U.S.C. §§ 1983, 1985(3)**.

681.**Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC** executed and recorded fraudulent deeds and title instruments, committing mail and wire fraud, commercial conversion, and property laundering to sustain the conspiracy's financial motive.

682.Each Defendant used the **U.S. Postal Service**, **federal court electronic systems**, and **interstate communications** to transmit false pleadings and instruments, satisfying the interstate-commerce nexus required by **RICO**.

683.The enterprise's unified objective was to enrich its members through fraudulent litigation, extortion, and abuse of judicial process, concealing crimes beneath a façade of lawful proceedings.

684.The enterprise maintained continuity of personnel and purpose from 2024 through 2025, satisfying the **relationship and continuity test** in **H.J. Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229 (1989)**.

685.**Case Nos. 5:25-cv-01900 and 5:25-cv-01918** confirm the **scheme,** where **Judge Sykes** unlawfully reassigned disqualified cases to herself, remanded matters post-disqualification, and obstructed verified civil-rights removals to the direct benefit of **Bailey Legal Group** and **Marinaj Properties LLC.**

686. Such conduct constitutes deliberate **obstruction of justice, simulation of legal process, and commercial racketeering** under 18 U.S.C. § 1962(c).

687. Each Defendant had full knowledge of the criminal objectives, acted intentionally, and committed overt acts in furtherance of the conspiracy, thereby violating **18 U.S.C. § 1962(d)**.

688. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has suffered concrete, particularized injuries, including:

    a. Loss of property and lawful title through fraudulent conveyance;

    b. Severe economic and commercial injury from obstruction and deceit;

    c. Reputational and emotional harm through defamation and retaliation;

    d. Deprivation of due process, equal protection, and equitable remedy.

689. These harms are direct and proximate results of Defendants' ongoing racketeering activity and are fully compensable under **18 U.S.C. § 1964(c)** — a self-executing private right of action conferring standing on the injured party.

690. Defendants' coordinated acts constitute **organized criminal use of judicial power** — a betrayal of oath, abuse of office, and commercial treason against the United States and its Constitution.

691. No adequate remedy exists at law. Only this Court's equitable jurisdiction can redress the injury, vacate the void acts, and restore lawful order to an institution corrupted by racketeering.

## Relief Requested and Demanded

692. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment providing the following relief:

    a. **Declaratory Judgment** that Defendants constituted and participated in a continuing criminal enterprise under **18 U.S.C. § 1961(4);**

    b. **Treble Damages** pursuant to **18 U.S.C. § 1964(c)** for all financial, property, and reputational losses;

c. **Permanent Injunction** restraining Defendants from any further acts of fraud, deprivation, or interference with Plaintiff's rights or property;

d. **Forfeiture and Disgorgement** of all assets, proceeds, and properties derived from racketeering activity;

e. **Referral for Criminal Prosecution** to the U.S. Department of Justice and Judicial Council under 18 **U.S.C. §§ 241–242, 1503, 1951, and 1961– 1964;**

f. **Costs, Fees, and Pre-Judgment Interest** as authorized by law; and

g. **Such further relief as equity, justice, and the Constitution require.**

## COUNT XIV — SIMULATED LEGAL PROCESS, COERCION & PEONAGE UNDER COLOR OF LAW

### (18 U.S.C. §§ 912, 1581, 1589, 1951 et seq.; 42 U.S.C. §§ 1983, 1994)

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally

693. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, filings, affidavits, and exhibits as though fully restated herein.

694. This claim arises under the **Thirteenth Amendment**, 18 **U.S.C. §§ 912, 1581, 1589, and 1951**, and 42 **U.S.C. §§ 1983 and 1994**, which collectively prohibit peonage, forced labor, simulated legal process, and extortion under color of law.

695. Defendants, both public officers and private actors, knowingly and willfully engaged in the **simulation of judicial authority** and **commercial coercion** by fabricating process, enforcing void orders, and extorting performance and compliance from Plaintiff through fraudulent and ultra vires means.

696. Defendant **Sunshine Suzanne Sykes**, having been duly disqualified under 28 U.S.C. §§ 144 and 455, continued to act without lawful jurisdiction, issuing void

orders and directives designed to compel Plaintiff's submission under **threat, duress, and color of authority** — acts constituting **simulated legal process and extortion under 18 U.S.C. § 1951**.

697. Defendant **Dolly M. Gee**, as Chief Judge, ratified Sykes's unlawful conduct by **failing to act, correct, or intervene**, thereby rendering herself complicit in the ongoing pattern of simulated process and coercive abuse of office under color of law.

698. Defendant **Marquez**, acting ultra vires, attempted to coerce Plaintiff to **hire licensed counsel** as a condition of access to justice and relief, despite Plaintiff's/ Real Party In Interest's/Injured Party I Fact's verified status as **secured party, Real Party in Interest, and private trust executor**.

    a. Such compulsion constitutes **commercial peonage** under 42 U.S.C. § 1994 and **forced service under threat of deprivation** prohibited by 18 U.S.C. §§ 1581 and 1589.

    b. By demanding that Plaintiff submit to the BAR cartel, Marquez acted as a private agent of coercion, violating both due process and equal protection under the Fifth and Fourteenth Amendments.

699. Defendants **John Bailey**, **Therese Bailey**, and **The Bailey Legal Group**, acting as attorneys of record and co-defendants, knowingly submitted false pleadings, forged declarations, and simulated instruments in multiple cases, including **5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01450, 5:25-cv-01900, and 5:25-cv-01918**.

    a. These filings were **not judicial acts** but **simulated legal process** — documents designed to appear lawful while being materially void and commercially fraudulent.

    b. Their intent was to **extort property, reputation, and standing** through deceit, manipulation of court process, and collusion with disqualified judges.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

700. Defendants **Naji Doumit**, **Mary Doumit**, **Daniel Doumit**, and **Marinaj Properties LLC** executed and recorded **fraudulent deeds and instruments** designed to simulate lawful title transfer and dispossess Plaintiff of property without judicial process or equitable cause.

    a. These actions constitute **constructive peonage** — forcing Plaintiff to labor, respond, and expend resources to defend property already lawfully held in trust.

    b. Such conduct also constitutes **commercial extortion and deprivation of rights** under 18 U.S.C. §§ 1951 and 241–242.

701. The collective conduct of all Defendants demonstrates a **systematic scheme to simulate legal authority**, using void instruments, false pleadings, and fraudulent court actions to extort performance, silence, or compliance from Plaintiff.

    a. Such acts satisfy the statutory elements of **simulation of process** under 18 U.S.C. § 912 (impersonation of officer or official), and **forced labor and coercion** under §§ 1581 and 1589.

    b. These acts further violate **42 U.S.C. § 1983** by depriving Plaintiff of rights secured by the Constitution under color of law.

702. Each Defendant knowingly acted without jurisdiction, without lawful authority, and with full knowledge that their acts were **void *ab initio***.

    a. This deliberate misuse of office and authority constitutes **commercial treason** against the Constitution, public trust, and equity jurisdiction.

    b. Their conduct is not judicial error but **intentional fraud, coercion, and simulated process** designed to conceal property theft and destroy lawful remedy.

703. The enterprise relied on the **appearance of legal authority** to intimidate, coerce, and oppress Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary, in violation of **18 U.S.C. §§ 912, 1581, 1589, and 1951**,

and consistent with the Supreme Court's condemnation of peonage in *Clyatt v. United States*, 197 U.S. 207 (1905).

704.Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/ Master Beneficiary's verified affidavits, UCC filings, and unrebutted notices establish the absence of any lawful jurisdiction, consent, or contract binding him to the simulated proceedings.

    a. The absence of rebuttal operates as **tacit agreement and admission** by all Defendants of their unlawful acts and obligations in equity.

    b. Under *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964), attorney argument cannot rebut verified fact, rendering all adverse pleadings **legally null.**

705.By their coordinated actions, Defendants converted the court process into an instrument of **human trafficking in commerce**, in violation of the **Thirteenth Amendment, 42 U.S.C. § 1994**, and the **Clearfield Doctrine**, which removes immunity from officers acting in private commercial capacity (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)).

706.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has sustained measurable harm, including deprivation of property, economic loss, reputational injury, and psychological distress, directly resulting from Defendants' acts of coercion and simulated process.

707.These acts have undermined the public's confidence in the judiciary, violated Plaintiff's constitutional guarantees, and corrupted the administration of justice through **commercialized coercion, extortion, and abuse of office**.

708.Each Defendant's participation was **willful, knowing, and malicious**, undertaken for private gain and in reckless disregard for the Constitution, federal law, and Plaintiff's verified rights.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

709. No adequate remedy exists in any other forum. Only this Court, sitting in equity and law, can restore Plaintiff's property, liberty, and rights against this continuing enterprise of simulated process and peonage under color of law.

## Relief Requested and Demanded

710. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment providing the following relief:

a. **Declaratory judgment** that all orders, actions, and instruments arising from the simulated process are void ab initio and unenforceable in law or equity;

b. **Permanent injunction** against all Defendants prohibiting further acts of coercion, simulation, or extortion under color of law;

c. **Restitution and equitable restoration** of all property, titles, and rights unlawfully converted or restrained;

d. **Compensatory and punitive damages** for all economic, constitutional, and emotional harm sustained;

e. **Treble damages** pursuant to 18 U.S.C. § 1964(c) (Civil RICO);

f. **Referral for criminal investigation and prosecution** under 18 U.S.C. §§ 912, 1581, 1589, 1951, and 241–242;

g. **Costs, fees, and pre-judgment interest** as authorized by statute and equity; and

h. Such further relief as justice, law, and conscience may demand.

## COUNT XV — SLANDER OF TITLE & FRAUDULENT CONVERSION OF TRUST ASSETS

### (Common Law Tort & Equity Doctrine; U.C.C. §§ 3-505, 9-315)

**Against:** Naji Doumit, Mary Doumit, Daniel Doumit, Marinaj Properties LLC, John Bailey, Therese Bailey, and The Bailey Legal Group — jointly and severally.

711. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, affidavits, and exhibits as though fully restated herein.

712. This claim arises under the **common law of tort and equity**, specifically **slander of title**, **fraudulent conveyance**, and **conversion of trust property**, in conjunction with the **Uniform Commercial Code (U.C.C.) §§ 3-505 and 9-315**, which establish lien enforcement, notice, and continuing security interests in identifiable proceeds of collateral.

713. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary is the lawful **secured party, executor, and equitable beneficiary** of private trust property subject to perfected UCC filings — specifically UCC-1 Financing Statement Nos. **2024385925-4, 2025470746-9,** and **2024385935-1** (Exhibits C, D, and E)— and holds **superior and perfected title and beneficial interest** to the real property and trust assets unlawfully interfered with by Defendants.

714. Defendants **Naji Doumit**, **Mary Doumit**, **Daniel Doumit**, and **Marinaj Properties LLC** knowingly and willfully executed, recorded, and circulated **false, forged, and fraudulent deeds** and title instruments purporting to convey ownership or encumbrance of trust property, including property located within **Riverside County, California**, without lawful authority, consent, or consideration.

715. The recording and public dissemination of these void instruments constituted **slander of title**, designed to defame, cloud, and disparage Plaintiff's lawful ownership and security interest, impairing his ability to enforce title, alienate property, or secure financing thereon.

716. The false recordings were made with actual malice, knowledge of falsity, and reckless disregard for truth, in violation of **California Civil Code § 47(b)**

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

(privilege limitation), **California Penal Code § 115** (recording of false instruments), and **U.C.C. § 3-505** (dishonor and lien authorization), which grants legal effect to Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/Master Beneficiary's perfected default notices and Certificates of Dishonor.

717. Defendants' fraudulent acts were not isolated but coordinated and continuous, carried out through **Marinaj Properties LLC** as the instrumentality for concealment, transfer, and laundering of unlawfully converted trust property and proceeds.

718. Defendants **John Bailey**, **Therese Bailey**, and **The Bailey Legal Group**, acting as counsel and co-conspirators, **aided and abetted** the Doumits' fraudulent filings by submitting unverified pleadings, false declarations, and simulated process to obscure the fraud and obstruct Plaintiff's recovery of his property.

719. The Bailey Defendants' participation in drafting, filing, and defending the false title instruments constitutes **fraudulent concealment**, **defamation of title**, and **commercial trespass** upon a private trust corpus, all executed under color of law but for private gain.

720. Each Defendant's participation in the recording, assertion, or defense of false title constituted a **deliberate misrepresentation of material fact**, made with intent to deceive third parties, induce reliance, and suppress lawful ownership of record.

721. The cumulative effect of these actions was to create a **false appearance of ownership**, impair the marketability of title, and inflict direct financial injury upon Plaintiff in the form of lost use, lost equity, reputational harm, and legal expense — all actionable under common law and equity.

722. Under **U.C.C. § 9-315(a)(2)**, Plaintiff's perfected security interest **continues in any identifiable proceeds** of the converted trust property, whether

in tangible or intangible form, thereby binding all subsequent transferees, assigns, or recipients of any benefit derived from the fraudulent conveyance.

723. Under **U.C.C. § 3-505(b)**, Plaintiff's **Certificates of Dishonor and Default** serve as **self-authenticating evidence of non-performance and commercial default**, establishing prima facie liability and constituting operative commercial judgments by estoppel in equity and commerce.

724. Defendants' actions also constitute **conversion**, defined as the wrongful exercise of dominion or control over the property of another in denial or violation of the owner's rights (*Burlesci v. Petersen*, 68 Cal. App. 4th 1062 (1998)), as well as **fraudulent transfer** under *Mehrtash v. Mehrtash*, 93 Cal. App. 4th 75 (2001).

725. The fraudulent instruments, by purporting to transfer title that Defendants did not lawfully possess, were **void _ab initio_** and convey no legal or equitable interest whatsoever, yet caused measurable and continuing harm to Plaintiff's property rights and reputation.

726. Plaintiff's/Real Party In Interest's/Secured Party's/Injured Party In Fact's/ Master Beneficiary's verified filings, notices, and affidavits placed all Defendants on actual and constructive notice of his perfected interest, rendering their subsequent acts of recording and assertion **willful, knowing, and malicious** within the meaning of *Kachlon v. Markowitz*, 168 Cal. App. 4th 316 (2008).

727. The false filings and their defense constitute **commercial defamation**, **slander of title**, and **trespass on the case**, all of which are cognizable under both common law and equitable jurisdiction due to their injurious effect on property rights and the public record.

728. Defendants' conduct has resulted in **irreparable harm** to Plaintiff's trust property, standing, and reputation, and has obstructed his lawful right to quiet enjoyment, possession, and disposition of said property in equity.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

729. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has suffered quantifiable financial damages, including diminution of property value, loss of equity, reputational injury, and legal expense, and seeks both compensatory and punitive damages for Defendants' reckless and malicious acts.

730. The deliberate and knowing use of the courts to publish, defend, and perpetuate these false instruments also constitutes **fraud upon the court**, in violation of *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and establishes a continuing pattern of racketeering activity under **18 U.S.C. §§ 1961–1964**.

## Relief Requested and Demanded

731. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment providing the following relief:

a. **Declaratory judgment** that all deeds, instruments, or recordings executed or filed by Defendants relating to Plaintiff's property are void ab initio and of no legal effect;

b. **Order to quiet title** restoring Plaintiff's clear and marketable ownership to the affected property and striking all fraudulent recordings from the Riverside County Recorder's Office;

c. **Permanent injunction** restraining Defendants from filing, publishing, or asserting any further claims or encumbrances against Plaintiff's property;

d. **Compensatory damages** for slander of title, conversion, and fraudulent concealment in an amount to be determined at trial;

e. **Punitive damages** for willful, malicious, and fraudulent conduct;

f. **Equitable restitution** of all property, assets, and proceeds wrongfully converted or concealed;

g. **Costs, attorney's fees, and pre-judgment interest** as permitted by law and equity; and

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

h. Such further relief as the Court deems just, equitable, and necessary to restore Plaintiff's property and vindicate the rule of law.

## COUNT XVI — UNLAWFUL IMPAIRMENT OF CONTRACTS & VIOLATION OF ARTICLE I, § 10

### (U.S. Const. Art. I § 10; 28 U.S.C. § 2072(b) — Rules Enabling Act)

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

732. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, affidavits, and exhibits as though fully set forth herein.

733. This Count arises under **Article I, Section 10 of the Constitution for the United States of America**, which provides: *"No State shall... pass any... Law impairing the Obligation of Contracts."*

734. The right to contract, enforce, and maintain private obligations is a **vested and inviolable constitutional right**, protected against both legislative and judicial impairment.

735. Each Defendant, acting individually and in concert, has **impaired and obstructed private contractual obligations** between the Plaintiff, his private trusts, and associated entities through unlawful acts, simulated legal process, and void judicial orders issued without jurisdiction or consent.

736. Defendant **Judge Sunshine Suzanne Sykes**, after verified disqualification, continued to issue void orders and directives purporting to invalidate or impair Plaintiff's perfected **security agreements, UCC filings, and private trust contracts**, in direct violation of **Article I § 10** and **28 U.S.C. § 2072(b)**, which prohibits the judiciary from altering substantive rights through procedural rulemaking.

737. Defendant **Judge Dolly M. Gee** ratified these ultra vires acts by omission and failure to intervene after verified notice of disqualification and ongoing impairment, thereby aiding and abetting continued deprivation of contract rights under color of law.

738. Defendant **Marquez**, acting outside lawful authority, attempted to compel Plaintiff to obtain licensed legal representation — a coercive act impairing private contractual capacity and autonomy, in violation of the **Right to Contract Doctrine** (see *Allgeyer v. Louisiana*, 165 U.S. 578 (1897)).

**739.** Defendants **John Bailey**, **Therese Bailey**, and **The Bailey Legal Group**, acting as co-conspirators and counsel, filed **unverified and fraudulent pleadings** purporting to nullify or contradict Plaintiff's **executed and perfected trust contracts, liens, and security agreements**, thereby attempting to void lawful private obligations.

740. Defendants **Naji Doumit**, **Mary Doumit**, **Daniel Doumit**, and **Marinaj Properties LLC** knowingly recorded false title instruments and fraudulent conveyances intended to override Plaintiff's existing perfected contracts, thereby constituting an **unlawful impairment of contract** and a **taking without due process** under the Fifth Amendment.

741. These acts constitute **constructive fraud** and **commercial interference**, as Defendants lacked privity, authority, or lawful capacity to alter or impair Plaintiff's contracts or agreements, each of which remains binding under the UCC and federal commercial law.

742. The impairment of contractual obligations by judicial officers acting ultra vires violates **28 U.S.C. § 2072(b)** (Rules Enabling Act), which explicitly forbids courts from promulgating or enforcing any rule or order that "abridges, enlarges, or modifies any substantive right."

743.Defendants' actions were **willful, knowing, and malicious**, undertaken to deprive Plaintiff of contractual rights, equitable remedies, and beneficial interests, constituting both **constitutional tort** and **commercial trespass** under color of law.

744.The cumulative effect of Defendants' conduct has been to **nullify or obstruct private contracts**, convert trust property, impair equitable remedies, and deny Plaintiff the benefit of his lawful agreements, all in direct contravention of **Article I § 10** and **the Fifth Amendment's Due Process Clause**.

745.Each Defendant acted with full knowledge of Plaintiff's perfected UCC-1 Financing Statements and verified security agreements, and their continued disregard constitutes **intentional interference with contract** and **bad-faith performance** under U.C.C. §§ 1-304, 2-302.

746.Defendants' conduct further violates **the Federal Tort Claims Act (28 U.S.C. §§ 1346(b), 2671 et seq.)**, as judicial and attorney actors operated in a private commercial capacity — stripped of immunity under the **Clearfield Doctrine (318 U.S. 363 (1943))** — while impairing private contracts and obligations.

747.The wrongful impairment of Plaintiff's contracts resulted in **economic loss, commercial injury, and deprivation of property rights**, all actionable under equity and law.

748.No statute, rule, or order may override or impair private contracts lawfully formed and perfected under the UCC or common law; any attempt to do so is **void _ab initio_** and **repugnant to the Constitution**.

749.Defendants' cumulative acts amount to **legislative and judicial overreach**, in direct defiance of **Marbury v. Madison**, 5 U.S. 137 (1803), which declares that any act repugnant to the Constitution is **void**.

## Relief Requested and Demanded

750.Plaintiff demands judgment providing the following relief:

a. **Declaratory judgment** that all orders, acts, or filings impairing or altering Plaintiff's private contracts, trust agreements, or UCC filings are **void ab initio**;

b. **Injunctive relief** restraining all Defendants from any further interference with or impairment of Plaintiff's private contractual rights and secured property interests;

c. **Restoration and enforcement** of all trust instruments, UCC filings, and private agreements as originally executed;

d. **Compensatory and punitive damages** for intentional impairment, conversion, and interference with contract;

e. **Equitable restitution** restoring all benefits, rights, and properties unlawfully impaired or converted;

f. **Costs, fees, and pre-judgment interest** as authorized under equity and law; and

g. Such further relief as the Court deems just, proper, and necessary to restore Plaintiff's constitutional and contractual rights.

## COUNT XVII — EQUITABLE ENFORCEMENT OF VERIFIED RIGHTS & CLEARFIELD DOCTRINE

### (Clearfield Trust Co. v. United States, 318 U.S. 363 (1943); U.S. Const. Art. III § 2 (in Equity))

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group, Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

751. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, affidavits, and exhibits as though fully set forth herein.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

752.This Count arises under **Article III, Section 2 of the Constitution for the United States of America**, which confers original jurisdiction in equity for controversies arising under the Constitution, laws, and treaties of the United States, and under the **Clearfield Doctrine** established in *Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943).

753.In *Clearfield Trust*, the Supreme Court held that when the United States or its officers enter the commercial sphere, they are stripped of sovereign immunity and subject to the same liabilities and obligations as any private entity under commercial law.

754.Defendants herein — federal officers, judicial actors, and private participants — acted in a commercial and administrative capacity, not as sovereigns, and therefore fall squarely under the Clearfield Doctrine and its equitable enforcement principles.

755.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has submitted multiple verified affidavits, UCC filings, and commercial instruments perfected under **28 U.S.C. § 1746** and U.C.C. **§§ 1-201, 1-103, 3-505, and 9-315**, each standing as binding truth and prima facie evidence of lawful claim and security interest.

756.**Each Defendant *knowingly*** ignored, suppressed, or attempted to invalidate those verified rights through void orders, unverified pleadings, and simulated legal process, acting in commercial dishonor and bad faith.

757.**Defendant Judge Sunshine Suzanne Sykes**, acting after verified disqualification, continued to issue commercially void orders purporting to override Plaintiff's perfected security agreements and trust instruments, in direct violation of her oath and the Clearfield Doctrine.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

758. **Defendant Judge Dolly M. Gee** ratified and tacitly approved those ultra vires acts by failure to intervene or correct after verified notice, thereby joining in the commercial trespass and constitutional violations.

759. **Defendant Raquel Marquez** acted outside lawful capacity by attempting to compel Plaintiff to obtain licensed representation contrary to contractual and fiduciary authority, interfering with secured party status and private trust relations.

760. **Defendants John Bailey, Therese Bailey, and The Bailey Legal Group** willfully and intentionally filed defective,worthless, fraudulent, unverified pleadings and fabricated records in federal dockets (including Nos. 5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01450, 5:25-cv-01900, and 5:25-cv-01918), knowingly usurping jurisdiction and corrupting the judicial process for private commercial gain.

761. Defendants Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC executed false title instruments and recorded fraudulent trustee's deeds to convert secured trust property, constituting commercial conversion, mail and wire fraud under **18 U.S.C. §§ 1341–1343**, and breach of fiduciary trust under equity principles.

762. By ignoring verified affidavits and lawful commercial instruments, Defendants repudiated their statutory duties and entered dishonor under **U.C.C. §§ 1-304 and 3-505**, constituting bad-faith commercial practice and fraud in law.

763. The **Clearfield Doctrine** imposes that government officials who enter commerce are subject to the same rules of liability and remedy as private citizens. <span style="color:red">**Defendants are therefore personally liable for all commercial injury, conversion, and deprivation of rights arising from their acts.**</span>

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS; CONSTITUTIONAL DEPRIVATIONS; AND RACKETEERING UNDER COLOR OF LAW

764. Defendants' conduct further violated the maxims of equity and commerce which hold that "**an unrebutted affidavit stands as truth in commerce**," and that "**silence where there is a duty to speak constitutes fraud.**"

765. Each verified instrument filed by Plaintiff is self-authenticating under **Fed. R. Evid. 902(9)** and binding under **28 U.S.C. § 1746**, and Defendants' failure to rebut constitutes tacit admission and agreement by operation of law.

766. By refusing to honor verified rights and affidavits, Defendants have committed acts of commercial fraud, bad faith, and unlawful interference with private property and contractual relations.

767. Under **Article III § 2**, this Court possesses equitable jurisdiction to enforce verified rights, discharge void acts, and restore Plaintiff's property and status through specific performance, injunction, and declaratory relief.

768. No lawful defense exists for Defendants' failure to rebut verified affidavits and commercial filings; their continued silence is acquiescence and commercial dishonor.

769. Defendants' conduct constitutes fraud upon the court, breach of public trust, and violations of the Constitution, the UCC, and federal common law as applied under the Clearfield Doctrine.

## Relief Requested and Demanded

770. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary demands judgment providing the following relief:

a. **Declaratory judgment** affirming that Defendants acted in a commercial capacity and are therefore personally liable under the Clearfield Doctrine;

b. **Equitable order** compelling recognition and enforcement of Plaintiff's verified affidavits, UCC filings, and commercial liens as binding law and fact;

c. **Permanent injunction** restraining Defendants from any further interference with Plaintiff's verified rights, property, and trust instruments;

d. **Restitution and specific performance** requiring return of all property, documents, and value taken through commercial fraud or ultra vires acts;

e. **Compensatory and punitive damages** for loss of property, reputation, and rights arising from Defendants' dishonor and fraud;

f. **Referral for criminal investigation** to the U.S. Department of Justice for violations of 18 U.S.C. §§ 1341–1343, 1503, 1512, and 241–242; and

g. Such other relief as justice, equity, and the Constitution require.

## COUNT XVIII — PRIVATE RIGHT OF ACTION FOR ULTRA VIRES ACTS OF FEDERAL OFFICERS

### (Davis v. Passman, 442 U.S. 228 (1979); Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971); Tucker Act, 28 U.S.C. § 1491; 28 U.S.C. § 1346(a)(2))

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, and all other federal officers or agents acting in concert, individually and in their official capacities.

771. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding verified paragraphs, affidavits, and exhibits as though fully restated herein.

772. This Count arises under **Article III of the United States Constitution**, the **Tucker Act**, **Bivens**, and **Davis v. Passman**, which collectively establish a direct and private cause of action against federal officials who act *ultra vires* — that is, outside the scope of their lawful authority — in violation of the Constitution or federal law.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

773.In *Davis v. Passman*, 442 U.S. 228 (1979), the Supreme Court confirmed that federal officers are not immune from damages or equitable relief where their actions infringe constitutionally protected rights.

774.Similarly, in *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), the Court recognized an implied cause of action directly under the Constitution for damages against federal officials who violate constitutional rights under color of federal authority.

775.Under **28 U.S.C. § 1491 (Tucker Act)** and **§ 1346(a)(2)**, the United States consents to be sued for money damages and equitable relief arising from unconstitutional or unauthorized acts of its officers, contractors, and agents.

776.Defendants Sunshine Suzanne Sykes and Dolly M. Gee, acting under color of federal authority, knowingly exceeded their judicial capacity and entered *ultra vires* territory by issuing or ratifying void orders, ignoring verified disqualifications, and usurping jurisdiction contrary to 28 U.S.C. §§ 144 and 455.

777.Defendant Marquez, operating under delegated judicial authority, attempted to compel Plaintiff into compelled bar representation and contract adhesion with state-licensed attorneys, violating Plaintiff's secured party and constitutional rights to appear *sui juris* and in propria persona.

778.Each Defendant acted without jurisdiction, without consent, and contrary to clearly established constitutional limits, thereby waiving all immunity and exposing themselves to private civil liability under **Bivens** and **Davis**.

779.The acts complained of were not discretionary functions nor judicial acts in law, but rather administrative and commercial acts executed under color of office, undertaken knowingly, willfully, and with reckless disregard of the law and the rights of the Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary.

780. These *ultra vires* acts caused direct deprivation of Plaintiff's property rights, equitable remedies, and civil protections guaranteed by the Fifth Amendment (Due Process), the First Amendment (Right to Petition), and the Fourteenth Amendment (Equal Protection).

781. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary filed verified affidavits, UCC financing statements, and judicial notices establishing standing, verified record, and perfected interest; Defendants willfully disregarded these filings, violating mandatory duties imposed by federal statute, equity, and due process.

782. The actions of Defendants Sykes and Gee were motivated by retaliation and concealment of misconduct, not by any lawful judicial purpose, thereby forfeiting any claim to judicial immunity.

783. Under long-established law, including *Larson v. Domestic & Foreign Commerce Corp.*, 337 U.S. 682 (1949), and *Philadelphia Co. v. Stimson*, 223 U.S. 605 (1912), officers of the United States who act beyond their statutory authority are personally liable in their individual capacities and subject to injunctive and declaratory relief.

784. The acts complained of also violated the Tucker Act's fiduciary-liability standard, which holds the United States liable for the unauthorized and unconstitutional acts of its officers that result in property loss or deprivation of contractual rights.

785. Each Defendant's participation in the *ultra vires* scheme constituted a knowing abuse of delegated authority, obstruction of justice, and trespass upon a private trust and verified estate corpus.

786. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary has suffered measurable and irreparable injury, including deprivation

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

of lawful property possession, denial of access to remedy, reputational injury, and ongoing constitutional harm.

787. Defendants' conduct demonstrates deliberate indifference to the Constitution, the Clearfield Doctrine, and the rule that government actors must operate strictly within their enumerated authority or face individual liability in equity.

788. No adequate remedy exists other than equitable relief from this Court, as administrative remedies have been exhausted and judicial remedies obstructed through fraud, silence, and non-performance of duty.

## Relief Requested and Demanded

789. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands judgment providing the following relief:

    a. **Declaratory judgment** that Defendants acted *ultra vires* and outside the scope of any lawful authority, thereby forfeiting immunity;

    b. **Equitable decree** compelling the United States to recognize liability for unauthorized acts of its officers under the Tucker Act and 28 U.S.C. § 1346(a)(2);

    c. **Permanent injunction** restraining Defendants from any further acts of retaliation, coercion, or interference with Plaintiff's property, rights, and verified filings;

    d. **Restitution, specific performance, and disgorgement** of any benefits, property, or proceeds derived from the *ultra vires* acts;

    e. **Compensatory and punitive damages** pursuant to *Bivens* and *Davis v. Passman* for constitutional injuries and abuse of authority;

    f. **Referral for disciplinary and criminal review** under 18 U.S.C. §§ 241–242, 1503, and 1512 for conspiracy and obstruction of justice under color of federal law; and

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

g.  Such further relief as equity, justice, and the Constitution require.

## COUNT XIX — FRAUD, COERCION & UNCONSCIONABLE COMMERCIAL PRACTICES

### (U.C.C. §§ 1-103(b), 1-304, 2-302; 18 U.S.C. §§ 1341–1343)

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

790. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary re-affirms and incorporates by reference all preceding verified paragraphs, exhibits, and filings as though fully restated herein.

791. This Count arises under the **Uniform Commercial Code (U.C.C.) §§ 1-103(b), 1-304, 2-302** and **18 U.S.C. §§ 1341–1343**, governing commercial integrity, good faith, fair dealing, and prohibiting fraudulent and unconscionable practices in commerce and public administration.

792. Under **U.C.C. § 1-103(b)**, the principles of equity, good faith, and fair dealing are fundamental to all commercial and judicial conduct. Defendants' actions violated every such principle by engaging in coercion, deceit, and fraud under color of law.

793. Under **U.C.C. § 1-304**, every contract or transaction imposes an obligation of good faith in its performance and enforcement. Defendants acted with manifest bad faith, obstruction, and deception in their dealings with Plaintiff and the public record.

794. Under **U.C.C. § 2-302**, any contract, transaction, or judicial act procured through unconscionable conduct or imbalance of power is voidable in equity. Defendants engaged in precisely such unconscionable practices — manufacturing fraudulent instruments, orders, and judgments without disclosure, consent, or lawful authority.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

795.The predicate criminal statutes, **18 U.S.C. §§ 1341 (Mail Fraud)** and **1343 (Wire Fraud)**, define the transmission of false documents and fraudulent communications through mail and wire as federal crimes. Each Defendant used mail and electronic systems to further an ongoing commercial fraud.

796.**Defendant Sunshine Suzanne Sykes** *knowingly* acted *without jurisdiction* after verified disqualification under **28 U.S.C. § 144**, and continued to issue **void** orders for commercial advantage to co-defendants, constituting **coercion, mail fraud, and deprivation of rights under color of law**.

797.**Defendant Dolly M. Gee**, with full knowledge of the verified record, ratified Sykes's ultra vires acts and refused to intervene, thereby aiding and abetting the ongoing fraud and obstructing lawful remedy.

798.**Defendant Raquel Marquez** participated in coercive administrative correspondence and attempted to compel Plaintiff's representation by licensed counsel — an act of commercial coercion violating Plaintiff's right to private contract, self-representation, and equity jurisdiction.

799.**Defendants John Bailey and Therese Bailey**, operating through The Bailey Legal Group, used mail and electronic filings to transmit false pleadings and fabricated "amended" affidavits from a prior state court case, knowing they were inapplicable, defective, and fraudulent in federal proceedings. Such acts constitute mail fraud and perjury by instrument under 18 U.S.C. §§ 1341, 1621.

800.**Defendants Naji, Mary, and Daniel Doumit, and Marinaj Properties LLC**, executed and recorded false trustee's deeds and title instruments to divest Plaintiff of lawful title — acts constituting commercial conversion, forgery, and wire fraud under federal and state law.

801.Each Defendant knowingly used the United States Postal Service and interstate communications to advance this scheme of fraud, extortion, and false representation, in violation of 18 U.S.C. §§ 1341 and 1343.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

802.The **scheme** was conceived and executed with reckless disregard for lawful procedure, jurisdiction, and truth, and with the intent to obtain money, property, and advantage through fraudulent judicial acts and commercial documents.

803.Defendants collectively engaged in acts of deceptive trade practices and commercial entrapment by using the appearance of law to enforce unenforceable, void instruments and orders for private gain.

804.These acts violate the fundamental public policy of the United States and California, which forbid the use of governmental authority to perpetrate fraud or extract property through deception and coercion.

805.Each Defendant was aided by others through concerted action and ratification, thereby forming a civil and commercial conspiracy to defraud Plaintiff and obstruct equitable relief.

806.Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir never consented to any contract, waiver, or judicial agreement that authorized Defendants' acts or permitted conversion of his property or title; any presumption of consent is void for lack of disclosure and mutual assent.

807.Defendants' conduct constitutes an ongoing pattern of bad faith, commercial fraud, and judicial misconduct operating under color of law to enrich themselves and injure Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary/Heir through **unconscionable and deplorable** means.

808.As a direct and proximate result of Defendants' fraudulent and coercive acts, Plaintiff has suffered substantial economic loss, loss of property and title, emotional distress, and irreparable injury to constitutional rights.

809.Defendants acted with actual malice and intent to defraud, rendering all contracts, orders, and transactions **void _ab initio_** and commercially unenforceable under U.C.C. § 2-302 and general equity doctrine.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

## Relief Requested and Demanded

810. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands judgment providing the following relief:

a. **Declaratory judgment** that Defendants engaged in fraud, coercion, and unconscionable commercial practices in violation of U.C.C. §§ 1-103(b), 1-304, and 2-302, and 18 U.S.C. §§ 1341–1343;

b. **Equitable rescission** and nullification of all void contracts, deeds, and judgments procured through fraud or coercion;

c. **Restitution and disgorgement** of all property, monies, and benefits obtained by Defendants through fraud or false pretenses;

d. **Permanent injunction** prohibiting Defendants from engaging in further fraudulent, coercive, or unconscionable acts under color of law;

e. **Compensatory and punitive damages** for fraud, coercion, and bad faith commercial conduct;

f. **Referral for criminal investigation and prosecution** under 18 U.S.C. §§ 1341, 1343, and 1346 for public corruption and wire/mail fraud; and

g. Such further relief as equity, justice, and the Constitution require.

## COUNT XX — CONSTRUCTIVE TRUST & EQUITABLE RESTITUTION FOR VOID TRANSACTIONS

### (Restatement (Third) of Restitution §§ 43–55; Equity Maxims)

**Against:** Judge Sunshine Suzanne Sykes, Judge Dolly M. Gee, Marquez, John Bailey, Therese Bailey, The Bailey Legal Group ("BLG"), Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC — jointly and severally.

811. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding verified paragraphs, filings, exhibits, and evidentiary records as though fully restated herein.

812. This cause of action arises under the **Restatement (Third) of Restitution §§ 43–55** and foundational **Maxims of Equity**, governing restitution, unjust enrichment, fiduciary duty, and the imposition of constructive trusts to restore property wrongfully taken or held through fraud, mistake, or abuse of confidence.

813. A **constructive trust** is an equitable remedy imposed to prevent unjust enrichment when property has been obtained through fraud, duress, abuse of position, or other unconscionable conduct.

814. Defendants — both judicial officers and private actors — conspired and acted in concert to obtain, retain, and conceal property and benefits belonging in law and equity to the Plaintiff, the secured party, heir, and Real Party in Interest.

815. Defendants' actions include: (a) the fabrication and use of void judicial orders; (b) the recording of fraudulent instruments; (c) the suppression of verified evidence and affidavits; and (d) the coercive conversion of private trust assets under color of law.

816. Defendants' fraudulent acts and omissions caused wrongful deprivation and unjust enrichment, triggering the equitable principle that "equity regards as done that which ought to have been done" — requiring immediate restitution and imposition of a constructive trust over all ill-gotten assets.

817. The **Restatement (Third) of Restitution § 43(1)** provides: "A person who obtains property by fraud, duress, or abuse of a fiduciary relation is liable in restitution to the victim, and a constructive trust is imposed on the property."

818. Defendants' actions meet every element of that standard. Plaintiff's property and rights were taken by fraud, duress, and abuse of fiduciary duty under the pretense of lawful judicial process.

819. Defendant Sunshine Suzanne Sykes exceeded judicial capacity after verified disqualification, thereby operating as a private individual without immunity or

Page 166 of 191

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF, JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

lawful authority, rendering her every act **ultra vires**, void ab initio, and subject to equitable disgorgement.

820. Defendant Dolly M. Gee, having been placed on verified notice of fraud and statutory disqualification, willfully failed to intervene and instead ratified the unlawful acts of her subordinate, thereby making herself a constructive trustee of wrongdoing.

821. Defendants John Bailey and Therese Bailey, acting through The Bailey Legal Group, functioned as private fiduciaries and officers of the court, but abused their positions to perpetuate fraud, concealment, and extortion through unverified and defective filings, constituting commercial and fiduciary breaches.

822. Defendants Naji Doumit, Mary Doumit, Daniel Doumit, and Marinaj Properties LLC knowingly executed, transmitted, and recorded fraudulent deeds, purporting to convey Plaintiff's property interests without authority or lawful consideration — acts constituting conversion, unjust enrichment, and theft in commerce.

823. Equity abhors unjust enrichment. No person may profit from their own fraud or wrong. The law imposes a constructive trust to restore to the rightful owner all benefits and property wrongfully acquired.

824. Under **Restatement (Third) of Restitution § 44**, a person who acquires property or benefits with notice of another's equitable interest holds that property subject to a constructive trust in favor of the rightful owner.

825. Defendants were all on verified notice through Plaintiff's filings, affidavits, and UCC-1 financing statements establishing ownership, security interest, and superior title. Their continued interference and conversion after such notice is willful and malicious.

826. Defendants' conduct also violated fundamental **Maxims of Equity**, including:

(a) "Equity will not permit a wrong to be without a remedy."

(b) "He who seeks equity must do equity."

(c) "No one may enrich himself by another's loss."

(d) "Fraud vitiates even the most solemn acts."

827. The fraudulent transfers, deeds, and judicial orders are void ab initio and must be declared null and without effect, with all property and proceeds traced and returned to Plaintiff.

828. Plaintiff, as the Real Party in Interest and Beneficiary in Equity, retains equitable title and is entitled to immediate restoration and restitution of all wrongfully transferred or withheld property.

829. Defendants' acts of concealment, suppression of evidence, and collusion constitute bad-faith conduct in violation of the duty of good faith and fair dealing implied in every transaction and fiduciary relation.

830. As a direct and proximate result of Defendants' fraudulent conduct and abuse of authority, Plaintiff has suffered significant financial loss, deprivation of property, emotional distress, and irreparable harm to his constitutional and equitable rights.

831. Equity requires the imposition of a constructive trust upon all property, funds, and benefits acquired through Defendants' fraud and coercion, with full restitution to Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary/Heir.

832. Unless restrained by this Court, Defendants will continue to conceal, transfer, or dissipate unlawfully acquired assets, thereby compounding the harm and undermining equity.

## Relief Requested and Demanded

833. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir demands judgment providing the following relief:

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION; FRAUD UPON THE COURT; CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

a. **Declaratory judgment** that all deeds, instruments, and judicial orders procured through fraud, duress, or mistake are **void _ab initio_**;

b. **Imposition of a constructive trust** on all assets, properties, and proceeds obtained by Defendants through fraudulent or unlawful acts;

c. **Equitable restitution and disgorgement** of all benefits, funds, and properties rightfully belonging to Plaintiff;

d. **Accounting and tracing** of all assets transferred or concealed through fraud or misuse of judicial process;

e. **Permanent injunction** prohibiting Defendants from further interference, transfer, or encumbrance of the subject property or trust assets;

f. **Compensatory and punitive damages** for fraud, conversion, and fiduciary breach; and

g. Such further relief as equity, justice, and the Constitution require.

## XII. FINAL RELIEF AND EQUITABLE DEMAND FOR JUDGMENT

834. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary/Heir reaffirms and incorporates by reference all verified allegations, facts, exhibits, and causes of action herein as though fully set forth below.

835. This Court, sitting in equity and under Article III, possesses full jurisdiction and authority to issue complete and final relief necessary to restore rights, property, and remedy under the Constitution, federal statutes, and equitable maxims.

836. Each Defendant—acting individually and jointly—engaged in acts that were **ultra vires**, fraudulent, and repugnant to the Constitution, statutory law, and fundamental principles of justice, thereby forfeiting all immunities and protections of office.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

837.Defendants' conduct constitutes an integrated pattern of judicial fraud, abuse of office, obstruction, racketeering, extortion, conversion, and peonage under color of law, directly injuring the Plaintiff in rights, property, and reputation.

838.Equity regards as done that which ought to have been done; and equity demands full restitution, nullification, and restoration of Plaintiff's rights, property, and standing as the Real Party in Interest, Secured Party Creditor, and Beneficial Heir.

## A. DECLARATORY RELIEF

839.Declare that all orders, judgments, writs, and judicial acts entered by disqualified, biased, or unbonded officials—including but not limited to Judges Sunshine Suzanne Sykes, Dolly M. Gee, and Magistrate Marquez—are **void ab initio**, without force or effect.

840.Declare that Plaintiff's verified affidavits, notices, and filings under **28 U.S.C. § 1746** constitute **prima facie and unrebutted evidence**, controlling the record and standing as truth in commerce.

841.Declare that all UCC-1 Financing Statements, Security Agreements, Grant Deeds, and verified notices recorded or filed by Plaintiff are **valid, binding, and perfected**, establishing superior title and equitable ownership of the subject property.

842.Declare that all deeds, instruments, and filings by Defendants purporting to transfer, encumber, or impair said property are **fraudulent, void, and commercially unenforceable**.

843.Declare that Defendants, acting under color of law and office, **violated 42 U.S.C. §§ 1983, 1985, 1986**, and **18 U.S.C. §§ 241–242, 1503, 1512, 1951, 1961– 1964**, forfeiting all immunity and rendering them personally and jointly liable.

## B. INJUNCTIVE RELIEF

844. Issue a **Permanent Injunction** restraining all Defendants, their agents, successors, and assigns from:

(a) further interference with Plaintiff's property, rights, or filings;

(b) enforcement or reliance on any void order or fraudulent instrument;

(c) continued acts of retaliation, defamation, or obstruction under color of law.

845. Order the **immediate restoration of possession, title, and all rights** to any real or personal property wrongfully taken, withheld, or transferred through fraudulent judicial or commercial process.

846. Enjoin Defendants from recording, publishing, or disseminating any defamatory or false statements regarding Plaintiff's status, filings, or proceedings.

847. Enjoin all public officials and agencies from further participation in any simulated legal process or fraudulent enforcement activity concerning the subject property.

## C. MANDATORY RELIEF & WRITS

848. Issue a Writ of Mandamus under 28 U.S.C. §§ 1361 & 1651 compelling:

(a) Enforcement of statutory disqualification under **28 U.S.C. §§ 144 & 455**;

(b) Nullification of all void orders and judgments entered post-disqualification;

(c) Transfer of all cases (including 5:25-cv-01357, 5:25-cv-01434, 5:25-cv-01450, 5:25-cv-01900, and 5:25-cv-01918) to a neutral Article III tribunal untainted by fraud.

849. Issue a **Writ of Prohibition** restraining further ultra vires acts or interference by any judicial officer or administrative actor under color of law.

850. Issue a **Writ of Possession** restoring all real and equitable property to Plaintiff, including property wrongfully transferred, encumbered, or converted by Defendants.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

851.Issue a **Writ of Restitution** requiring full return of all benefits, titles, and profits derived from Defendants' fraudulent acts.

## D. EQUITABLE AND RESTITUTIONARY RELIEF

852.Impose a **Constructive Trust** upon all properties, deeds, proceeds, and accounts obtained by Defendants through fraud, extortion, or unlawful color-of-law activity.

853.Order **full accounting and tracing** of all funds, securities, and property transferred or concealed through fraudulent judicial or commercial means.

854.Compel **equitable restitution** and **disgorgement** of all profits, fees, salaries, and benefits received by Defendants through misuse of public office or private fraud.

855.Compel all judicial officers and BAR attorneys found culpable to **surrender all bonds, oaths, and securities** to the Treasury for forfeiture under the **Clearfield Doctrine**, 318 U.S. 363 (1943), and **18 U.S.C. § 981(a)(1)(C)** (forfeiture of property involved in offenses).

856.Order **rescission and cancellation** of all fraudulent or void instruments, including Trustee's Deeds Upon Sale, Substitutions of Trustee, Assignments of Deed of Trust, or any related filings recorded against Plaintiff's property.

## E. COMPENSATORY, PUNITIVE & TREBLE DAMAGES

857.Award **compensatory damages** for economic losses, deprivation of rights, emotional distress, reputational harm, and loss of property and enjoyment thereof.

858.Award **punitive damages** against each Defendant individually for willful, malicious, and oppressive conduct under **42 U.S.C. § 1983** and the **common law of equity**.

859.Award **treble damages** under **18 U.S.C. § 1964(c)** (Civil RICO) for injury to business and property resulting from Defendants' racketeering enterprise.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

860. Award **statutory damages** under **U.C.C. §§ 1–305, 2–302**, and **18 U.S.C. §§ 1341–1343** for fraudulent commercial practices and unconscionable conduct.

861. Award **liquidated damages** for unlawful conversion, fiduciary breach, and impairment of contracts under **U.S. Const. Art. I § 10** and **Restatement (Third) of Restitution §§ 43–55**.

## F. CRIMINAL & DISCIPLINARY REFERRALS

862. Refer all evidence of criminal misconduct, fraud, and obstruction to the U.S. Department of Justice, Office of Inspector General, and the Judicial Council of the Ninth Circuit for investigation and prosecution under:

- **18 U.S.C. §§ 241–242, 1341–1343, 1503, 1512, 1519, 1951, 1961–1964, 912, 1581, 1589**.

863. Refer all licensed attorneys involved—specifically John Bailey, Therese Bailey, and The Bailey Legal Group—to the **California State Bar**, **Florida Bar**, and **U.S. District Court's disciplinary committee** for permanent disbarment and sanctions under **Model Rules 1.7, 3.3, 8.4**.

864. Refer judicial officers Sykes, Gee, and Marquez to the **Judicial Conduct and Disability Committee** for disqualification, removal, and criminal referral under **28 U.S.C. §§ 351–354**.

## G. DECLARATORY FINDINGS OF RECORD

865. Find and declare that:

(d) Plaintiff is the **Real Party in Interest**, **Secured Party, Creditor**, and **Beneficial Heir**;

(e) All unrebutted verified filings constitute final adjudicated truth;

(f) All Defendants acted **ultra vires** and without lawful jurisdiction;

(g) All judicial and administrative actions taken post-disqualification are **void _ab initio_**;

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

(h) All Defendants are jointly and severally liable for resulting injury, fraud, and deprivation of rights.

## H. EQUITABLE AND COMMERCIAL MAXIMS TO BE ENFORCED

866. Enforce the following controlling principles of law and equity:

- **"An unrebutted affidavit stands as truth in commerce."**
- **"Fraud vitiates even the most solemn acts."**
- **"No one may enrich himself by another's loss."**
- **"Silence is acquiescence when there is a duty to speak."**
- **"Equity abhors a forfeiture and will not suffer a wrong without a remedy."**

## I. FINAL RELIEF

867. Plaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/ Master Beneficiary/Heir demands judgment that this Court:

**(i) Declare all disputed judicial and commercial instruments null and void;**

**(j) Order full restitution and restoration of all rights and property;**

**(k) Grant permanent injunctive and mandamus relief enforcing jurisdictional and constitutional compliance;**

**(l) Award compensatory, punitive, statutory, and treble damages as justice requires;**

**(m) Impose constructive trust and equitable liens to secure Plaintiff's interests;**

**(n) Award costs, interest, and reasonable fees under 42 U.S.C. § 1988; and**

**(o) Grant such further and additional relief as equity, justice, and the Constitution demand.**

# XIII. DEMAND FOR TRIAL BY JURY AS SECURED UNDER THE BILL OF RIGHTS

### (Distinguished from Statutory "Jury Trial" Procedures)

868. Plaintiff/Real Party in Interest/Secured Party/Injured Party in Fact/Master Beneficiary hereby makes formal and irrevocable **Demand for Trial by Jury** — as guaranteed and secured under the **Seventh Amendment** to the Constitution for the United States of America, the **Bill of Rights**, and the **common law of the land**.

869. This demand is made **not** under the inferior and statutory "jury trial" process administered by corporate tribunals, but under the original and substantive right to **Trial by Jury**, which is an *unalienable guarantee* belonging to the People, not a privilege conferred by government.

## A. Constitutional Authority

870. The **Seventh Amendment** provides:

> "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of *trial by jury* shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law."

871. The Supreme Court has repeatedly confirmed that this right is **substantive, inviolable, and preserved in perpetuity** — not subject to statutory abridgment or administrative substitution. See *Parsons v. Bedford*, 28 U.S. (3 Pet.) 433, 447 (1830) ("Trial by jury in suits at common law is a fundamental right, coeval with the foundation of our government.").

## B. Distinction Between "Trial by Jury" and "Jury Trial"

- A **"Trial by Jury"** is a **constitutional and common-law proceeding**, where the People — as sovereign peers — determine both the **facts** and the **law**, independent of judicial interference or corporate procedure.

- A **"Jury Trial"** as practiced in modern statutory courts is a **procedural privilege** under rules of civil or criminal procedure, where the judge controls the process, restricts evidence, and limits the jury to fact-finding within administrative boundaries.

872. This statutory construct is **repugnant to the Constitution**, violates separation of powers, and nullifies the People's inherent authority under **Article III** and the **Bill of Rights**.

## C. Legal Precedent and Maxims

- *Hale v. Henkel*, 201 U.S. 43, 47 (1906) — "The individual may stand upon his constitutional rights as a citizen. He is entitled to carry on his private business in his own way. His rights are such as existed by the law of the land long antecedent to the organization of the State."

- *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) — "Statements of counsel in brief or in argument are not facts before the court. Only evidence properly introduced and supported by affidavit can sustain judgment."

- *United States v. Sibla*, 624 F.2d 864, 867 (9th Cir. 1980) — once bias or disqualification is verified, the judge "shall proceed no further therein"; acts thereafter are **void ab initio**.

- *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944) — fraud upon the court is "a wrong against the institutions set up to protect and safeguard the public."

873. These authorities affirm that judicial fraud and statutory substitution cannot defeat constitutional rights. The People's Trial by Jury stands superior to all legislative, procedural, or administrative modifications.

## D. Reservation and Notice

874. Accordingly, Plaintiff/Real Party In Interest/Injured Party In Fact hereby:

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

1. **Demands Trial by Jury** in accordance with the **Seventh Amendment** and the **Common Law**;

2. **Rejects** any statutory or administrative "jury trial" procedure under Title 28, Federal Rules of Civil Procedure, or local rules that abridge or substitute the original constitutional form;

3. **Reserves all rights** under U.C.C. § 1-308 and the **Bill of Rights**, preserving every substantive and procedural right guaranteed to the People; and

4. **Notifies** this Court that any attempt to convert or deny this demand constitutes an **act of fraud upon the Constitution**, obstruction of justice, and deprivation of rights under color of law within the meaning of **42 U.S.C. §§ 1983, 1985**, and **18 U.S.C. §§ 241–242**.

## XIV. CONCLUSION

### (Verified under 28 U.S.C. § 1746; Standing in Law and Equity)

875. sPlaintiff/Real Party In Interest/Secured Party/Injured Party In Fact/Master Beneficiary/Heir re-affirms and incorporates by reference all preceding verified paragraphs, filings, exhibits, and evidentiary records as though fully restated herein.

876. This *Verified* Complaint is not argument — it is **evidence.** Every paragraph, affidavit, and exhibit herein stands as sworn, admissible fact under 28 U.S.C. § 1746 and Fed. R. Evid. 902(9). No Defendant has rebutted it. No court has lawfully refuted it. Therefore, by operation of law, every unrebutted verified statement herein is **established truth**, and truth, once verified, stands as law. See *Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964) ("Statements of counsel in brief or in argument are not facts before the court.").

877. The record before this Court proves not mere procedural error, but a **systemic conspiracy** — a commercialized network of judicial and BAR-affiliated actors functioning as an organized racketeering enterprise under color of law. What

has unfolded across multiple dockets is not jurisprudence but a **simulation of law**, a façade of justice masking extortion, coercion, and fraud.

878. Defendants, cloaked in public office but acting in private capacity, have **repudiated their oaths**, falsified judicial records, ignored verified affidavits, and weaponized void orders to steal property and suppress constitutional rights. These are deliberate, coordinated, and treasonous acts — not mere mistakes — amounting to **criminal usurpation of judicial power**.

879. Once a judge acts without jurisdiction, every order issued is **void ab initio**, every subsequent act is a nullity, and continued silence becomes willful concealment of fraud. See *Ex parte Virginia*, 100 U.S. 339 (1879); *Bradley v. Fisher*, 80 U.S. 335 (1871); *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944). A void judgment cannot be ratified, and an oath once violated annihilates immunity.

880. *United States v. Sibla*, 624 F.2d 864 (9th Cir. 1980), squarely holds that judicial disqualification under 28 U.S.C. § 144 is **mandatory**, not discretionary. When bias is verified, "the judge shall proceed no further." Defendant Sunshine Sykes and her co-conspirators defied this congressional command, rendering every subsequent act legally nonexistent and constitutionally treasonous.

881. *Hale v. Henkel*, 201 U.S. 43 (1906), stands as controlling affirmation that the individual is **sovereign and supreme over government** in all matters not surrendered by consent: "The individual may stand upon his constitutional rights as a citizen. He owes no duty to the State or to his neighbors to divulge his private affairs." The unlawful coercion, compelled appearance, and simulated process inflicted upon the Plaintiff violate this principle at its core.

882. The Constitution is not suspended by judicial preference or corporate policy. Its supremacy binds every officer of the United States, and every act repugnant to it is void. *Marbury v. Madison*, 5 U.S. 137 (1803). When officers sworn to defend the

law instead conspire to destroy it, the People's sole refuge is Equity — and this Court now stands as that refuge.

883. Equity now commands intervention. Pursuant to Article III § 2 and 28 U.S.C. § 1651 (the All Writs Act), this Court bears both jurisdiction and moral duty to restore the rule of law, vacate all void acts, compel accountability, and reaffirm that **no man or woman is above the Constitution — least of all those sworn to uphold it.**

884. Under the *Clearfield Doctrine* (*Clearfield Trust Co. v. United States*, 318 U.S. 363 (1943)), when public officers engage in commercial or fiduciary acts, they descend from sovereignty and stand as private persons subject to personal liability. Fraud vitiates everything it touches — orders, judgments, proceedings, and the credibility of the courts themselves.

885. Each Defendant has committed or aided acts constituting:

(a) fraud upon the court;

(b) deprivation of rights under color of law;

(c) obstruction of justice and wire/mail fraud;

(d) racketeering and peonage; and

(e) slander of title, conversion, and constructive-trust violations.

886. These acts are **verified, unrebutted, and entered upon the record as fact.**

887. This Court therefore possesses both **jurisdiction and the imperative of conscience** to act — to declare void all unlawful orders, to restore all property and rights, to sanction the offenders, and to re-establish the supremacy of truth over institutional corruption. To do less would render this Court complicit in the very treason Equity exists to purge.

888. Let this Verified Record stand as both judicial notice and historical fact: when the machinery of justice became a mechanism of fraud, one man stood in truth — verified under oath — and Equity answered.

889. **WHEREFORE**, Plaintiff, **Kevin of the Realworldfare Family**, the living man, Real Party in Interest, Secured Party Creditor, Executor, Master Beneficiary, and Injured Party in Fact, respectfully demands that this Honorable Court:

(a) vacate all void acts and orders;

(b) restore full possession, title, and equitable rights;

(c) sanction and refer every wrongdoer for criminal prosecution; and

(d) reaffirm that **fraud, treason, and deprivation of rights under color of law shall never stand in a nation governed by its Constitution.**

"The law is not silent when the Constitution cries out."

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, <u>Kevin: of the Realworldfare Family (formally Kevin: of the Walker Family)</u>, a natural born living man, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this <u>22nd</u> day of <u>October</u> in the year of Our Lord two thousand and twenty five, *without* the United States.

**All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**

By: *Kevin : Realworldfare*

**Kevin: Realworldfare**, Real Party In Interest, *Secured Party, Injured Party, Heir, Creditor*

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

# VERIFIED EXHIBIT LIST IN SUPPORT OF VERIFIED COMPLAINT AND ARTICLE III ORIGINAL JURISDICTION CLAIM:

1. **Exhibit A —** *NOTE/negotiable instrument (UCC § 3-104)*– Lawfully tendered and accepted for full discharge of any and all alleged obligations, extinguishing any purported debt associated with the subject property.

2. **Exhibit B —** *Deed of Trust/negotiable instrument (UCC § 3-104) – Lawfully Discharged* – Instrument evidencing the elimination of all purported encumbrances, liens, or debts under controlling UCC provisions and applicable California Commercial Code.

3. **Exhibit C —** *UCC-1 Financing Statement* No. **2024385925-4** – Perfected claim over any and all assets, including, without limitation, the Deed of Trust and associated Note, placing them under secured party control and outside Defendants' lawful reach.

4. **Exhibit D —** *UCC-1 Financing Statement* No. **2024385935-1** – Perfected claim over any and all assets, including, without limitation, the Deed of Trust and associated Note, placing them under secured party control and outside Defendants' lawful reach.

5. **Exhibit E —UCC-1 Financing Statement No. 2025470746-9 —(Estate & All Assets)**

   Lawfully perfected and recorded UCC-1 Financing Statement securing Plaintiff's interest in all trust property, estate assets, and commercial collateral, rebutting any presumption of public debt or abandonment.

6. **Exhibit F — UCC-1 No. Filing No. 2025503601-1 —** Establishes and perfects the secured party's interest in all collateral, including but not limited to securities, bonds, CRIS accounts, negotiable instruments, credits, and proceeds arising out of and connected to the all federal cases.

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

7. **Exhibit G — *UCC-3 Amendment*** – Confirming and maintaining the secured party's perfected claim over the Deed of Trust and Note.

8. **Exhibit H — *UCC-3 Amendment*** – Additional confirmation of perfected claim and enforcement of security interest over the Deed of Trust and Note.

9. **Exhibit I — *Superior Grant Deed*** – Recorded instrument proving Defendants hold no lawful or equitable title to the subject property, thereby nullifying any claim or cause of action under unlawful detainer or foreclosure pretenses.

10. **Exhibit J — BIRTH CERTIFICATE/BEARER BOND/BANK NOTE? INSTRUMENT Accepted for Value and Assignment of Interest**

    Copy of Plaintiff's original Birth Certificate tendered and lawfully Accepted for Value, assigned, and returned with reservation of rights under UCC § 1-308 and public notice of fiduciary separation. This document evidences the transfer of liability, title, and commercial rights from the publicly registered ens legis trust to the private secured party creditor and authorized executor. It further establishes the Plaintiff's standing as the lawful controller of the estate and rebuts any implied joinder, suretyship, or statutory presumption used to justify unauthorized court actions or takings.

11. **Exhibit K — Hold Harmless and Indemnification Agreement**

    Executed declaration and lawful agreement establishing irrevocable indemnification of the Plaintiff from all liabilities, damages, actions, or claims arising out of the fraudulent conduct, simulated legal process, color-of-law trespass, and ultra vires acts committed by Defendants, their agents, assigns, and all associated parties. This document affirms that all third parties, courts, agencies, and foreign actors are estopped from shifting liability or presuming authority over Plaintiff's private trust, estate, or person. It also forms the basis for commercial enforcement and future lien action against any violators or

trespassers.

12. **Exhibit L — Affidavit of Truth: Power of Attorney in Fact**

Notarized and executed lawful instrument establishing Plaintiff's authority to act on behalf of the estate and trust as attorney-in-fact, with full capacity, commercial liability, and lawful standing.

13. **Exhibit M — Common Law Copyright and Trademark Declaration**

Sworn declaration reserving full rights under common law and commercial law to the private name, estate, likeness, and trust property—securing private domain and prohibiting commercial impersonation.

14. **Exhibit N — Verified Affidavit of Identity**

Notarized affidavit establishing sui juris status of Plaintiff, with legal standing as the living man, secured party, and beneficiary of private trusts, rebutting all presumptions of ens legis capacity.

15. **Exhibit O — Docket Printout – Sunshine Suzanne Sykes (Case No. 5:25-cv-01450)**

Official federal docket evidencing fraud, remand in violation of 28 U.S.C. §§ 1443(1) and 1446(d), suppression of pleadings, and judicial retaliation in complete absence of jurisdiction. Evidence and proof of judicial obstruction, improper case management, and simulated rulings issued while disqualified and under verified challenge.

16. **Exhibit P — Docket Printout – Sunshine Suzanne Sykes (Case No. 5:25-cv-01434)**

Official federal docket evidencing fraud, remand in violation of 28 U.S.C. §§ 1443(1) and 1446(d), suppression of pleadings, and judicial retaliation in complete absence of jurisdiction. Evidence and proof of judicial obstruction, improper case management, and simulated rulings issued while disqualified and under verified challenge..

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

17. **Exhibit Q — Docket Printout: Case No. 5:25-cv-01357 (Wesley L. Hsu → Sunshine Suzanne Sykes)**

Verified documentary evidence demonstrating judicial obstruction, unauthorized reassignment, and simulated adjudication following verified disqualification.

The docket confirms that after lawful filing and assignment before Judge Wesley L. Hsu, the case was *improperly and irregularly transferred* to Judge **Sunshine Suzanne Sykes**, who had already been **formally challenged, verified as disqualified under 28 U.S.C. §§ 144 and 455**, and was **jurisdictionally divested of authority to act in any capacity.**

All subsequent actions, entries, and rulings made under Sykes's name constitute **fraud upon the court, obstruction of justice, and simulation of legal process** in direct violation of federal law and due process.

18. **Exhibit R — Docket Printout – Sunshine Suzanne Sykes (Case No. 5:25-cv-01900)**

Official federal docket evidencing continued rulings, docket entries, and judicial activity by Judge Sunshine Suzanne Sykes, despite a prior verified disqualification under 28 U.S.C. § 144.

This docket demonstrates deliberate disregard for federal removal under 28 U.S.C. § 1443(1) and § 1446(d), along with procedural fraud, suppression of equity pleadings, and material judicial dishonor.

Judge Sykes **knowingly ruled in her own disqualification**, failed to issue a transfer or reassignment, and **refused to acknowledge unrebutted affidavits** and jurisdictional defects on the record — constituting **fraud upon the court**, violation of **due process**, and **irreparable harm** to Plaintiff's person, trust, and estate.

This Exhibit establishes conclusive evidence of **constitutional injury**, **lack of judicial neutrality**, and **ultra vires judicial action** in violation of the Canons

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

of Judicial Conduct, binding precedent, and mandatory statutory
disqualification.

19. **Exhibit S — Docket Printout – Sunshine Suzanne Sykes (Case No. 5:25-
cv-01918)**

Official federal docket evidencing continued rulings, docket entries, and judicial
activity by Judge Sunshine Suzanne Sykes, despite a prior verified
disqualification under 28 U.S.C. § 144.

This docket demonstrates deliberate disregard for federal removal under 28
U.S.C. § 1443(1) and § 1446(d), along with procedural fraud, suppression of
equity pleadings, and material judicial dishonor.

Judge Sykes **knowingly ruled in her own disqualification**, failed to issue a
transfer or reassignment, and **refused to acknowledge unrebutted
affidavits** and jurisdictional defects on the record — constituting **fraud upon
the court**, violation of **due process**, and **irreparable harm** to Plaintiff's
person, trust, and estate.

This Exhibit establishes conclusive evidence of **constitutional injury**, **lack of
judicial neutrality**, and **ultra vires judicial action** in violation of the Canons
of Judicial Conduct, binding precedent, and mandatory statutory
disqualification.

20. **Exhibit T — Verified Criminal Complaint — Fraud Upon the Court,
Judicial Collusion, Impersonation of Federal Authority, and Ongoing
Deprivation of Rights Under Color of Law**

Filed and verified criminal complaint evidencing a coordinated conspiracy
among federal and state actors to suppress Plaintiff's lawful remedy, dispossess
secured property, and obstruct the course of justice through fraudulent
substitution of parties, simulated jurisdiction, and judicial retaliation. The
complaint includes direct accusations of impersonation of federal authority,

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT,
CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

unlawful substitution of caption to "UNITED STATES OF AMERICA,"
conspiracy to deprive civil rights under 18 U.S.C. §§ 241, 242, 872, and 912, and
ongoing interference with Plaintiff's equity jurisdiction and trust corpus.

21. **Exhibit U — <u>Verified</u> Affidavit of Truth Regarding Jurisdictional
Violations, Fraud, and Color-of-Law Trespass**
Affirmed and notarized affidavit of material fact establishing the ongoing
pattern of jurisdictional fraud, simulated legal process, denial of due process,
and trespass upon private trust estate. This unrebutted affidavit, served upon
multiple parties and courts, affirms that Plaintiff's property and rights have
been continually violated by actors lacking lawful authority, standing, or
jurisdiction. It specifically details the structural and procedural fraud committed
by named Defendants, including ultra vires orders, impersonation of lawful
authority, and systemic retaliation against equity-based pleadings.

22. **Exhibit V — Notice of Affidavit and Verified Affidavit Establishing
Void Title Transfer, Perfected Secured Interest, Simulated Legal
Process, Unlawful Detainer Fraud, and Exclusive Equitable Possession**
(Filed July 8, 2025, Docket No 53, Case No. 5:25-cv-01434, C.D. Cal.)

23. **Exhibit W – Affidavit Certificate of Dishonor, Non-Response, Default,
Judgment, and Lien Authorization** (including Self-Executing Contract and
Security Agreement, dated March 22, 2025; notarized affidavit establishing
dishonor, fraud, deprivation of rights under color of law, and $100,000,000
stipulated judgment and lien against Defendants/Respondents).

24. **Exhibit X – *USPS Forms 3811 (Green Cards)* –** Return Receipts for service
of Affidavits, Notices of Default, and Security Agreements upon Defendants,
evidencing lawful presentment, delivery, and dishonor through non-response.

25. **Exhibit Y – Affidavit Certificate of Dishonor, Non-Response, Default,
Judgment, and Lien Authorization** (for fraudulent trustee).

VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT,
CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW

# P R O O F   O F   S E R V I C E

STATE OF TEXAS                    )

                                 )     ss.

COUNTY OF WILLIAMSON             )

I competent, over the age of eighteen years.  My mailing address is, **care of:** 2082 Highway 183 #170-229, Leander, Texas.  On or about **October 29, 2025**, I served the within documents:

1. **VERIFIED CONSTITUTIONAL COMPLAINT IN EQUITY AND LAW FOR DECLARATORY, INJUNCTIVE, AND MONETARY RELIEF; JUDICIAL DISQUALIFICATION, FRAUD UPON THE COURT, CIVIL RIGHTS VIOLATIONS, CONSTITUTIONAL DEPRIVATIONS, AND RACKETEERING UNDER COLOR OF LAW**

2.                              **Exhibits A through Y**

**By United States Mail.**  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed below by placing the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with this business's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepared. I am a resident or employed in the county where the mailing occurred.  The envelope or package was placed in the mail in Williamson County, California, and sent via Registered Mail with a form 3811.

**Sunshine-Suzanne: Sykes**
3470 Twelfth Street
Riverside, Californi [92501-3801]
Certified Mail #7022 2410 0001 7119 3264 with form 3811

**Dolly-Maizie: Gee**
3470 Twelfth Street
Riverside, Californi [92501-3801]
Certified Mail #7022 2410 0001 7119 3264 with form 3811

**Raquel: Marquez**
4050 Main Street
Riverside, California [92501]
Certified Mail #7022 2410 0001 7119 3271 with form 3811

**John L. Bailey (#103867), Therese Bailey (#171043)**
25014 Las Brisas South, Suite B
Murrieta, California [92562]
Certified Mail #7022 2410 0001 7119 3288 with form 3811

**THE BAILEY LEGAL GROUP**
25014 Las Brisas South, Suite B
Murrieta, California [92562]
Certified Mail #7022 2410 0001 7119 3288 with form 3811

**Naji: Doumit, Daniel Doumit, Mary Doumit, MARINAJ
PROPERTIES LLC**
1130 South Tamarisk Drive
Anaheim, California [92807]
Certified Mail #7022 2410 0001 7119 3295 with form 3811

**Naji: Doumit, Daniel: Doumit, Mary: Doumit, MARINAJ
PROPERTIES LLC**
C/o **THE BAILEY LEGAL GROUP**
25014 Las Brisas South, Suite B
Murrieta, California [92562]
Certified Mail #7022 2410 0001 7119 3301 with form 3811

**Bilal-Ali: Essayli**
Office of the U.S. Attorney for the Central District of California
300 N. Los Angeles St. Suite 7516
Los Angeles, California [90012]
Certified Mail #7022 2410 0001 7119 3318 with form 3811

**Jeanine-Ferris: Pirro**
Office of the U.S. Attorney for the District of Columbia
601 D Street, North West
Washington, District of Columbia [20579]
Certified Mail #7022 2410 0001 7119 3325 with form 3811

**Pam Bondi**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, D.C. 20530-0001
Certified Mail #7022 2410 0001 7119 3332 with form 3811

**Rob: Bonta**
Attorney General's Office
455 Golden Gate Ave., Suite 11000
San Francisco, California [94102]
Certified Mail #7022 2410 0001 7119 3349 with form 3811

**Clerk(s)**
U.S. District Court for the District of Columbia
*Attn: Civil Intake Section*
333 Constitution Avenue NW
Washington, District of Columbia [20001]
Express Mail No. ER243122055US with form 3811

On or about **October 29, 2025**, I served the within documents, **by Electronic Service.** Based on a court order and/or an **agreement of the parties** to accept service by electronic transmission, I caused the documents to be sent to the persons at the electronic notification addresses listed below.

**Naji: Doumit, Daniel Doumit, Mary Doumit, MARINAJ PROPERTIES LLC**
1130 South Tamarisk Drive
Anaheim, California [92807]
louisatoui3@yahoo.com
najidoumit@gmail.com

**John L. Bailey (#103867), Therese Bailey (#171043)**
25014 Las Brisas South, Suite B
Murrieta, California [92562]
jbailey@tblglaw.com
tbailey@tblglaw.com
klacroix@tblglaw.com

**THE BAILEY LEGAL GROUP**
25014 Las Brisas South, Suite B
Murrieta, California [92562]
jbailey@tblglaw.com
tbailey@tblglaw.com
klacroix@tblglaw.com

**Sunshine-Suzanne: Sykes**
3470 Twelfth Street
Riverside, Californi [92501-3801]
SSS_Chambers@cacd.uscourts.gov

**Dolly-Maizie: Gee**
3470 Twelfth Street
Riverside, Californi [92501-3801]
DMG_Chambers@cacd.uscourts.gov

**Bilal-Ali: Essayli**
Office of the U.S. Attorney for the Central District of California
312 North Spring Street, Suite 1200
Los Angeles, California [90012]
USACAC.CV-CivilRights@usdoj.gov

**Pam: Bondi**
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, District of Columbia [20530-0001]
criminal.Division@usdoj.gov
usacac.criminal@usdoj.gov

**Rob: Bonta**
Attorney General's Office
1300 "I Street
San Francisco, California [95814]
Police-Practices@doj.ca.gov
piu@doj.ca.gov

I declare under penalty of perjury under the laws of the State of Texas that the above is true and correct. Executed on **October 22, 2025** in Willaimson County, Texas.

**All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**

_____*/s/Chris Yarbra/*_____
Chris Yarbra

**NOTICE:**

Using a notary on this document does *not* constitute joinder adhesion, or consent to any foreign jurisdiction, *nor does it alter my status in any manner.* The purpose for notary is verification and identification only and not for entrance into any foreign jurisdiction.

# ACKNOWLEDGEMENT:

State of Texas                              )

                                        ) ss.

County of Williamson                    )

On this 22nd day of October, 2025, before me,  Dixie Jo Forkl , a Notary Public,

personally appeared Kevin: Realworldfare, who proved to me on the basis of

satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within

instrument and acknowledged to me that he/she/they executed the same in his/her/

their authorized capacity(ies), and that by his/her/their signature(s) on the instrument

the person(s), or the entity upon behalf of which the person(s) acted, executed the

instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the

foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____  Seal: