Express Mail No. ER243124674US  — Date: November 13, 2025

Kevin: Realworldfare, *sui juris*
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
***non-domestic without*** the United States
Email: team@walkernovagroup.com

**RECEIVED**

NOV 14 2025

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

*Plaintiff, Real Party In Interest, Injured Party*
*Secured Party, Executor, Heir*

**FILE ON DEMAND**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Kevin: Realworldfare,** *Plaintiff/Secured Party/ Real Party In Interest,Injured Party In Fact, Heir, Beneficial Title Holder*<br><br>*vs.*<br><br>**Sunshine Suzanne Sykes,** Dolly Maizie **Gee, Raquel A. Marquez, John Bailey, Therese Bailey, Naji Doumit, Mary Doumit, Daniel Doumit, MARINAJ PROPERTIES LLC, BAILEY LEGAL GROUP,** *Does 1-20, inclusive;*<br><br>*Defendants.* | Case No.: 1:25-cv-03780<br><br>**VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF** *ACTUAL* **NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES**<br><br>(28 U.S.C. § 1746 — Verified under Penalty of Perjury)<br><br>(SPECIAL LIMITED APPEARANCE — **EQUITY** JURISDICTION PRESERVED) |

**TO THE COURT, ALL PARTIES, AND COUNSEL OF RECORD:**

This matter is brought **in equity**, under the **original judicial power** and **inherent equitable jurisdiction** of this Court as vested by **Article III, Section 1** of the Constitution for the United States of America, and governed by the **Federal Rules of Civil Procedure** subject to the **Rules Enabling Act**, 28 U.S.C. §§ 2071–2072.

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

Said jurisdiction is further constrained and protected by the **Bill of Rights**, which guarantees due process, equal protection, access to courts, and the inviolate right to petition for redress of grievances under the **First**, **Fifth**, **Seventh**, and **Ninth Amendments**.

Any procedural rule, local order, or judicial act that infringes upon these constitutional guarantees, or that abridges, enlarges, or modifies substantive rights, is **void ab initio** and without legal force or effect.

This Court **sits as a Court of Record in equity**, bound by the Constitution, the Bill of Rights, and the maxims of law and conscience.

Under **28 U.S.C. § 2072(b)**, the Rules "***shall not** abridge, enlarge, or modify any substantive right.*"

Substantive rights in equity, once established by verified record, **cannot be denied, altered, or extinguished** by procedural devices, judicial discretion, or statutory pretense.

The Court is bound to adjudicate according to **equity, contract, trust, and constitutional guarantees**, not to bury rights in **bureaucratic technicalities or administrative concealment**.

All **statutory presumptions of voluntary jurisdiction** are expressly **denied, rebutted, and non-assumed**.

All rights are fully reserved **without prejudice** pursuant to **UCC §§ 1-308 and 3-402**, preserving every lawful and equitable defense.

**COMES NOW Kevin:  of the Realworldfare Family (formerly Kevin: of the Walker Family)**, in his full private capacity as a natural born, sovereign, free-born man, proceeding *sui juris*, in equity with clean hands and in good faith, as *Real Party In Interest, Beneficial Title Holder, Secured Party, Injured Party In Fact, Executor, Creditor, Heir, and Equitable* Claimant, by *Special Limited Appearance* only and *Special Limited Visitation* only, **not** appearing as

surety for any artificial entity or LEGAL FICTION, **not** as a 14th Amendment U.S. citizen, **not** as a corporate "person," **not** pro se, **not** pro per, and **not** through any fictitious legal construct — but as one of the P**eople**, standing upon the **land and soil jurisdiction** for the *De Jure* **Texas Republic**, *without* adhesion, contract, or submission to any foreign corporate entity posing as government.

**Rebuttal of Presumptions:**

1. Any presumption that the undersigned is a voluntary participant in a federal or state franchise is hereby expressly rebutted.

2. Any presumption that the undersigned is a ward, subject, or surety for any all-caps entity, legal fiction, or ens legis is rebutted and denied *nunc pro tunc, ab initio*.

3. Any presumption that appearance constitutes consent, waiver, or submission to jurisdiction is expressly rejected; all participation herein is by **special visitation**, for the sole purpose of demanding equitable remedy, correction of record, and redress of injury.

4. Any presumption that "United States citizen" status attaches is rebutted as false, misleading, and unsupported by lawful contract or voluntary intent. The undersigned stands only as **a private American national, holder in due course, and beneficial title holder** under the principles of natural law, equity, and trust.

**Invocation of Jurisdiction:**

Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact hereby invokes this Court's **original jurisdiction in equity** and demand adjudication according to verified fact, sworn evidence, and the controlling principles of law, equity, contract, and trust.

This *special limited* appearance is entered **without waiver and without prejudice**, with full reservation of all rights under **U.C.C. §§ 1-308 and 1-103**,

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

preserving every inherent, unalienable right recognized by the **Constitution for the United States of America (1789)**, the **Bill of Rights (1791)**, and the **Declaration of Independence (1776)** — including the rights to life, liberty, property, and access to remedy in law and in equity.

Plaintiff proceeds as **Real Party in Interest, Secured Party, Injured Party in Fact, Heir, and Master Beneficiary**, invoking this Court's original and inherent **Article III jurisdiction in equity**, which guarantees inviolate due process, protection of property, and restoration of remedy where law has failed.

Government exists only as a trust. When its trustees act in fraud or bad faith, the beneficiaries are not compelled to endure usurpation. The **Declaration of Independence** affirms that "whenever any form of government becomes destructive of these ends, it is the Right of the People to alter or abolish it."

Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact proceeds under **Common Law — the law of the land** — which recognizes that rights are antecedent to government and that no man may be deprived of property or liberty without lawful judgment of peers or due process. Equity acts upon the conscience to prevent **fraud, oppression, and unjust enrichment.**

Plaintiff/Real Party In Interest/Executor/Secured Party/Heir/Injured Party In Fact *specially* appears **not as a consenting corporate fiction**, but as a natural born living man invoking the full protections of **law and equity**, the **Constitution**, the **Bill of Rights**, the **Declaration of Independence**, and the **maxims of Common Law**, against simulated legal process, fraud, and color-of-law deprivation.

All immunities and rights are expressly reserved pursuant to:

- **U.C.C. § 1-308** – Reservation of rights
- **U.C.C. § 3-501** – Presentment and protest

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- **Article I, § 10** – No law impairing the obligation of contract

- **42 U.S.C. § 1983** – Deprivation of rights under color of law

- and the organic law and **maxims of equity**.

There exists **no plain, speedy, or adequate remedy at law.** I have been deprived of private trust property, dispossessed without lawful jurisdiction, denied due process, and obstructed from every statutory avenue of redress. The law provides no substitute; statutory remedies are exhausted, and the fraud perpetrated under color of law can only be corrected in **equity**.

As the Supreme Court declared, *"Equity will not suffer a wrong without a remedy"* (**Marbury v. Madison**, 5 U.S. 137 (1803)). Where law fails, equity steps in to do justice.

Accordingly, this Court **sits in equity alone** with exclusive and unavoidable duty to restore possession, quiet title, vacate void acts, and grant full restitution. Any refusal to act would not merely deny justice — it would **ratify fraud, theft, and treason under color of law.**

Equity alone remains. There is no alternate avenue.

## I. *VERIFIED* INTRODUCTION

Plaintiff, Kevin: Realworldfare, sui juris, Real Party in Interest, Secured Party, and Injured Party in Fact, files and serves this VERIFIED NOTICE to decisively establish, on the record, that Defendant **Therese Bailey** has already:

1. **Admitted in writing to actual receipt** of the Summons, Verified Complaint, and Exhibits;

2. **Confirmed actual knowledge** of this federal lawsuit;

3. **Engaged the merits** of the action through written denials;

4. **Participated in a meet-and-confer discussion** concerning the substance of the claims; and

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

5. **Issued knowingly false statements and contradictions** in an apparent attempt to obstruct, evade, or undermine lawful federal process.

This VERIFIED NOTICE is filed to foreclose any future pretext, excuse, or fabricated objection by Defendant Bailey concerning service, summons, jurisdiction, or notice. Defendant Bailey's own email—unsworn, unverified, procedurally meaningless, and legally ineffective—functions as a binding admission of actual notice under controlling federal law. At the same time, her statements expose her deliberate and coordinated attempts to evade accountability, obstruct lawful proceedings, and conceal her own involvement in the misconduct thoroughly documented in the Verified filings already before the Court.

Her false assertions that she "only received 13 pages," that the Summons is "defective," or that she has "no contacts with the District of Columbia," are **demonstrably false**, contradicted by:

- The Clerk-issued Summons entered on the docket;
- The complete service package delivered by email (which she replied to) and by USPS Certified Mail;
- Plaintiff's Verified §1746 Proof of Service;
- The Mailbox Rule and Rule 5(b)(2)(C);
- Federal Rules of Civil Procedure 4 and 12;
- Binding precedent holding that **actual notice cures any technical defect**.

These contradictions cannot be attributed to error or misunderstanding. They evidence a conscious pattern of evasion, obfuscation, and bad-faith misrepresentation—conduct consistent with a party who knows the Verified allegations are true, knows she cannot rebut them under oath, and is attempting to engineer a tactical escape from a fully substantiated civil rights complaint.

Defendant Bailey's evasive behavior and inconsistent statements only strengthen

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

the inference of liability, as her own communications reveal both **guilty knowledge** and **intentional obstruction**.

This Court is presented with a procedural posture that is now both final and irreversible:

**Defendant Bailey has actual notice.**

**Defendant Bailey engaged the merits.**

**Defendant Bailey responded in writing.**

**Defendant Bailey filed nothing with the Court.**

Under Rule 12(h)(1), Rule 8(b)(6), and Rule 55(a), this combination constitutes:

- **Complete waiver** of all Rule 12(b)(2)–(5) defenses,
- **Procedural default**,
- **Admission of all well-pleaded factual allegations**, and
- **Submission to the jurisdiction of this Court**.

Defendant Bailey's informal email is legally worthless as a filing, does not preserve any defense, and accelerates the operation of default. What it *does* accomplish, however, is damning: it proves her knowledge, confirms service, and exposes her attempts at evasion—attempts directly contradicted by the Verified filings already of record.

This VERIFIED NOTICE is entered to lock these facts irreversibly into the record, prevent future abuse or manipulation of process, expose Defendant Bailey's obstructive conduct, and foreclose any fraudulent or bad-faith Rule 12 motion she may attempt to file. The procedural landscape is no longer open to debate: she has notice, she has knowledge, she has engaged the case, and she has waived every procedural defense available to her. The record now speaks for itself.

## II. *VERIFIED* ESTABLISHMENT OF *ACTUAL NOTICE* AND COMPLETED SERVICE BY DEFENDANT'S OWN WRITTEN ADMISSION

Plaintiff, Real Party in Interest, Secured Party, and Injured Party in Fact, and files this **VERIFIED NOTICE** to enter into the record the *written admission* of Defendant **Therese Bailey** acknowledging:

1. *Actual* receipt of the Summons

2. *Actual* receipt of the Verified Complaint

3. *Actual* receipt of the Exhibits

4. *Actual* receipt of all filings via email AND USPS

5. *Actual* knowledge of the lawsuit

6. *Actual* participation in a so-called "meet and confer" discussion

Defendant Bailey's own written statements—sent voluntarily, without coercion and **in response to the service documents themselves**—constitute a direct, binding **admission against interest** under Fed. R. Evid. 801(d)(2), which is independently sufficient to establish:

1. **Service is completed.**

2. **Actual notice is irrefutably established.**

3. **The Rule 21-day response clock is running.**

4. **All Rule 12(b)(2), 12(b)(4), and 12(b)(5) objections are waived.**

**Her claims of "insufficient service," "defective summons," or that she "only received 13 pages" are knowingly false, contradicted by the written record, and constitute deliberate bad faith.**

A party cannot simultaneously:

- acknowledge receipt of the Summons,

- acknowledge receipt of the Complaint,

- acknowledge receipt of exhibits,

- acknowledge a meet-and-confer regarding the lawsuit,

- respond in writing to the lawsuit,

…and then pretend they "weren't served."

Her statements destroy her own argument.

**Her claim of having "no contacts with the District of Columbia" is equally false and legally irrelevant.**

This is a civil rights action and a Bivens-type constitutional action filed against:

- a **federal judge**,
- federal officers,
- BAR-member attorneys acting under color of federal authority,
- and parties whose authority, oath, commission, and supervision all originate in Washington, D.C.

Under:

- **28 U.S.C. § 1391(e)** (suits against federal officers)
- **Fed. R. Civ. P. 4(k)(2)** (federal-law nationwide jurisdiction)
- **28 U.S.C. §§ 1343, 1361, 1651, 1331**
- **RICO jurisdiction (18 U.S.C. § 1965)**

…**personal jurisdiction attaches the moment the complaint alleges federal-law violations by officers or actors whose authority traces to D.C., regardless of where they physically reside.**

Moreover, Defendant Bailey **now has actual notice and has engaged in communications regarding the case**, which independently establishes:

- **Participation in the action**
- **Submission to the Court's jurisdiction**
- **Waiver of any personal-jurisdiction defense** (Fed. R. Civ. P. 12(h)(1))

Her "no contacts" statement is not only false—it is **legally meaningless**.

This VERIFIED NOTICE conclusively establishes that service has been completed, that Defendants have actual notice, and that any claim of "insufficient service,"

"defective summons," "lack of contacts," or "only receiving 13 pages" is knowingly false, bad-faith, contradicted by the written record, and legally frivolous.

If she attempts to file any motion based on defective service or lack of personal jurisdiction, this VERIFIED NOTICE defeats it *automatically*.

## III. *VERIFIED* WRITTEN ADMISSION OF ACTUAL NOTICE AND RECEIPT OF PROCESS

On November 13, 2025, Defendant **Therese Bailey** sent Plaintiff a written email (See attached **Exhibit DD**) stating, in her own words:

> "**We** reject the entirety of your claims in the attached documents."

This statement is a **binding admission against interest** under Fed. R. Evid. 801(d)(2). It is direct evidence—created and transmitted by Defendant herself—that she:

✔ **Received the Summons**

✔ **Received the Verified Complaint**

✔ **Received the Exhibits**

✔ **Reviewed the filings**

✔ **Understood their contents**

✔ **Acknowledged the lawsuit**

✔ **Acknowledged the existence of the Summons**

✔ **Acknowledged service by responding to it**

**This is an irrefutable, self-authenticating admission of actual notice.**

No amount of posturing, backtracking, or manufactured "defects" can undo her own words.

**This admission annihilates—completely and permanently—any claim of:**

• "insufficient service,"

• "defective summons,"

• "lack of notice,"

- "only receiving 13 pages,"

- "we were not served,"

- "we reject your documents,"

- or any other fabricated excuse she attempts to raise in bad faith.

**Once a defendant responds to the summons and complaint—even by email —they have been served.**

A defendant cannot:

- respond to the lawsuit,

- comment on the lawsuit,

- reject the lawsuit,

- accuse the plaintiff of fabrication,

and simultaneously pretend service never occurred. Federal courts do not tolerate this type of dishonest procedural gamesmanship.

Defendant Bailey's email **is itself proof of service**. Service is complete. The Rule 12 response clock is running. All objections under Rules 12(b)(4) and 12(b)(5) are permanently waived.

This admission is now part of the judicial record. Defendant Bailey's credibility is extinguished. Service is established. Actual notice is undisputed. The issue is closed.

## IV. TOTAL EXTINGUISHMENT OF ALL SERVICE BASED AND RULE 12(b)(2)–(5) DEFENSES BY OPERATION OF LAW, VERIFIED FILINGS, AND DEFENDANT'S FAILURE TO APPEAR

**Defendant Therese Bailey has filed no motion, no answer, no Rule 12(b) defense, and no verified response of any kind.**

In contrast, Plaintiff's filings—including the Verified Complaint and all subsequent verified notices, affidavits, and proofs of service—are executed under 28 U.S.C. § 1746 and stand as sworn, unrebutted facts on the record. Under long-standing

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

equity and federal practice, **an unrebutted verified pleading operates as evidence and is taken as true**, thereby extinguishing any opportunity to invoke Rule 12(b) defenses, which cannot defeat verified facts.

**Her written admissions—combined with her total failure to file anything on the docket—have already triggered the complete and irrevocable waiver of every Rule 12(b)(2)–(5) defense under Rule 12(h)(1).**

Silence against a verified pleading is not neutrality; it is procedural and evidentiary surrender.

**Her silence on the docket does not preserve defenses; it extinguishes them.**

Rule 12(h)(1) makes clear that waiver occurs by failing to properly assert a defense, not by the mere passage of time.

Her unsworn, informal email **does not constitute any filing**, does not preserve objections, and does not prevent waiver.

It is not a motion, not a pleading, not verified, not under penalty of perjury, not compliant with Rule 11, and not recognized under Rule 7(a).

**Instead, the email is written proof of actual notice**, which immediately defeats and renders moot every objection to service, process, summons form, or jurisdictional technicality before she has taken any formal action in court.

Because the Verified Complaint stands unrebutted, and because Defendant Bailey has taken no proper procedural step to challenge jurisdiction, process, or venue, **every Rule 12(b) defense is already extinguished both by waiver and by the evidentiary effect of Plaintiff's verified filings.**

### A. Failure to File a Rule 12(b) Motion Results in Automatic Waiver Under Rule 12(h)(1)

Rule 12(h)(1) is explicit:

"A party waives any defense listed in Rule 12(b)(2)–(5) by failing to make it by motion or include it in a responsive pleading."

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

Defendant Bailey has:

- filed no motion,

- filed no answer,

- filed no Rule 12 challenge,

- filed no special appearance,

- filed no verified objection,

- filed nothing whatsoever with the Court.

Because waiver arises from failure to properly assert the defense—not the expiration of 21 days—**every Rule 12(b)(2)–(5) defense is already permanently waived**, even before the 21-day window closes.

She cannot revive them.

## B. Defendant's Email Admission of Actual Notice Extinguishes All Service Challenges

Defendant Bailey's unsworn email is not a motion, not a pleading, and not a filing. However, it is a binding written admission of actual notice of:

- the summons,

- the complaint,

- the exhibits,

- the lawsuit itself.

She expressly acknowledged receipt and "rejected" the claims—proof that she read and reviewed the documents.

This destroys any future attempt to claim:

- insufficient process (Rule 12(b)(4)),

- insufficient service (Rule 12(b)(5)),

- defective summons,

- incomplete documents,

- failure to receive the complaint,

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- lack of notice,

- lack of contacts with the District of Columbia.

Federal precedent is absolute:

**"Actual notice renders technical defects in service harmless."**

*Chan v. Society Expeditions*, 39 F.3d 1398 (9th Cir. 1994)

**"A defendant with actual notice cannot rely on alleged defects in service."**

*Sang Young Kim v. Park*, 12 F.3d 1226 (7th Cir. 1993)

Her own email eliminates her defenses.

## C. Informal Emails Do Not Preserve Defenses and Do Not Prevent Waiver

Her email is unsworn, unverified, unsigned under penalty of perjury, not filed with the Court, not compliant with Rule 11, and not recognized as a pleading under Rule 7(a).

Legally, it is a nullity.

What it *does* accomplish is detrimental to her:

- it proves actual notice,

- it proves receipt of the summons and complaint,

- it proves she engaged the merits,

- it proves she waived all service-related defenses.

Federal courts consistently hold:

**"Informal communications are not pleadings and do not preserve Rule 12 defenses."**

*Trinsey v. Pagliaro*, 229 F. Supp. 647 (E.D. Pa. 1964)

Her email does nothing except confirm waiver.

## D. Defendant's Conduct Constitutes Voluntary Submission to the Action

Without filing anything, she has:

- acknowledged the lawsuit,

- admitted receiving the documents,

- engaged the merits,

- attempted to dispute the complaint informally,

- admitted reviewing the filings.

Federal law is equally clear:

**Engaging the merits while failing to file a Rule 12(b) motion constitutes voluntary submission to jurisdiction and waives service objections.**

*Cooper v. Shumway*, 780 F.2d 27 (10th Cir. 1985)

Her conduct forms an unequivocal waiver.

## E. Result: All Rule 12(b)(2)–(5) Defenses Are Permanently Extinguished

Because she:

- acknowledged service,

- admitted actual notice,

- engaged the merits,

- made false statements about the documents,

- filed nothing on the docket, and

- failed to assert any Rule 12 defense,

the following defenses are permanently foreclosed:

- Rule 12(b)(2) — lack of personal jurisdiction

- Rule 12(b)(3) — improper venue

- Rule 12(b)(4) — insufficient process

- Rule 12(b)(5) — insufficient service of process

- all objections to the summons, notice, or manner of service

These defenses are dead.

They cannot be resurrected.

## F. Defendants Now Stand in Default Posture

Because Defendant Bailey:

- admitted actual notice,

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- failed to file anything,

- waived Rule 12 defenses,

- relied solely on an informal email, and

- made knowingly false statements,

Defendants now stand in:

- **Rule 8(b)(6) admissions posture**,

- **Rule 12(h)(1) waiver posture**,

- **Rule 55(a) default posture**, and

- **Rule 56 summary judgment posture** (due to the Verified Complaint).

Her inaction—combined with her admissions—is independently dispositive.

## G. The VERIFIED Complaint Extinguishes Rule 12(b) Defenses Because Verified Allegations Are Evidence, Not Mere Pleadings

Plaintiff's Complaint is not a "complaint" in the ordinary Rule 8 notice-pleading sense.

It is a:

- **Verified Complaint**

- **Sworn under 28 U.S.C. § 1746**

- **Supported by Exhibits A–Y**

- **Supported by verified affidavits**

- **Supported by certified records**

- **Supported by UCC filings and grant deeds**

- **Sworn under penalty of perjury**

This moves the action **out of Rule 12(b)** and directly into **Rule 56 and Equity**.

### 1. Verified pleadings ARE evidence.

Under federal law:

> **"A verified pleading has the force of an affidavit."**

> *Williams v. Griffin, 952 F.2d 820 (4th Cir. 1991)*

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

**"A verified complaint is the equivalent of an opposing affidavit for summary judgment purposes."**

*Sheinkopf v. Stone, 927 F.2d 1259 (1st Cir. 1991)*

**"Unrebutted verified allegations must be accepted as true."**

*Trinsey v. Pagliaro* (E.D. Pa. 1964)

A Rule 12(b) motion cannot attack sworn testimony.

**2. Rule 12(b) deals with insufficiency of pleadings. A verified complaint is not a "pleading" — it is sworn evidence.**

Rule 12(b)(6) motions test the *legal sufficiency* of a pleading.

But when the entire complaint is **verified**, the allegations are **facts**, not mere statements.

You cannot "dismiss" verified fact sworn under penalty of perjury.

**3. A *Verified* Complaint automatically converts attempted 12(b) motions into Rule 56 summary judgment posture.**

Because the Verified Complaint introduces evidence into the record, any Rule 12(b) motion:

- is automatically converted into Rule 56
- requires the defendant to submit **counter-evidence**
- and cannot succeed without **sworn rebuttal**

Defendant Bailey has **zero** sworn testimony, **zero** evidence, and **zero** filings.

She is procedurally wiped out.

**4. A Rule 12(b) motion CANNOT contradict verified facts.**

Courts are explicit:

**Rule 12(b)(6) motions <u>cannot</u> contradict the well-pleaded factual allegations of a *verified* complaint.**

*Sparrow v. United Air Lines, Inc., 216 F.3d 1111 (D.C. Cir. 2000)*

<u>VERIFIED</u> NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

Her email "denials" are worthless.

Only a **verified affidavit** or **verified answer** could rebut — and she has filed neither.

**5. A _verified_ complaint in Equity immediately moves the case beyond Rule 12(b).**

Equity requires:

- evidence
- sworn facts
- verified record
- clean-hands principles
- fiduciary review
- full judicial examination of facts

Statutory dismissal rules do **not** override Equity or the Rules Enabling Act, 28 U.S.C. § 2072(b), which forbids courts from extinguishing substantive rights through procedural devices.

Thus:

**Rule 12(b) is legally inapplicable to a _Verified_ Complaint in _Equity_ supported by sworn affidavits.**

**6. Result: Rule 12(b) Is Extinguished By Operation of Law.**

Because:

- The complaint is verified
- Sworn evidence is already in the record
- Defendants have provided no sworn rebuttal
- Bailey has admitted actual notice
- She failed to file any Rule 12 motion
- Her email is unsworn and worthless

**ALL Rule 12(b) defenses are extinguished**:

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- ❌ 12(b)(1)
- ❌ 12(b)(2)
- ❌ 12(b)(3)
- ❌ 12(b)(4)
- ❌ 12(b)(5)
- ❌ 12(b)(6)

And because the ***Verified*** Complaint in Equity is already **dispositive** as ***evidence***, **Rule 12(b) cannot overcome it even if she attempted it late — which she cannot.**

## V. DEFENDANT BAILEY'S KNOWINGLY FALSE STATEMENTS ARE IRRECONCILABLE WITH THE RECORD, THE FEDERAL RULES, AND HER OWN WRITTEN ADMISSIONS

Defendant Bailey has already made two provably false claims:

1. **She allegedly "only received 13 pages."**

2. **She claims the official clerk-issued summons was "defective."**

Both statements are knowingly false, legally irrelevant, contradicted by the record, and constitute **bad-faith obstruction of federal process.**

Every piece of evidence — including Bailey's own email — proves the opposite.

### A. The "13 Pages" Claim Is Demonstrably False and Cannot Be Credited

Bailey's claim that she only received "13 pages" is not merely incorrect — it is **impossible**.

The service email sent to her contained, explicitly:

- ***Verified* Constitutional Complaint In Equity (191 pages)**
- **Exhibits A–Y (231 pages)**
- **Clerk-Issued Conformed Summons**

- **Civil Cover Sheet**
- **Full combined PDF file**
- **USPS Certified Mail copies of the same**

This was **listed, itemized, and attached** in the exact communication she acknowledges receiving.

She **responded to that very email**, proving actual receipt, review, and knowledge.

Her claim that she only received 13 pages is:

- contradicted by the email and attachments
- contradicted by the USPS Certified Mail proof
- contradicted by the Verified Proof of Service
- contradicted by her own response
- contradicted by the docket

The only way she "received only 13 pages" is if she **knowingly refused to open or download the attachments**, which is not a service defect — it is **her own willful choice**.

Under Fed. R. Civ. P. 5(b)(2)(E), service by email is complete upon transmission to a consenting attorney.

The Rule imposes **no obligation** on Plaintiff to ensure opposing counsel **opens** or **reads** attachments.

Her fraudulent and baseless claim is legally meaningless and factually false.

## B. The "Defective Summons" Claim Is Equally False, Contradicted by PACER, and Legally Frivolous

The docket reflects:

> **"Summons (10) Issued as to… Therese Bailey…"**

ECF entry dated October 27, 2025.

A summons is "valid" once:

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- issued by the Clerk
- signed
- sealed
- entered on the docket

**That has already occurred.**

There is no "defect" — only a **bad-faith accusation with zero factual basis.**

And even if there were a technical defect (there is not), it would be irrelevant because federal law holds:

**Actual notice cures technical defects.**

- **Chan v. Society Expeditions, 39 F.3d 1398, 1404 (9th Cir. 1994):**
  *"Actual notice renders technical defects in service harmless."*

- **Sang Young Kim v. Park, 12 F.3d 1226 (7th Cir. 1993):**
  *"Completeness of the complaint served is not jurisdictional where the defendant has **actual notice**."*

Bailey:

- **admitted receipt**
- **engaged in a meet-and-confer**
- **reviewed the documents**
- **responded to the email**
- **referenced the documents' contents**

This is **actual notice**, **constructive notice**, **inquiry notice**, and **formal service notice**, all satisfied.

Her statements are knowingly false, strategically fabricated, and made in transparent bad faith to obstruct a federal civil-rights action in which she is personally named.

# VI. SERVICE WAS *PERFECTED MULTIPLE* TIMES, UNDER *MULTIPLE* METHODS, AND DEFENDANT BAILEY CANNOT REBUT *ANY* OF THEM

Service on Defendant Bailey is not merely "sufficient."

It is *over-perfected*, **redundant**, **verified**, and **admitted in writing**.

Her unsworn email cannot overcome the layered federal service already completed.

## 1. Email Service — Expressly Consented To by Defendant Bailey (See Exhibit AA)

Bailey has repeatedly communicated with Plaintiff via email, affirmatively consenting to electronic correspondence.

Under **Fed. R. Civ. P. 5(b)(2)(E)**:

*Service is complete upon transmission when the person has consented in writing to service by electronic means.*

Bailey's written, documented consent makes service by email **valid, complete, and final**.

Her later claim of non-service is legally worthless.

## 2. USPS Certified Mail — Independent, Redundant, and Legally Presumed Delivered (See Exhibit Z)

Service was also executed through **USPS Certified Mail with Form 3811**, which independently satisfies:

- **The Federal Mailbox Rule** (presumption of delivery)
- **Fed. R. Civ. P. 4(e)(1)** (authorizes any service method permitted by state law)
- **Fed. R. Civ. P. 5(b)(2)(C)** (mailing to last known address is complete upon mailing)

This alone defeats all service challenges.

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

A defendant's **unsworn denial** cannot overcome a **certified-mail record** plus **a verified proof of service**.

## 3. *Verified* Proof of Service — Sworn Under 28 U.S.C. § 1746 (See Docket)

Plaintiff filed a **sworn, verified proof of service** under penalty of perjury.

A § 1746 verified affidavit:

- carries a **presumption of correctness**
- is **prima facie evidence of valid service**
- cannot be rebutted by **an attorney's unsworn email**, opinion, or denial
- shifts the burden entirely to Defendant to produce **competent, admissible, sworn evidence**, which she cannot do

Her email is legally meaningless.

## 4. *Actual Notice* — The Highest Standard, Fully Satisfied by Bailey's Own Written Admission (See Exhibit DD)

Even if every other method were disputed (they are not), **actual notice is dispositive**.

Bailey's email constitutes a **written confession** of:

- **receipt**
- **review**
- **knowledge**
- **understanding**
- **acknowledgment of the lawsuit and its filings**

Under long-settled federal law, including *Chan* and *Kim*, actual notice **cures any alleged technical defect** and destroys any attempt to challenge service.

A defendant who **admits receiving the lawsuit** cannot invoke Rule 12(b)(5).

Such a motion would be **knowingly frivolous**, **bad-faith**, and **subject to sanctions**.

## VII. *BAD-FAITH* FALSE STATEMENTS BY DEFENDANT BAILEY

Defendant Bailey knowingly made false statements, including:

- "only 13 pages"
- "summons is defective"
- "we reject your claims"
- allegations of "fabrication"

These are:

- **unsworn**
- **not under penalty of perjury**
- **not verified**
- **not filed with the Court**
- **not compliant with Rule 11**
- **not evidence**

They will be disregarded by the Court and held against her if she attempts to raise them later.

False claims about service constitute:

- bad faith
- sanctionable conduct
- attempted obstruction
- potential Rule 11 violations
- evidence of evasion and gamesmanship

## VIII. DEFENDANT BAILEY'S KNOWINGLY FALSE STATEMENTS CONSTITUTE BAD FAITH, FRAUD ON THE COURT, AND SANCTIONABLE OBSTRUCTION

Defendant Therese Bailey has already made **multiple false, reckless, and self-incriminating** statements, including:

- her claim she "only received 13 pages";

- her claim the clerk-issued summons is "defective";

- her blanket, non-substantive "we reject your claims";

- her accusation of "fabrication" of a **verified federal complaint**.

These statements are not merely incorrect — they are **objectively false**, **contradicted by the record**, and made in **bad faith** with the intent to evade service, obstruct federal proceedings, and manufacture a false narrative.

## A. Every Statement Made by Defendant Bailey Is Legally Worthless

Her assertions are:

- **unsworn**,

- **unverified**,

- **not made under penalty of perjury**,

- **not filed with the Court**,

- **not compliant with Rule 11(b)**,

- **not admissible evidence**,

- **not competent evidence**,

- and **not entitled to any credibility or legal weight**.

Under federal law, **unsworn attorney statements are not evidence**.

They cannot rebut:

- a sworn § 1746 Verified Complaint,

- a sworn § 1746 Proof of Service,

- USPS Certified Mail records,

- docket-issued summons,

- or her own written admissions of receipt.

Anything she says outside a sworn filing is legally **irrelevant** and will be disregarded.

## B. Her False Statements Constitute Bad Faith and Potential Violations of Rule 11

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

Knowingly asserting false facts about service — particularly when contradicted by her own emails and the docket — constitutes:

- **bad faith conduct**,

- **attempted obstruction**,

- **gamesmanship**,

- **Rule 11(b)(3) violations** (factual contentions without evidentiary support),

- **Rule 11(b)(1) violations** (improper purpose / harassment),

- and **potential sanctions** under Rule 11(c).

Attorneys who deliberately misrepresent facts to evade service or derail a civil-rights action expose themselves to sanctions including:

- monetary penalties,

- attorney's fees awards,

- referral to the court's disciplinary committee,

- and professional-conduct complaints.

Bailey is already dangerously close to these thresholds.

## C. Her False Statements Demonstrate Conscious Evasion and Obstruction of Federal Process

The pattern of conduct is unmistakable:

- She **received the lawsuit**.

- She **opened the email**.

- She **reviewed the documents**.

- She **responded to the documents**.

- She **acknowledged the lawsuit in writing**.

- And now she is **falsely claiming non-receipt** to manufacture a grounds for evasion.

This is not confusion.

It is **deliberate obstruction**.

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

Federal courts treat such conduct as:

- **willful evasion**,

- **intentional misrepresentation**,

- **attempt to by-pass service**,

- and **bad-faith interference with the judicial process**.

These statements will be admissible as evidence of **mala fides**, **evasion tactics**, and **knowledge of the suit**.

## IX. SERVICE DEADLINES ARE RUNNING — DEFENDANTS ARE NOW IN ACTIVE DEFAULT POSTURE

Defendant Bailey's own written statements — sent directly to Plaintiff — indisputably establish that she:

- **acknowledged receipt** of the lawsuit and filings;

- **acknowledged the summons**;

- **acknowledged the Verified Complaint**;

- **acknowledged the attachments**;

- **acknowledged actual notice** of the action;

- **engaged in substantive response** to the allegations; and

- **chose not to file anything with the Court within the required timeframe**.

Her conduct satisfies every legal element necessary to trigger the running of all federal response deadlines. She has **actual notice**, **constructive notice**, **email notice**, **USPS notice**, and **judicially cognizable written admission** of both notice and engagement.

Accordingly, Defendants now sit in an **active and uncontestable default posture** under controlling federal law.

### A. Rule 8(b)(6): Failure to Deny = Allegations Deemed Admitted

Under Fed. R. Civ. P. 8(b)(6):

"An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."

Defendant Bailey has filed:

- **no answer**,
- **no verified denial**,
- **no Rule 12 motion**,
- **no pleading of any kind**,

therefore **EVERY factual allegation in the Verified Complaint is deemed admitted as a matter of law**.

Her email is legally worthless — it is **NOT** a responsive pleading.

## B. Rule 12(a)(1): Defendants' 21-Day Clock Has Begun and Is Expiring

The clock begins upon:

- receipt of summons, **or**
- actual notice of the complaint.

She openly admitted both.

Rule 12(a)(1)(A) requires a written response WITHIN **21 days**.

Her email "rejection" is NOT:

- an answer,
- a motion,
- a defense,
- or a legally cognizable response.

Thus the clock runs regardless of her informal protestations.

## C. Rule 55(a): Conditions for Entry of Default Are Met

Fed. R. Civ. P. 55(a) mandates entry of default when a defendant:

"has failed to plead or otherwise defend."

Bailey has:

- failed to plead

VERIFIED) NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

- failed to defend

- failed to appear

- failed to answer

- failed to move

- and responded only with an informal email that has **ZERO legal effect**.

Actual notice + no pleading = **default conditions satisfied**.

## D. Her Written Admission Prevents ANY Future Argument of "Lack of Notice"

This **_VERIFIED_** NOTICE permanently forecloses Defendants from later asserting:

- lack of service

- defective summons

- incomplete complaint

- lack of notice

- excusable neglect

- surprise

- or inadvertence

Her email is a **confession of notice**, and once actual notice is admitted, courts treat ANY subsequent claim of improper service as **frivolous and sanctionable**.

See: _Chan v. Society Expeditions, Inc._, 39 F.3d 1398 (9th Cir. 1994).

## E. The Record Is Now Locked Against Them

This Notice:

- freezes the procedural posture,

- documents the confession of actual notice,

- evidences failure to respond, and

- establishes grounds for immediate default judgment in equity under Rules **8**, **12**, **55**, and **56**.

Defendants are out of time, out of compliance, and out of options.

# X. *VERIFIED* NOTICE TO THE COURT OF ACTUAL NOTICE, BAD-FAITH EVASION, AND SERVICE COMPLETION

Plaintiff, Injured Party In Fact, Secured Party, Executor, and Real Party In Interest files and serves this ***VERIFIED*** NOTICE to enter the following into the permanent federal record with legal finality:

1. **Actual notice has been fully established and admitted in writing by Defendant Bailey.**

   Her own email constitutes a binding admission of receipt, review, and acknowledgment of the summons, complaint, and filings.

2. **Any future attempt to raise a service objection is pre-neutralized as knowingly fraudulent.**

   Once a defendant confesses actual notice, all technical objections to service are legally dead. Her later claim of "defective summons" is already contradicted by the docket and her own written statements.

3. **Defendant's false statements are now evidence of willful misconduct.**

   Her unsworn accusations, false claims of "13 pages," and fabricated assertions regarding service constitute **bad-faith evasion**, **procedural obstruction**, and **Rule 11-triggering conduct**. This Notice documents her dishonesty for judicial scrutiny.

4. **The record is preserved for immediate Rule 55 default and Rule 56 summary judgment.**

   These admissions, coupled with Defendants' failure to plead or defend, satisfy every prerequisite for:

   ○ **Rule 8(b)(6)** deemed admissions
   ○ **Rule 55(a)** entry of default
   ○ **Rule 56** uncontested summary judgment in equity

5.  **All Rule 12(b)(5) or Rule 12(b) motions are preemptively barred as untimely and frivolous.**

    Once actual notice is admitted, and deadlines begin to run, Defendants cannot revive extinguished defenses. Any attempt to do so will constitute **sanctionable bad-faith litigation** and further evidence of obstruction.

6.  **The Court is formally advised that Defendants are willfully avoiding lawful federal process.**

    Defendant Bailey's conduct—informal email denials while refusing to file a single pleading—shows a deliberate attempt to evade jurisdiction while simultaneously acknowledging notice. This is **procedural gamesmanship**, not a legitimate defense.

7.  **Plaintiff has complied fully with all federal service obligations.**

    Plaintiff has executed service via:

    ○  Email (consented)

    ○  USPS Certified Mail and Return Receipt

    ○  Verified Proof of Service under 28 U.S.C. § 1746

    ○  The Clerk-Issued Summons

    ○  The formal docketed Complaint

8.  Compliance is complete. Nothing remains undone.

Accordingly, this VERIFIED NOTICE locks the procedural posture, eliminates any pretextual challenge, and confirms that Defendants stand in **active default**, with no valid defense remaining.

## XI. CONCLUSION

Defendant **Therese Bailey's** own written statements—created by her, sent by her, and preserved as Exhibit DD—constitute a definitive, binding admission of **actual notice**, **receipt of service**, and **engagement with the merits** of this action. Her claims of a "defective summons," "only receiving 13 pages," or any other alleged

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

irregularity are contradicted by the documentary record, disproven by her own words, and legally irrelevant under controlling federal authority.

Bailey has:

- acknowledged the lawsuit,

- acknowledged the filings,

- responded to the summons and complaint,

- attempted to dispute the merits,

- admitted actual notice, and

- failed to file **anything** on the docket that would preserve a Rule 12(b) defense.

Her informal email is **not** a motion, **not** a responsive pleading, and **not** a verified filing. It preserves nothing. Instead, it conclusively demonstrates (1) her actual notice of the action, (2) her voluntary submission to the lawsuit, and (3) her complete procedural waiver of all service-based defenses under **Rule 12(h)(1)**, **Rule 8(b)(6)**, and federal common law.

A defendant who acknowledges receipt of the summons and complaint and then engages the merits has **no legal basis** to later assert insufficient service, defective process, or lack of notice. Such arguments are foreclosed as a matter of law, and any attempt to raise them now would constitute bad-faith litigation conduct, further evidence of evasion, and grounds for sanctions under **Rule 11**, **28 U.S.C. § 1927**, and the court's inherent authority.

This ***VERIFIED*** NOTICE therefore establishes, as a matter of law and fact:

1. Service is complete.

2. Actual notice is undisputed.

3. All Rule 12(b)(2)–(5) defenses are permanently waived.

4. All objections to service, summons, venue, or process are extinguished.

VERIFIED NOTICE OF DEFENDANT THERESE BAILEY'S WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES

5.  Defendants stand in active **default posture** under Rules 8(b)(6), 12(h)(1), and 55(a).

The record is now sealed on this issue. Defendant Bailey's written admission, combined with her failure to file any verified response, has resolved the matter fully and finally. This Court may proceed on the basis of **established service**, **established notice**, and **established waiver**, without further delay or consideration of any future fabricated objections.

Equity and federal procedure now move forward. The Defendants cannot.

//

//

//

//

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, Kevin: of the Realworldfare Family (formally Kevin: of the Walker Family), a natural born living man, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith**.

Executed, signed, and sealed this 13th day of November in the year of Our Lord two thousand and twenty five, *without* the United States.

> **All rights reserved without prejudice and without recourse, UCC § 1-308, 3-402.**
>
> By: _Kevin: Realworldfare_
>
> **Kevin: Realworldfare**, Real Party In Interest,
> *Secured Party, Injured Party, Heir, Creditor*

VERIFIED NOTICE OF DEFENDANT THERESA BAILEYS WRITTEN ADMISSION AND CONFESSION OF ACTUAL NOTICE, RECEIPT OF SERVICE, BAD-FAITH STATEMENTS REGARDING SUMMONS AND DOCUMENTS IN AN ATTEMPT TO OBSTRUCT FEDERAL PROCESS AND EVADE FEDERAL ACCOUNTABILITY AND COMPLETE WAIVER AND EXTINCTION OF ALL SERVICE-BASED AND RULE 12(B) DEFENSES